UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **THANH VONG HOAI**, *et al.*,                )<br>                                                                )<br>            Plaintiffs,                                    )<br>                                                                )<br>    v.                                                         )<br>                                                                )<br>**SUPERIOR COURT OF THE**            )<br>**DISTRICT OF COLUMBIA**, *et al.*,    )<br>                                                                )<br>            Defendants.                                 )<br>                                                                ) | C.A. No. 06-0210 (RJL) |

**MOTION TO STRIKE THE AMENDED COMPLAINT**

Defendants, by and through their undersigned counsel and pursuant to Fed. R. Civ. P. 8 and Fed. R. Civ. P. 12(f), respectfully request that the Court strike the Amended Complaint filed in this matter. As explained more fully in the accompanying Memorandum of Points and Authorities, Plaintiffs' Amended Complaint, weighing in at sixty-seven pages and 294 paragraphs, violates Fed. R. Civ. P. 8(a) in that it is not a short and plain statement of the claims against Defendants and that, in its prolixity, it fails to give the Defendants fair notice of the claims against them.

Pursuant to LCvR 7(m), undersigned counsel contacted counsel for Plaintiffs by telephone to ascertain Plaintiffs' position on this Motion. Counsel for Plaintiffs declined to consent to the relief requested herein.

                                        Respectfully submitted,

                                        ROBERT J. SPAGNOLETTI
                                        Attorney General for the District of Columbia

                                        GEORGE C. VALENTINE
                                        Deputy Attorney General
                                        Civil Litigation Division

          /s/ *Nicole L. Lynch*
NICOLE L. LYNCH (471953)
Chief, Section II


          /s/ *Shana L. Frost*
SHANA L. FROST (458021)
Assistant Attorney General
441 4th Street, NW, 6th Floor South
Washington, DC 20001
(202) 724-6534
Fax: (202) 727-3625
shana.frost@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THANH VONG HOAI, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | C.A. No. 06-0210 (RJL) |
| v. ) | |
| ) | |
| SUPERIOR COURT OF THE ) | |
| DISTRICT OF COLUMBIA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' MOTION TO STRIKE THE AMENDED COMPLAINT**

*Introduction*

Plaintiffs originally filed a Complaint with this Court on February 6, 2006. The original Complaint named as Defendants the Superior Court of the District of Columbia; the District of Columbia Court of Appeals; the "Panel of Judges of the District of Columbia Court of Appeals;" Anne B. Wicks, in her official capacity as Executive Officer of the District of Columbia Courts; the "Board of Judges of the District of Columbia;" Chief Judge Rufus G. King, III; Chief Judge Eric T. Washington; and Judge Herbert B. Dixon, Jr. The original Complaint asserted seven counts against these Defendants, and included 173 paragraphs over 52 pages.

On June 16, 2006, Plaintiffs filed their First Amended Complaint. The Amended Complaint omits Chief Judge King and Ms. Wicks as Defendants, as well as two counts. Despite these omissions, the Amended Complaint is even longer at 67 pages and 297

paragraphs.[1] The vast majority of the Amended Complaint – 246 of the 297 paragraphs – is devoted to factual allegations dating back as far as 1986, which focus primarily on events involving a "would-be Vietnamese mafia" and activities of judges that no longer have any involvement in this case and are no longer active judges in the courts.

Plaintiffs' Amended Complaint is so replete with redundant, immaterial, and impertinent information that Defendants are unable to ascertain exactly what the real issues are and the relief that Plaintiffs seek. As such, it is impossible to discern the claims Plaintiffs attempt to state against them and the facts that are actually relevant to those claims. Defendants therefore respectfully request that the Court strike the Amended Complaint in its entirety.

*Argument*

Federal Rule of Civil Procedure 8(a) provides that "[a] pleading which sets forth a claim for relief . . . shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Additionally, "[e]ach averment of a pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8(e)(1). "Taken together, Rules 8(a) and 8(e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules." *Ciralsky v. Central Intelligence Agency,* 355 F.3d 661, 669 (D.C. Cir. 2004), citing *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 702 (3d Cir. 1996) (quoting 5 Wright & Miller § 1217, at 169 (2d ed. 1990)).

Rule 12(f) permits a Court to strike material from a pleading that is "redundant, immaterial, impertinent, or scandalous." Fed. R. Civ. P. 12(f). The decision to grant or

---

[1] Although Amended Complaint adds an additional 124 paragraphs, there was only a 15 page increase in the number of pages. This is likely due to the fact that Plaintiffs apparently have drafted their Amended Complaint in a 10.5 point font. Had Plaintiffs utilized the more-standard 12-point font, their Amended Complaint would contain significantly more pages.

deny a motion to strike a pleading is left to the sound discretion of the trial Court. *See, e.g. Ciralsky,* 355 F.3d at 669.

"The purpose of a pleading is to give an adverse party fair notice of the claim so as to permit the party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Hastings v. Department of Justice,* 223 F. Supp. 2d 196, 198 (D.D.C. 2002) (citations and internal quotations omitted). In this case, Plaintiff's Amended Complaint provides such an overwhelming amount of unnecessary factual detail that it is impossible for Defendants to ascertain exactly what facts are relevant to this case, what counts are applicable to which Defendant, and the relief Plaintiff seeks.

The first 246 paragraphs of the Amended Complaint set forth factual allegations that begin in 1986. The Amended Complaint also includes massive amounts of seemingly irrelevant and mundane editorial commentary.[2] Our Court of Appeals has recognized that "unnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage." *Ciralsky*, 355 F.3d at 669; *see also Ausherman v. Stump*, 643 F.2d 715, 716 (10th Cir. 1981) (finding a complaint to violate Rule 8(a) where it contained "a rambling narration of the discord that developed between [plaintiff] and his two business associates."). Defendants submit that Plaintiffs' Amended Complaint

---

[2] To offer just a few examples: "While in these straits the plaintiff Hoai happened to meet the plaintiff David Hemenway when Hoai's car had broken down by the side of the road and David Hemenway stopped to offer assistance." Am. Compl. ¶ 46; "The judge informed the parties that she had to go to a hairdresser's appointment, and that such appointments are difficult to get." Am. Compl. ¶ 84 (referring to a comment allegedly made at a hearing on August 28, *1986*). *See also* Am. Compl ¶¶ 43-72 (alleging in great detail the "mob-style tactics" of "would-be Vietnamese Mafiosi" and their attorneys).

subjects them to such a burden here as they are unable to discern which facts are actually relevant to this case.

The massiveness of the Amended Complaint is also not justified by the counts Plaintiffs actually assert. The Amended Complaint sets forth five counts, which Plaintiffs articulate as follows: "Count One: Enforcing the *Res Judicatae*, the Rulings of This Court and Enforcing the Plan of the Litigation;" "Count Two: Declaring Invalid the Law of the Case Rule Whereby Clearly Wrong and Manifestly Unjust Decisions Cannot Be Corrected and Resuming the Old Policy;" "Count Three: Declaratory and Injunctive Relief: The TRO That Never Came Into Being;" "Count Four: Violation of These Plaintiffs' Rights to Have Their Claims and Those Against Them Tried by a Jury Under the Seventh Amendment as a Violation of 42 U.S.C. § 1983;" and "Count Five: Violation of 42 U.S.C. § 1981: Purposeful Racial Discrimination." *See* Am. Compl.

These five claims simply do not justify the fifty pages of facts (in conspicuously small font) that precede them. *Cf. Ciralsky*, 355 F.3d at 670 (noting that the amended complaint that the trial court dismissed without prejudice contained a 43-page factual statement for 20 separate claims under nine statutory and constitutional provisions); *see also Witherspoon v. Philip Morris Inc.*, 964 F. Supp. 455, 468 (D.D.C. 1997) (striking paragraphs that "contribute[d] to pleading the causes of action, but [did] so while using unnecessary evidentiary information").

In addition to including facts that do not appear relevant to the claims in this case, Plaintiffs also allege facts pertaining to judicial officers that are not parties to this case.[3] This is clearly improper and unnecessary verbiage. *See Witherspoon*, 964 F. Supp. at 468

---

[3] These judges include Superior Court Judges Frederick Weisberg and Stephen Eilperin, U.S. District Court Judge Louis Oberdorfer, and Senior Court of Appeals Judge Annice Wagner (while Judge Wagner was a Superior Court judge prior to her appointment to the District of Columbia Court of Appeals).

4

("It is also inappropriate to refer solely to statements of other tobacco companies to show Plaintiff's entitlement to relief from the Defendant . . . All paragraphs that refer to tobacco companies without reference to Defendant should be stricken.").

In light of these deficiencies, Defendants ask that the Court strike and dismiss Plaintiffs' Amended Complaint in its entirety with leave to amend. *See Brown v. Califano*, 75 F.R.D. 497, 499 (D.D.C. 1977) ("Ordinarily, the remedy for noncompliance with Rule 8(a) is dismissal with leave to amend"). Where, as here, the Amended Complaint violates Rule 8(a)(2) and 8(e)(1) "such that a great deal of judicial energy would have to be devoted to eliminating the unnecessary matter and restructuring the pleading," the Court may strike the entire pleading and grant leave to Plaintiffs to replead. *Hardin v. American Elec. Power,* 188 F.R.D. 509, 511 (S.D. Ind. 1998), quoting *Hoffman-Dombrowski v. Arlington Int'l Racecourse, Inc.*, 11 F. Supp. 2d 1006, 1009 (N.D. Ill. 1998) and citing *In re Westinghouse Sec. Litig.,* 90 F.3d at 706 (affirming dismissal of complaint with prejudice for failing to comply with Rule 8), *Kuehl v. FDIC,* 8 F.3d 905, 908 (1st Cir. 1993) (noting district court's power to dismiss a case for failing to comply with Rule 8), *Nagel v. ADM Investor Servs., Inc.,* 995 F. Supp. 837, 846 (N.D. Ill. 1998) (dismissing case without prejudice for violating Rule 8). Defendants submit that such action is appropriate with respect to Plaintiffs' Amended Complaint.

    Respectfully submitted,

    ROBERT J. SPAGNOLETTI
    Attorney General for the District of Columbia

    GEORGE C. VALENTINE
    Deputy Attorney General
    Civil Litigation Division

5

      /s/ *Nicole L. Lynch*
NICOLE L. LYNCH (471953)
Chief, Section II


      /s/ *Shana L. Frost*
SHANA L. FROST (458021)
Assistant Attorney General
441 4th Street, NW, 6th Floor South
Washington, DC 20001
(202) 724-6534
Fax: (202) 727-3625
shana.frost@dc.gov

6