# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THANH VONG HOAI, *et al.* ) | |
|     Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.  1:06-cv- 00210-RJL |
| ) | |
| ) | |
| The SUPERIOR COURT of the ) | |
| DISTRICT of COLUMBIA, *et al.* ) | |
|     Defendants. ) | |

**OPPOSITION OF THE PLAINTIFFS TO THE DEFENDANTS' MOTION TO STRIKE**

Plaintiffs hereby oppose the motion of the defendants to strike their complaint for the reasons set out in the accompanying memorandum.

Respectfully submitted,

_____
Laurence A. Elgin #159582
Suite 900, South Building
601 Pennsylvania Avenue, NW
Washington, D. C. 20004-3615
TEL:   (202) 628-1114
FAX:   (202) 628-6798

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THANH VONG HOAI, *et al.* ) | |
|     Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:06-cv- 00210-RJL |
| ) | |
| ) | |
| The SUPERIOR COURT of the ) | |
| DISTRICT of COLUMBIA, *et al.* ) | |
|     Defendants. ) | |

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF TH OPPOSITION OF THE PLAINTIFFS TO THE DEFENDANTS' MOTION TO STRIKE

We begin by noting that it is always possible to reduce a complaint's length by consolidating specific allegations into more general ones. To illustrate the point we attach to this memorandum a potential amended complaint for the plaintiffs which reduces it from the 67 pages of which the defendants complain in making their motion to 58 and from the 297 paragraphs of which they complain to 242 by doing just that. This process could be carried on a lot further, of course. One could ultimately allege just a few salient generalities such as that the defendants have gone out of their way to ignore and not apply the rulings of this Court and, indeed, have actively undermined them.

The gravamen of the complaint is not all that difficult to grasp. For 20 years the defendants, starting with clearly wrong decisions, have implemented policies to avoid correcting those decisions at all costs, particularly as they might illustrate that the original judges stepped outside their proper role as judges altogether and later judges have sought to avoid having to correct their clearly mistaken decisions, even when they worked to manifest injustice. It is not all that hard to grasp, unless you don't want to. But then

that illustrates the point.  Before filing this motion, counsel for defendants called counsel for plaintiffs to talk of "settlement."  But when counsel for plaintiff said fine, let's get together and talk settlement the defendants had no interest in such a discussion.  The defendants' idea of "settlement" was that the plaintiffs drop their case and simply allow the defendants to continue down the same path that they have now been on for twenty years.

Judges, we were told, cannot be told what they can decide.  Thus, this Court can see plainly that the idea that its rulings have to be heeded is not only anathema to the defendants, but to their counsel as well.  It is deliciously ironic that the defendants, here in the District should display such denial about the Civil Rights laws as well.

RICO complaints, securities litigation complaints and many others are routinely longer than the present complaint and go forward.  This is a complex matter of 20 years in the making.  It can be boiled down to virtually any length, but at some point important parts of what has happened over those 20 years in the interactions of the courts and the parties will be lost when it shouldn't be.

Much of what is put forward in support of this motion is clearly inapplicable.  Other parts of it betray misunderstanding that is fundamental, leading to inapposite comparisons.  For example, we find the following passage:

> In addition to including facts that do not appear relevant to claims in this case, Plaintiffs also allege facts pertaining to judicial officers that are not parties to this case. [Here a footnote 3 states: These judges include Superior Court Judges Frederick Weisberg and Stephen Eilperin, U. S. District Judge Louis Oberdorfer, and Senior Court of Appeals Judge Annice Wagner (while Judge Wagner was a Superior Court judge prior to her appointment to the District of Columbia Court of Appeals).  This is clearly improper and unnecessary verbiage. *See Witherspoon*, 964 F. Supp. at 468 ("It is also inappropriate to refer solely to statements of other

>tobacco companies to show Plaintiff's entitlement to relief from the Defendant … All paragraphs that refer to tobacco companies without reference to the Defendant should be stricken.")  Brief, p.2

This is a truly astonishing comparison, and a wildly inaccurate and inappropriate one that confuses, in the well-worn phrase, apples and oranges.  In the case referred to it was pointed out that statements by other tobacco companies in a case against one tobacco company could not be used to create a sort of liability by association.  In the present case by contrast it is the heart of the matter that Judge Oberdorfer made rulings which defendants not only have refused to honor but have countered and undermined.  What are the plaintiffs to refer to him as, "A. Nonymous" perhaps, or a "Judge O?"  It is also at the heart of the plaintiffs' case that Judge Weisberg imposed upon the plaintiffs' litigation to split their claims which defendants not only then ignored, but undermined by letting Sun out of the case.  Judge Eilperin committed the act of giving the Superior Court's imprimatur as a judge to a private act which the United States Court of Appeals found to represent no independent "judicial" act and Judge Oberdorfer found to be an illegal act by Sun in violation of the Petroleum Marketing Practices Act with damages thereunder and other damages capable of being pursued for that same act as separate tort claims.  Judge Wagner created the whole mess in the first place by actions that went far beyond error to exceed judicial discretion and authority and it is part of the essence of plaintiffs' case that an improper policy violative of their federal rights has been used to avoid correcting those acts ever since.

One wonders if the Attorney General's office comprehends what related and unrelated mean.  The allegations concerning these judges are quite related unlike the guilt by association allegations in the case cited about tobacco companies.  This case is

precisely about the relationship between courts and judges and federal civil rights laws being violated by municipal judges. Those who were there recall a very similar attitude by municipal judges in another time and another place. Plaintiffs would be happy to whittle down the complaint as far as the Court would like, but at some point the reality that the defendants are susceptible to the rule of law, including honoring the rulings of this Court and obeying the Civil Rights law will have to be dealt with.

    Respectfully submitted,

_____
Laurence A. Elgin