# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

THANH VONG HOAI, *et al.*     )
         Plaintiffs,     )
                         )
v.                       ) CIVIL ACTION NO.  1:06-cv- 00210-RJL
                         )
                         )
The SUPERIOR COURT of the     )
DISTRICT of COLUMBIA, *et al.,*   )
         Defendants.     )

## SURREBUTTER
### TO THE REPLY OF THE DEFENDANTS

Having been accused of representing matters inaccurately, and for reasons of inaccuracies in the reply that has been filed by defendants, counsel surrebuts for the plaintiffs:

1.     It is inaccurate to say that there were or have been any settlement discussions between the parties.  Counsel for defendants contacted counsel for plaintiffs and said she wanted to talk about settlement.  When asked to get together to discuss settlement she declined to do so and instead asked counsel for plaintiffs to have plaintiffs dismiss this suit.  When she was told quite plainly that there was no interest in dropping the suit such as there was in talking about settling it, she said that plaintiffs "could not tell a judge how to decide."

2.     These  were not discussions of "settlement" in any meaningful sense of the term or as it is defined in any dictionary.  There is nothing whatsoever improper about revealing a pretext of settlement that was not meaningful or sincere.

3.     Counsel  for defendants accuses counsel for plaintiffs of being inaccurate. Counsel for plaintiffs, a member of the bar for over 35 years, resents this.  There were no negotiations and, therefore, no substance of any negotiations to reveal.  The representation to the contrary is not only inaccurate it is a misrepresentation.  It is unseemly to misuse the negotiations privilege in this way and betrays a lack of understanding of what settlement negotiations are and

what the privilege attaching to settlement discussions is and what it entails.

4.     This most recent brief by the defendants, like its predecessors, consists of conclusory allegations which are not and cannot be supported.  There are no "objective correlatives," in the famous phrase, to support the conclusions.  To illustrate their interest in getting to the merits, as opposed to these diversionary measures, plaintiffs put forth a shorter and tighter version of the complaint and expressed their willingness to shorten and tighten it further if it please the Court, but, if plaintiffs shorten and tighten further, then down the road let us not hear of "failure to state a claim" so that plaintiffs are compelled to reinsert material.  For example, we set out the manner, going back to opinions of Mr. Justice Holmes as early as 1922, in which the D. C. courts first adopted the "clearly wrong" or "works a manifest injustice," standard for the application of the law of the case doctrine of case management as a policy and then, unlike the federal courts of the District, abandoned that standard in their policy of case management..  We now propose to remove those allegations.   We ask the Court not to be surprised if the defendants persist in not bothering to examine that authority as set out in the presently operative complaint as the objective correlative of the policy change alleged and thus continue to duck the issue.

5.     Perhaps the inability to comprehend the gravamen of the complaint is willful and does not reflect a problem with the complaint so much as it does an unwillingness to comprehend such facts of life as that federal courts may enjoin municipal courts that seek to undermine their rulings and tell municipal judges who seek to undermine such rulings what they may or may not decide in that regard.  This complaint is within all three of the well known exceptions that allow injunctions against courts such as the defendant courts to tell them what they can or cannot decide.

6.     For years plaintiffs' counsel has used Microsoft Word 11 point type for certain filings in courts that permit it, and before that Xywrite 11 point.  There is no relevance to this obsession with the point size of type.

7.     Plaintiffs reemphasize that they are perfectly willing to shorten and tighten the

complaint to please the Court but do wish not to play diversionary games.  If the Court wants a shorter and tighter complaint, it can let the plaintiffs know; they will be happy to provide one. But there is no indication so far that the defendants are willing to examine a complaint thoroughly and examine the actual issues as opposed to making an effort not to comprehend it and the issues it raises.


Respectfully submitted,

/s/

Laurence A. Elgin   Bar No. 159583
Counsel for Plaintiffs
Suite 900 South Building
601 Pennsylvania Ave., NW
Washington DC  20004-3615
(202) 628-1114
(202) 628-6798