# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

THANH VONG HOAI, *et al.*               )
            Plaintiffs,               )
                      )
v.                                      ) CIVIL ACTION NO.  1:06-cv- 00210-RJL
                      )
                      )
The SUPERIOR COURT of the               )
DISTRICT of COLUMBIA, *et al.*,          )
            Defendants.               )

## PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER

Laurence A. Elgin          Bar # 159582
Suite 900 South Building
601 Pennsylvania Avenue, NW
Washington, DC 20004-3615
(202) 628-1114
(202) 628-6798 - fax

RECEIVED

JUL 2 5 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

# TABLE OF CONTENTS

TABLE OF CONTENTS ..................................................................... i

TABLE OF AUTHORITIES ................................................................ ii

TABLE OF ATTACHMENTS .............................................................. iv

PLAINTIFFS' MOTION FOR A
TEMPORARY RESTRAINING ORDER ................................................... 1

PLAINTIFFS' MEMORANDUM IN SUPPORT
OF THEIR MOTION FOR A TEMPORARY
RESTRAINING ORDER ......................................................................... 7

INTRODUCTION: THE FIRST PRECLUDED
ISSUE TO BE ENJOINED: A CLEAR CHANCE
OF SUCCESS ON THE MERITS: BALANCE OF EQUITIES ................. 7

THE ISSUE OF HOAI'S OWNERSHIP OF THE
SUN FRANCHISE WAS LITIGATED IN THIS COURT ....................... 10

THE ISSUE OF VO POSSIBLY OWNING THE
FRANCHISE WAS DECIDED ................................................................ 13

THE APPLICATION OF THE OWNERSHIP RULING
OF THIS COURT WOULD ELIMINATE THE COMPLAINT
AGAINST THESE DEFENDANTS STILL PENDING
IN THE SUPERIOR COURT ................................................................... 14

IRREPARABLE HARM ......................................................................... 16

THE CLAIM SPLITTING ISSUE ........................................................... 18

JUDGE OBERDORFER'S RULING ON SEPARATE
CLAIMS IGNORED AND UNDERMINED; JUDGE
WEISBERG'S RESERVATION OF THE RIGHT TO
PURSUE NON-FEDERAL CLAIMS BACK IN THE
SUPERIOR COURT ALSO IGNORED AND UNDERMINED;
THESE PLAINTIFFS SANDBAGGED ...................................................... 23

# TABLE OF AUTHORITIES

<u>CASES</u>

*American Art International, Inc. v. American Enterprises, Ltd.,*
48 F.3d 576, 586 (1st Circ. 1995) ............................................................. 19

*Central States, Southeast and Southwest Areas*
*Pension Fund v. Hunt Truck Lines, Inc.*, 296 F.3d 624, 629 ............................... 19

\*   *Chick Kam Choo v. Exxon Corp.*, (1988) 486
U.S. 140, 100 L.Ed.2d 127, 108 S.Ct. 1684 ........................................... 9

\*   *Commerce Oil Refining Corp. v. Miner,*
303 F.2d 125 (1st Circ. RI 1962) ..................................................... 9, 17

*Helene Curtis Industries, Inc. v. Sales Affiliates, Inc.*,
247 F.2d 940 (2nd Circ. 1957) ..................................................... 17

\*   *Hoai v. Sun Refining*
*and Marketing Company, Inc.* 866 F.2d 1515, 275 U.S.App.D.C.
397 (D. C. Circ. 1989).  ............................................................. 13

\*   *Hoai v. Sun Refining and Marketing, Inc.*, CA No. 87 - 2456 LFO
Memorandum Opinion, Oct. 1, 1990 Lexis-Nexis 1990 U. S. Dist.
LEXIS 13015  ..................................................................... 13

\*   *Hoai v. Sun Refining and Marketing, Inc.*, CA No. 87 - 2456 LFO
Memorandum Opinion, May 1, 1991,
Lexis – Nexis at 1991 U. S. Dist. 5977  ......................................... 20,29

*Hoai v. Sun Refining and Marketing, Inc.* CA No. 87-2456
LFO..................................................................................ad seriatim

*In re Prudential Ins. Co. Sales Practices Litigation,*
314 F.3d 99, 104 (3rd Circ. 2002) ................................................ 21

*In the Matter of Energy Cooperative, Inc.,*
814 F.2d 1226, 1233 – 1234 (7th Circ. 1987) ..................................... 19

\*   *Kaempfer v. Brown*, 684 F.Supp. 319, 323 – 334
(D.D.C. 1988). ..................................................................... 16, 28

*King v. Provident Life and accident Insurance Co.,*
23 F.3d 926 (5th Circ. 1994) ..................................................................... 19

\*   *Montana v. United States*, 440 U.S. 147, 1
53, 99 S.Ct. 970, 50 L.Ed.2d 210 (1979) ............................... 10

\*   *Parsons Steel, Inc. v. First Alabama Bank,*
474 U.S. 518, 88 L.Ed.2d 877, 106 S. Ct. 768 (1986) ........................... 16, 25, 29

\*   *Smith v. Woosley*, 399 F.3d 428, 434 (2nd Circ. 2005). ........................................... 8

\*   *Sperry Rand Corp. v. Rothlein*, 288 F.2d 245,
4 FR Serv 2d 472 (2d Circ. Conn. 1961). ............................... 10, 16, 17

*Vines v. University of Louisiana at Monroe,*
398 F.3d 700, 712 (5th Circ. 2005) ........................................ 19

## STATUTES

Petroleum Marketing Practices Act, 15 U.S.C. § 2801 *et seq.*
(PMPA) ................................................................................     ad seriatim

Anti-Injunction Act, 28 USCS § 2283 ............................... 2, 8

42 U.S.C. § 1983 ....................................................................     8

Full Faith and Credit Act, 28 U.S.C. § 1738 ........................... 16

42 U.S.C. § 1983 ...................................................................... 31

42 U.S.C. § 1981 ..................................................................     31

## TREATISES

Restatement (Second) of Judgments § 26(b)(1) ....................................... 19, 25

18 CHARLES A. WRIGHT ET AL., FEDERAL PRACTICE & PROCEDURE § 4413 (1981).

# TABLE OF ATTACHMENTS

Attachment A:  Sun Answer to Complaint
U.S. District Court, Oct 19, 1987 .......................................................... 12

Attachment B:  Attorney Wagner Affidavit, Dec 8, 1987 ................................... 12

Attachment C:  Sun Memorandum in Support of its
Motion to Dismiss ................................................................................. 12

Attachment D:  Memorandum Opinion, Judge Oberdorfer,
October 1, 1990 .................................................................................... 13

Attachment E:    Original Complaint, Vo v. Hoai, Superior Court  ...........................
     14

Attachment F:  Amended Complaint, Vo v. Hoai, Superior Court .......................... 14

Attachment G, Parts I through V ............................................................. 15

Attachment H:  Judge Oberdorfer Memorandum Opinion,
May 1, 1991, Lexis – Nexis at 1991 U. S. Dist. 5977 ............................................ 20,29

Attachment I:  Sun motion for dismissal, Superior Court ........................................ 24

Attachment J:  Order, Judge Dixon, dismissing Sun from
Superior Court case ................................................................................. 24

Attachment K:  ~~Plaintiffs~~ Defendants brief, post dismissal order re Sun .................................... 25

Attachment L:  Judge Dixon Order, Status Conference ........................................... 30

Attachment M:  Judge Dixon Order, Show Cause .................................................... 31

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THANH VONG HOAI, *et al.* <br> Plaintiffs, | ) <br> ) <br> ) |
| v. | ) CIVIL ACTION NO. 1:06-cv- 00210-RJL <br> ) <br> ) |
| The SUPERIOR COURT of the <br> DISTRICT of COLUMBIA, *et al.,* <br> Defendants. | ) <br> ) <br> ) |

### PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER

In the recent exchange between counsel leading up to the defendants filing a rule 8 motion to strike the plaintiffs' complaint, counsel for the defendants revealed to counsel for the plaintiffs that immediately prior to the filing of the complaint in this case the defendant the Honorable Herbert B. Dixon, Jr. was about to issue an order in the Superior Court case in which the present plaintiffs in this case are defendants, counterclaimants and third-party plaintiffs, and that in that order and opinion which the defendant the Honorable Herbert B. Dixon, Jr. was about to issue the Honorable Herbert B. Dixon, Jr. would be addressing issues raised by these plaintiffs in the Superior Court litigation. What these issues were and how they might be resolved or what even would be decided, counsel for defendants did not say.

As earlier in the Superior Court litigation at issue, after the present plaintiff Thanh Vong Hoai had prevailed in his action against Sun Refining and Marketing, Inc. (Sun) in this Court under the Petroleum Marketing Practices Act, 15 U.S.C. § 2801 *et seq.* (PMPA) (*Hoai v. Sun Refining and Marketing, Inc.* CA No. 87-2456 LFO) the defendant Herbert B. Dixon, Jr., conspicuously refused to apply the rulings by this Court and the

United States Court of Appeals to the subject litigation in the Superior Court, these plaintiffs are quite reasonably apprehensive that he would do so again, and this time in such manner as to cause irreparable harm to these plaintiffs by putting his attempts to allow relitigation of the issues decided by this Court beyond the reach of the injunctive relief to which these plaintiffs are entitled as a specific exception to the Anti-Injunction Act's general ban on injunctions set out in that Act, 28 U.S.C. § 2283, and which they seek in this litigation. Earlier in that litigation in the defendant Superior Court the defendant the Honorable Herbert B. Dixon, Jr. not only refused to apply the rulings of this Court and preclude issues already litigated, he instead applied inapplicable concepts so as to allow relitigation of those issues. In doing so he also violated the plan of the subject litigation imposed upon it by the defendant Superior Court itself through another judge under which plan these plaintiffs have reserved to them and have the right to pursue their claims in the Superior Court that were not split out and pursued in this Court in litigation here that has long since been concluded.

These plaintiffs believe that were such an order and opinion to be issued again by the defendant Herbert B. Dixon, Jr., and such an order could be issued at any moment, it might well and likely would deprive them of their right to an injunction and create needless relitigation of issues already decided by this Court and, in so doing, create irreparable harm to these plaintiffs by preventing them from obtaining the injunctive relief to which they are entitled and which they seek in this present suit. Therefore, these plaintiffs request that a Temporary Restraining Order (TRO) be issued by this Court restraining the defendant the Honorable Herbert B. Dixon, Jr., or any defendant, from issuing any order or opinion unless it be in conformity and pursuant to rulings of this

Court already rendered which involve any of the present plaintiffs and that that TRO be followed by preliminary and then permanent injunctions under the relitigation exception to the Anti-Injunction Statute, 28 U.S.C. § 2283. Plaintiffs seek to enjoin the defendants from any violations by way of relitigation of issues decided, and, therefore, precluded, by this Court and to apply the rulings of this Court and to undo interlocutory orders issued that violate those rulings that are clearly wrong and that do attempt to relitigate issues already decided in this Court. Those decisions were made, plaintiffs contend, without addressing and deciding issues of *res judicata* and collateral estoppel actually raised by rulings of this Court. Further, these plaintiffs request that this Court compel the defendants, and the defendant the Honorable Herbert B. Dixon, Jr., in particular, to adhere to the plan of the overall litigation in question to split the claims in it between the defendant courts and this Court as an exception to the normal rule about not splitting claims. That plan to split the litigation in question was, after all, imposed upon the litigation by the defendant Superior Court itself and taken notice of by the United States Court of Appeals for this Circuit. The rights that that plan reserved to these plaintiffs to pursue non-federal claims in the defendant Superior Court have been put in jeopardy.

These issues that were decided in this Court and, thus, are now precluded from relitigation in the defendant municipal courts of the District of Columbia include the question of the ownership of the Sun gas station franchise owned at that time by the present plaintiff Thanh Vong Hoai which ownership was drawn into question at the outset of the Superior Court litigation in question. They also include the question of whether the present plaintiff Thanh Vong Hoai, and, by extension, the other two present plaintiffs in this case, all three of them as defendants, counterclaimants and third-party

3

plaintiffs in the Superior Court case, would be able to pursue their counter and third-party claims in the defendant Superior Court (and the defendant D. C. Court of Appeals as necessary) in the separate counts that were pending there.    When the Honorable Frederick H. Weisberg of the Superior Court compelled these plaintiffs to come to this Court and litigate their federal claims here the Honorable Louis F. Oberdorfer ruled that the present plaintiff Thanh Vong Hoai could make separate claims for non-federal torts. At that time the present plaintiff Hoai and the other two present plaintiffs already had such claims pending in the Superior Court, where they were stayed while they pursued their federal claims in this Court.    The right had been reserved to them that after their claims in this Court were pursued to a conclusion, that they could return to the Superior Court and finish pursuing their remaining, non-federal claims there.

These plaintiffs followed the plan imposed upon them by the Superior Court judge the Honorable Frederick H. Weisberg.    They sought and obtained a stay of the Superior Court litigation pending the outcome of their claims in this Court.    They pursued their claims in this Court, one suit, by all three present plaintiffs, not succeeding, and the other, by the present plaintiff Thanh Vong Hoai, succeeding, but with limited damages.    Then, when they returned to the Superior Court and obtained a lifting of the stay there, they were not allowed to pursue their claims there, particularly against the third-party defendant Sun as the Honorable Frederick H. Weisberg had promised them they would be able to do.    Instead, the defendant the Honorable Herbert B. Dixon, hastened in an unseemly fashion to let the third-party defendant Sun out of the case, ignoring the plan of Judge Weisberg altogether, breaking the promise and reservation of rights from Judge Weisberg despite being urged not to do so by these plaintiffs.    These

4

plaintiffs were thereby "sandbagged" and have been blocked from pursuing the claims reserved to them by Judge Weisberg in a manner that was taken note of by the United States Court of Appeals for this circuit.

It was as if Sun were too important to be allowed to be pursued for its collusion with Vietnamese thugs whom its officials knew had threatened such things as "breaking [the] legs" of their own dealer against the interest of their own dealer and franchisee. It is the threat of the repetition of these rulings in an irreparable fashion as set out in detail in the accompanying memorandum of points and authorities in support of this motion that compels the filing of this motion. Rather than allow a mere Vietnamese to be vindicated against a thwarted would-be mafia of his ethnic countrymen, when an influential U. S. oil company had knowingly joined forces with such people to participate in tortious acts against these plaintiffs, it was the decision of the defendant the Honorable Herbert B. Dixon, Jr., to let the powerful, non-Vietnamese oil company, as part of the American establishment, off the hook, and leave the Vietnamese to squabble among themselves without the benefit of a court system

In enacting the Petroleum Marketing Practices Act (15 U.S.C. § 2801 *et seq.)* Congress specifically recognized the unequal bargaining power between oil companies and their dealers. It is a fact of life. It is entirely inappropriate to add to that inequality of power by perceiving an establishment oil company as being free to cooperate with thugs and harm its dealer as a result and not be held responsible for knowingly joining in such an effort that entailed threats of violence and even death, particularly when the act by which it did so has already been held to be a violation of federal law. .

The details supporting this request are given in the accompanying Memorandum

of Points and Authorities in support of this motion.

Respectfully submitted,

/s/

Laurence A. Elgin        Bar # 159582
Suite 900 South Building
601 Pennsylvania Avenue, NW
Washington, DC 20004-3615
(202) 628-1114
(202) 628-6798 - fax

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

THANH VONG HOAI, *et al.*  )
        Plaintiffs,  )
          )
v.  ) CIVIL ACTION NO.  1:06-cv- 00210-RJL
          )
          )
The SUPERIOR COURT of the  )
DISTRICT of COLUMBIA, *et al.,*  )
        Defendants.  )

## PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR MOTION FOR A TEMPORARY RESTRAINING ORDER

### INTRODUCTION: THE FIRST PRECLUDED ISSUE TO BE ENJOINED: A CLEAR CHANCE OF SUCCESS ON THE MERITS: BALANCE OF EQUITIES

These plaintiffs seek a Temporary Restraining Order and preliminary injunctive relief with regard to preventing the relitigation of two rulings of this Court which were issued when the present plaintiff Thanh Vong Hoai (Hoai) sued Sun Refining and Marketing Company, Inc. (Sun) in this Court under the Petroleum Marketing Practices Act. (PMPA) 15 U.S.C. § 2801 *et seq.* The first of these rulings concerned the issue of ownership of what was then a Sun gas station and franchise on Pennsylvania Avenue, SE, in the District of Columbia. If enforced upon the defendants, the ruling upon this issue of the ownership of the Sun franchise which was made in this Court in that PMPA action would preclude an enormous amount of relitigation in the defendant Superior Court of the District of Columbia and likely in the defendant District of Columbia Court of Appeals as well. For, if not enjoined as requested herein, that subject litigation in the D. C. municipal courts would otherwise be subject to a *res judicata* defense by these present

plaintiffs as defendants in the subject litigation in that court which they would have to assert based upon the ruling in this Court of which we speak. It is the right of plaintiffs such as the present plaintiffs to obtain an injunction under the "relitigation" exception set out in the Anti-Injunction Act, 28 U.S.C. § 2283, rather than have to use a *res judicata* defense in the state or, in this case, municipal court. As one federal court of appeals has recently put it: "... the relitigation exception permits a preemptive strike that avoids the need to assert prior adjudication defenses in a state court when faced with claims that have already been rejected in a federal court." *Smith v. Woosley*, 399 F.3d 428, 434 (2nd Circ. 2005). In seeking the present injunctive relief these plaintiffs exercise that preemptive strike option to which they are entitled with regard to this first ruling.

The subject D. C. Superior Court litigation is now under the supervision of the defendant the Honorable Herbert B. Dixon, Jr. These plaintiffs, as defendants in that subject D. C. Superior Court litigation are entitled to preemptively have the ruling that Hoai owned the Sun franchise that was handed down in this Court in the Hoai PMPA against Sun in this Court applied so as to not have to have to raise the defense of *res judicata* in the defendant courts and not to have to relitigate that issue. The issue of the ownership of the Sun franchise was conclusively decided in the aforesaid PMPA litigation in this Court upon a summary judgment motion on liability which was made by the present plaintiff Hoai. That summary judgment was merged into the final judgment in the PMPA case in this Court after the issue of the damages was tried to a jury and damages were awarded to Hoai. These plaintiffs also assert that the injunction that they seek is necessary to effectuate this Court's judgment, another specific exception in the Anti-Injunction Act and they sue as well under 42 U.S.C. § 1983, a third exception.

8

The application of the ruling in this Court that the Sun franchise belonged to the present plaintiff Thanh Vong Hoai would eliminate the still pending complaint against these present plaintiffs as defendants in the subject litigation pending in the defendant Superior Court for these 20 years. In eliminating that complaint, which was based almost in its entirety on the claim that the Sun franchise was not owned by Hoai, these present plaintiffs would be left with their counter and third-party claims which have been blocked, suppressed and avoided for almost the same amount of time. It would allow them, finally, to pursue their counter and third-party claims over the resistance that the defendants have now exhibited for those 20 years in a continuing series of violations of the rights of these plaintiffs to seek to redress their grievances under the First Amendment, to have the due process to which they are entitled under the Fifth Amendment, to have issues so triable tried by a Jury under the Seventh Amendment and to have the present plaintiff Hoai, as a member of an ethnic minority, be treated equally under the Constitution and federal laws with all other Americans in being able to use the courts to defeat a would-be ethnic mafia and be treated equally with a non-Vietnamese, member of the establishment, a large powerful major oil company. It has now become evident that the establishment as represented by that company and its representatives and the defendants does not want to "see" the claims of the present plaintiff Thanh Vong Hoai against a member of the establishment, nor of those who sought to assist him as a beleaguered member of such an ethnic group.

The relitigation exception to the Anti-Injunction Act, with which this TRO request is primarily concerned, is well established. *Chick Kam Choo v. Exxon Corp.*, (1988) 486 U.S. 140, 100 L.Ed.2d 127, 108 S.Ct. 1684; *Commerce Oil Refining Corp. v.*

*Miner*, 303 F.2d 125 (1st Circ. RI 1962); *Sperry Rand Corp. v. Rothlein*, 288 F.2d 245, 4 FR Serv 2d 472 (2d Circ. Conn. 1961). We show in this memorandum that the issue of who owned the Sun franchise on Pennsylvania Avenue, SE was litigated and decided in this Court and that, therefore, these plaintiffs are clearly likely to succeed in obtaining the permanent injunction that they seek to enjoin any relitigation of that issue. Further, the present defendants will suffer no harm in any meaningful sense of that term from having to do that which the clear exception language of the Anti-Injunction Act, 28 U.S.C. § 2283 requires them to do. There are no equities favoring the defendants, whose job it is to uphold the law. The case law and the statute demonstrate a public policy favoring the present plaintiffs. The issue of ownership was put in issue and decided, and so is binding not only upon parties but also upon their privies. *Montana v. United States*, 440 U.S. 147, 153, 99 S.Ct. 970, 50 L.Ed.2d 210 (1979).

### THE ISSUE OF HOAI'S OWNERSHIP OF THE SUN FRANCHISE WAS LITIGATED IN THIS COURT

The PMPA empowers gas station franchisees, and such franchisees alone, to sue franchisors of gas stations for such things as improper termination of a franchise or the improper failure to renew a franchise. 15 U.S.C. § 2805 (a) In the case of the PMPA suit which the present plaintiff Thanh Vong Hoai filed and won against Sun in this Court, this Court held that Sun illegally terminated a franchise belonging to Hoai. Since the franchise belonged to Hoai when it was illegally terminated by Sun according to the decision in this Court and since the issue of to whom it belonged was fully litigated in this Court in Hoai's PMPA suit against Sun it can not have belonged to someone other than Hoai. Yet when Hoai had concluded his PMPA case against Sun in this Court, including all appeals and all of the fee litigation under the fee-shifting provisions of the

PMPA and when, thereafter, Hoai and the other two present plaintiffs moved successfully to lift the stay that had been imposed meanwhile in the Superior Court, the Superior Court judges refused to apply the issue preclusion thus obtained in this Court to the Superior Court litigation.   Thus plaintiffs ask this Court to enjoin the defendants to enforce its ruling on this issue and to cease allowing the attempted relitigation of it.   At this point that attempted relitigation is simply a complaint that has not progressed much beyond just being a complaint, despite the length of time it has been pending.

The issue of who owned the Sun franchise in question was litigated and decided in the PMPA case that Hoai successfully pursued against Sun in this Court while, at the instance of a judge of the defendant Superior Court, all action in the defendant courts was stayed so that these plaintiffs might pursue their federal claims in this Court as separated out from the subject litigation in the D. C. Superior Court.   In particular the issue of whether the Sun franchise in question, on Pennsylvania Avenue SE, belonged to Thanh Van Vo, the plaintiff in the subject Superior Court litigation as opposed to belonging to Thanh Van Hoai, one of the present plaintiffs who was the plaintiff in the successful PMPA action against Sun and a defendant and counter and third-party plaintiff in the subject Superior Court litigation, was litigated and decided in the PMPA case of Hoai against Sun.   *Thanh Vong Hoai v. Sun Refining and Marketing Company, Inc.*   CA No. 87 – 2456   Setting out the essence of how that issue was litigated and decided in the Hoai v. Sun PMPA case will show these plaintiffs' likelihood of success on the merits in their request for an injunction against the defendants to preclude the relitigation of this issue of the plaintiff Hoai's owning the Sun franchise in question on Pennsylvania Avenue SE.

The issue was litigated from the outset in the PMPA case that Hoai brought

against Sun because Sun raised it as an issue based on privity it claimed between itself and Vo in its answer. Sun's answer, filed with a certificate of service of October 19, 1987, is attached hereto as Attachment A. At paragraph number 37 at page 5 of this answer, continuing on to page 6, Sun acknowledges that it "ratified" an Agreement for Sale of the Sun franchise from the present plaintiff Thanh Vong Hoai to the plaintiff in the litigation in question in the Superior Court, Thanh Van Vo (Vo). Further, in its "FOURTH AFFIRMATIVE DEFENSE" on page 8 of Attachment A Sun reiterates this acknowledgment of privity between itself in Vo when it asserts an "accord and satisfaction" between the present plaintiff Hoai and Vo which it "ratified."

About a month and a half later, Sun filed in the case, which was still in its early stages, an affidavit, sworn to on December 8, 1987, from one of its in-house attorneys, by the name of Jeffrey W. Wagner, in which it set out explicitly its relationship of privity with Thanh Van Vo. Attachment B. Attorney Wagner swore under oath that Vo was Sun's franchisee. Paragraphs 3, 4 and 7 of Attachment B. This was not only sworn to by attorney Wagner; it was approved by another of Sun's in-house counsel, who was Mr. Wagner's supervisor, Joseph D. Zulli, Esquire. Paragraphs 6 and 7 of Attachment B.

See Sun's memorandum in the same PMPA case in support of its unsuccessful motion to dismiss the case. Attachment C. This memorandum asserts Sun's privity with Vo. Sun argues that the franchise belonged to Vo, referring to the possession of the franchise by Vo as the "status quo ante" in connection with the proceedings in the Superior Court. Thus Sun was in privity with Vo and litigated the issue of whether the franchise in question belonged to Hoai or Vo and lost on that issue.

**THE ISSUE OF VO POSSIBLY OWNING THE FRANCHISE WAS DECIDED**

The issue of Vo's possibly owning the franchise was not only litigated it was decided in this Court. That occurred when Hoai won summary judgment against Sun on the issue of liability. Initially Judge Oberdorfer stayed the case on motion by Sun to dismiss. That stay was reversed on an interlocutory appeal by Hoai. *Hoai v. Sun Refining and Marketing Company, Inc.* 866 F.2d 1515, 275 U.S.App.D.C. 397 (D. C. Circ. 1989). (Opinion by Edwards, J.) Upon remand Hoai moved for summary judgment on the issue of liability. Judge Oberdorfer invited a cross motion for summary judgment from Sun, which was filed. He then granted Hoai's motion for summary judgment and denied Sun's. He granted Hoai the summary judgment on liability in a Memorandum Opinion on October 1, 1990. The opinion is available on Lexis-Nexis 1990 U. S. Dist. LEXIS 13015. Attachment D for the Court's convenience.

It is significant to note that in the opinion that reversed Judge Oberdorfer's stay of Hoai's PMPA case against Sun, it was pointed out that the consent order referred to in Attachment B, the affidavit from the Sun in-house counsel, was not an independent judgment of a court at all but a Superior Court's ratification of a private agreement that did not in any way involve or purport to involve or affect Hoai by its language. *Id.* 866 F. 2d at 1519. Judge Oberdorfer's opinion of October 1, 1990, granting summary judgment to Hoai on the issue of liability focused upon this private consent agreement and found it to be an illegal termination of Hoai's franchise by Sun. See the October 1, 1990 opinion at pp. 6-7. Since Judge Oberdorfer held that the September 8, 1986 Consent Order agreement between Vo and Sun illegally terminated the franchise of Hoai in violation of the PMPA, before that date, by necessary implication, the franchise cannot have belonged to Vo. Therefore, the issue of the franchise's possibly having belonged to Vo

rather than Hoai has been decided. It is an issue that is now precluded from relitigation unless the defendants, particularly the defendant the Honorable Judge Herbert B. Dixon, Jr. continue to ignore and seek to undermine the ruling of this Court as they have in the past.

### THE APPLICATION OF THE OWNERSHIP RULING OF THIS COURT WOULD ELIMINATE THE COMPLAINT AGAINST THESE DEFENDANTS STILL PENDING IN THE SUPERIOR COURT

The immediate and striking result of applying the ruling in this Court that the franchise in question belonged to the present plaintiff Hoai and not to Vo prior to Sun's illegal termination of Hoai's franchise on September 8, 1986, is that the preemptive complaint by Vo in the Superior Court of the District of Columbia that made all three of these present plaintiffs defendants in that cause of action is premised almost entirely, if not entirely, on the assertion that the franchise belonged to Vo and not Hoai. We attach a copy of both the original and amended complaint as Attachments E and F. As this Court made clear, the PMPA empowers measures that bar Vo's complaint and, as Judge Oberdofer also made clear, it is conspicuous that the judges of the Superior Court, particularly the TRO judge, ignored the PMPA. Had they not ignored the PMPA and also the local statutory law regulating service station franchises, it is unlikely that the complaint of Vo against these present plaintiffs would have survived for more than a month or two rather than being still in place twenty (20) years later.

As can be seen, this complaint, in both of its versions, is based upon the claim that the franchise belonged to Vo. Judge Oberdorfer, following the opinion by Judge Edwards in *Hoai v. Sun, supra*, held that the franchise belonged to Hoai and was illegally terminated against Hoai by Sun. Since this Court has determined that that is not the case,

the Vo complaint, based upon claims that Vo owned the franchise rather than Hoai, should be dismissed. These same plaintiffs, after this Court had made the ruling about the ownership of the franchise, sought to have this complaint of Vo's in the Superior Court dismissed when proceedings in the Superior Court began anew believing that finally, the law which this Court applied and the defendants have ignored and avoided all these years, might finally be upheld. We attach as Attachment G Parts I through V, excerpts of that comprehensive motion. (We have not included the voluminous attachments as part of this TRO request in order to economize on what the Court has to read and digest. They are not essential for this limited purpose.) See, in the opening summary of this fairly long memorandum pp. 3 – 8 (Att G, Parts I and II) and, in the main body of its text, pp. 19-43 (Att G, Parts II - V). The summary itself is prefaced by one paragraph bulleted reductions of the contentions of the brief. The first four of these one paragraph summaries, on page 1 of the memorandum, set out in unmistakable language the collateral estoppel established when this Court decided, in Hoai's PMPA case against Sun, that the gas station franchise in question belonged to Hoai until it was illegally terminated by Sun and, therefore, <u>can never have belonged to Vo.</u>

This motion and memorandum have been ignored ever since the motion was filed and fully briefed. Not a single defendant to this present action has ever examined before the filing of this suit whether or not such a collateral estoppel barring the relitigation of the issue of the Sun franchise having belonged to Hoai at all pertinent times until it was illegally terminated by Sun and transferred to Vo by the collusive, private, illegal act between them. Within the last year these same plaintiffs and their counsel were invited to examine the files of this case in the chambers of the defendant Dixon and they did so.

There they found that this motion with all its attachments was neither complete nor in coherent order. Parts of it were scattered through the file of the case. It did not appear that anyone had actually examined it as a whole. At least the parts of it that were scattered through the files of the case did not bear any marks or notations as some of the other papers in the file of the case did at the time that these present plaintiffs examined the files in the Defendant Dixon's chambers.

## IRREPARABLE HARM

In *Parsons Steel, Inc. v. First Alabama Bank*, 474 U.S. 518, 88 L.Ed.2d 877, 106 S. Ct. 768 (1986) the Supreme Court indicated that if a state or municipal court actually addresses and decides against a *res judicata* defense, then the Full Faith and Credit Act, 28 U.S.C. § 1738, forbids a collateral attack by injunction from a federal court such as this one. Once issue preclusion or collateral estoppel is asserted unsuccessfully, provided the assertion of it is clear and specific and it is considered squarely and the preclusion or estoppel is denied then the federal injunction is no longer available. This Court has held the same. *Kaempfer v. Brown*, 684 F.Supp. 319, 323 – 334 (D.D.C. 1988). We have already stated that the counsel for the defendants has indicated that the defendant the Honorable Herbert B. Dixon, Jr., is ready at any moment to issue an opinion. Plaintiffs do not know what this opinion concerns. But if it should address and reject the plaintiffs' plea of issue preclusion and *res judicata* the present plaintiffs' opportunity for an injunction from this Court would be lost. Their right to preemptively obtain an injunction would be lost. As pointed out in *Smith v. Woosley, supra*, 399 F.3d 428, 434 the right to preempt the need to have to assert a *res judicata* defense is what the specific relitigation exception contained in the Anti-Injunction confers. Given the defendants'

track record of which they complain, the plaintiffs would, therefore, suffer irreparable harm. As we shall show, the defendant the Honorable Herbert B. Dixon has already shown that he will ignore the issue preclusion claims of these plaintiffs and, in fact, without addressing them at all, will take actions that undermine them. That is particularly the case with regard to the next issue we take up, the issue of these plaintiffs having split their claims, which they were compelled to do by a judge of the Defendant Superior Court and for which they were then penalized by the defendant the Honorable Judge Herbert B. Dixon, Jr. There these same plaintiffs are entitled to a collateral estoppel based on issues decided in this Court and, again, they have asserted that estoppel and been ignored. In fact the defendant the Honorable Herbert B. Dixon, Jr., has taken actions which actively undermine the right of these plaintiffs to a collateral estoppel based on issues decided in this Court and on a reservation of their rights that was taken note of by the United States Court of Appeals for this circuit in the opinion by Judge Harry Edwards that is referred to above. If we show this Court that actions in the Superior Court are undermining decisions it has already made, an injunction is in order. See the opinion of Lumbard, J., in *Sperry Rand Corporation v. Rothlein*, 288 F.2d 245, 249 (2nd Circ. 1961), citing *Helene Curtis Industries, Inc. v. Sales Affiliates, Inc.*, 247 F.2d 940 (2nd Circ. 1957). The specific language of the relitigation exception is that a court of the United States may issue an injunction "to protect or effectuate its judgments." 28 U.S.C. § 2283. As another prominent federal appellate judge put it: "... a judgment is to be `protected 'from action which would frustrate it, and it is to be `effectuated' when, in the language of the Revisor's Note, the further action would mean `relitigation of cases and controversies fully adjudicated.'" *Commerce Oil Refining*

17

*Corporation v. Miner*, 303 F.2d 125, 127 (1st Circ. 1962), opinion per Aldrich, J. (Footnote to Revisor's Note omitted.)  As we shall see the Defendant the Honorable Herbert B. Dixon, Jr., has already taken interlocutory actions which have the effect of frustrating holdings made in this Court and observations made by Judge Harry Edwards in *Hoai v. Sun, supra* and which attempt to relitigate an issues already decided, namely that of whether or not the present plaintiff Hoai, and the other two present plaintiffs can bring charges separately from Hoai's PMPA claim that is already adjudicated by this Court, and their federal civil rights claims against the counter and third-party private, non-governmental, defendants which remained, stayed, in the defendant Superior Court when Judge Weisberg of the Superior Court compelled them to separate out their federal claims and pursue them in this Court with the promise that when matters in this Court had run their course they could return to the Superior Court, and reopen and pursue their non federal claims in that court.

## THE CLAIM SPLITTING ISSUE

In the United States Court of Appeals opinion by Judge Harry Edwards noted above, Judge Edwards pointed out that "... the Superior Court judge himself [Weisberg] wished to simplify the case in his court [the subject litigation] by separating out the federal claims." *Id.* at 1519, 1520  The federal claims referred to included two claims, one of which was the Hoai PMPA claim against Sun.   The Honorable Frederick H. Weisberg of the Superior Court, Judge Edwards pointed out in his opinion, suggested to these present plaintiffs on the record that they separate out their federal claims and try them in this Court "without in any way" depriving these plaintiffs of their chance to pursue their claims in the Superior Court after their cases in the Federal Court had run

their course.  *Id.*

Claim splitting ordered or sanctioned by a judge is an established exception to the general rule against claim splitting.  *In the Matter of Energy Cooperative, Inc.*, 814 F.2d 1226, 1233 – 1234 (7th Circ. 1987); *Central States, Southeast and Southwest Areas Pension Fund v. Hunt Truck Lines, Inc.*, 296 F.3d 624, 629, *American Art International, Inc. v. American Enterprises, Ltd.*, 48 F.3d 576, 586 (1st Circ. 1995); Restatement (Second) of Judgments § 26(b)(1).  See also *Vines v. University of Louisiana at Monroe*, 398 F.3d 700, 712  (5th Circ. 2005) citing *King v. Provident Life and accident Insurance Co.*, 23 F.3d 926 (5th Circ. 1994) which in turn quoted 18 CHARLES A. WRIGHT ET AL., FEDERAL PRACTICE & PROCEDURE § 4413 (1981).

Moreover, in the Hoai PMPA case against Sun in this Court, after the United States Court of Appeals reversed Judge Oberdorfer's original stay and enable the present plaintiff Hoai, as the plaintiff in that suit, to obtain summary judgment on liability, Judge Oberdorfer specifically ruled, in limiting the damages available under the PMPA to Hoai, that "tort type" damages and damages beyond the contract term would have to be brought by Hoai in separate counts.  It was just such separate counts that, at that point, had already been brought by Hoai and the other two present plaintiffs in the Superior Court and were waiting there, stayed until the federal claims litigation that was separated out at the instance of Judge Weisberg as taken note of by Judge Edwards had run its course.

Also, Judge Oberdorfer specifically ruled in the phase of the PMPA case of Hoai against Sun after he granted summary judgment on the issue of liability to Hoai that the PMPA did not preempt Hoai's bringing separate claims or counts for tort types of damages and that Hoai could bring claims separately for the types of damages not

embraced by the PMPA. This was in the context of limiting the damages that Hoai might claim under his single count in this Court under the PMPA which had been split out from the number of claims that he and the other two present plaintiffs had already brought in the Superior Court. There those claims were stayed and pending pursuant to the mandate that they split out their federal claims imposed upon these present plaintiffs by Judge Weisberg. This splitting of the claims had been taken note of by Judge Harry Edwards of the United States Court of Appeals as quoted above. Thus both these federal courts and the present plaintiffs were relying on the reservation of the rights of these plaintiffs to pursue their non-federal claims in the defendant courts once their federal claims had been fully pursued in this Court.

As the PMPA case moved past the summary judgment for Hoai on liability and toward a trial on the damages, the parties filed cross motions on a number of damages issues to be decided by this Court as a matter of law. In a memorandum opinion of May 1, 1991, which was reported on Lexis – Nexis at 1991 U. S. Dist. 5977 and a copy of which is attached as Attachment H, at pages 5 – 6 Judge Oberdorfer made it clear that the PMPA did not preempt Hoai from bringing tort claims such as "abuse of process, wrongful eviction, intentional infliction of emotional distress, conspiracy to interfere with contract, waiver, estoppel and breach of trust." *Id.* Judge Oberdorfer held that such claims are not "subsumed by the Act." (The PMPA) at page 6. This was after he opened the memorandum opinion, on page 1, by saying that Hoai could recover in contract but not in tort. On pages 5 and 6 Judge Oberdorfer made it clear that Hoai could press for such tort damages if he pleaded and proved tort claims. Judge Oberdorfer then went superfluously into a discussion about Hoai's not having amended his PMPA complaint to

include such claims. It is not clear why Judge Oberdorfer seems to have been oblivious to the fact that Judge Weisberg had specifically mandated the splitting of the claims and that those very claims that were not before him in the PMPA case were in fact back in the Superior Court stayed and pending. It seems specially odd since Judge Edwards had mentioned it and thus clearly approved such a framework and Judge Oberdorfer was obviously acutely aware of Judge Edwards' opinion. Thus, on page 6 it seems unusual for Judge Oberdorfer to have observed that Sun had no notice of such claims. This dicta is clearly inaccurate. Indeed, at that time as a matter of record Sun had been on notice of the claims for over three years, since they had been pending against Sun in the Superior Court all that time. Thus, the federal courts of this jurisdiction, through Judge Edwards opinion, had recognized that the jurisdiction over the claims of these plaintiffs would be split, with the federal claims tried on this side of the street, and the non-federal claims on the other side. Once having taken cognizance of this split jurisdiction, the federal courts of this jurisdiction, despite the obliviousness of Judge Oberdorfer's dicta, can act to protect that jurisdiction and the framework of the litigation thus recognized. The defendant courts in attempting to ignore that split jurisdiction betray the federal courts and the present plaintiffs. See *In re Prudential Ins. Co. Sales Practices Litigation*, 314 F.3d 99, 104 (3rd Circ. 2002). For this Court to protect the jurisdiction of the Federal Courts as declared by the federal courts is part of the specific exceptions in the Anti-Injunction Act. That would include protecting the rights of these plantiffs to proceed in the Superior Court at this time since the United States Court of Appeals recognized and approved the splitting of the claims.

While it was puzzling that Judge Oberdorfer, in the Hoai PMPA case against Sun

in this Court seemed to have been oblivious, for whatever reason, that the claims in the overall litigation had been split by the mandate of Judge Weisberg in the Superior Court as noted by Judge Edwards, it was nonetheless clear that Judge Oberdorfer had ruled that the damages that could not be pursued by Hoai under the PMPA could be pursued in separate counts and claims. Thus, when the federal litigations were finally concluded and, upon the motion of these defendants, the stay in the Superior Court was lifted, these plaintiffs fully expected, rationally enough, that the ruling concerning the ownership of the Sun franchise by Judge Oberdorfer would enable them to finally dismiss most if not all of the complaint of Vo still standing against them. Most particularly they reasonably believed that the blindness of the defendants toward the PMPA and other controlling statutory law would finally be ended and that, with Vo's defective complaint eliminated both by the rulings of this Court and by the application of the controlling law that the defendants had insisted on ignoring, they could pursue their non-federal claims in accordance with what Judge Oberdorfer had ruled and in accordance with the split jurisdiction which the United States Court of Appeals had taken note of and approved as part of its compelling Judge Oberdorfer to proceed with the Hoai PMPA claim in this Court. Not only did Judge Oberdorfer focus on the PMPA, which, as he noted in one of his opinions, Judge Wagner had "conspicuously" ignored, he generally illustrated the importance of statutory considerations. Not only did the defendant courts and their judges never take any notice of the PMPA, they also conspicuously ignored and still ignore the local District of Columbia Retail Service Station Act, which absolutely bans the type of suit that Vo brought against Sun. If Sun had continued to work with these present plaintiffs instead of switching sides and aligning itself with Vo it could have been

dismissed from the suit brought by Vo immediately. Instead it chose to act illegally.

## JUDGE OBERDORFER'S RULING ON SEPARATE CLAIMS IGNORED AND UNDERMINED; JUDGE WEISBERG'S RESERVATION OF THE RIGHT TO PURSUE NON-FEDERAL CLAIMS BACK IN THE SUPERIOR COURT ALSO IGNORED AND UNDERMINED; THESE PLAINTIFFS SANDBAGGED

In deciding to abandon its own dealer and align itself with Vo, Sun chose to participate with Vo in the torts which these plaintiffs allege Vo committed. By the time that all appeals in the PMPA litigation had been exhausted, including those from the fee litigation (the PMPA has a fee-shifting provision) the remaining litigation in the Superior Court, which included the non-federal claims of these plaintiffs, had been assigned to the defendant the Honorable Herbert B. Dixon, Jr. Much to the surprise of these plaintiffs, Judge Dixon paid no attention to the fact that Judge Weisberg, his fellow Superior Court judge, had specifically reserved to them the right to pursue their remaining claims in the Superior Court once matters in the federal court had run their course, even though that reservation had been made by one of his colleagues and noted in the above cited extract by Judge Harry Edwards in the United States Court of Appeals for this circuit. This appears to be because the foremost thing on Judge Dixon's mind was to let Sun out of the case. In fact, in his haste to let Sun out of the case as a third-party defendant for its joining forces with Vo in what this Court found to be an illegal act, the defendant the Honorable Herbert B. Dixon, Jr., not only did not honor the reservation made by Judge Weisberg, he undermined it, and, in doing so, he failed to follow also the ruling of Judge Oberdorfer of this Court that Hoai's tort claims, along with those of the other two present plaintiffs, could be pursued as separate claims.

It happened in this way: Ignoring the plan of Judge Weisberg to reserve the claims in the Superior Court to be finished up once matters had run their course in this

Court and the United States Court of Appeals, Sun filed a quick motion in the Superior

Court requesting to be dismissed on the grounds that the present plaintiffs should have

brought their claims that had been stayed in the Superior Court in this Court and because

they had not done so, the claims were lost under the general rule that prevails when there

has been no claim splitting. Attachment I    It is noteworthy that this motion and its

supporting memorandum totally ignore the reservation of the rights of these plaintiffs to

proceed with their non-federal claims in the Superior Court which Judge Weisberg had

pronounced, even though it takes note of colloquy before Judge Weisberg for other

purposes and of the rulings of Judge Oberdorfer, and in doing so makes serious

misrepresentations of law and fact.  It also, of course, in doing so, fails to present the

truth of the matter also by conspicuously failing to note that Judge Harry Edwards had

taken note of the splitting of the claims in his appellate opinion cited above.  It also

conflates the PMPA claim of Hoai, which was split out from the pending claims of these

plaintiffs in the Superior Court, along with another federal claim, at the instance of Judge

Weisberg, with the non-federal claims of all three of the present plaintiffs, precisely the

opposite of what Judge Oberdorfer ruled.  This open invitation to sandbag the present

plaintiffs was acted upon with such alacrity by the defendant the Honorable Herbert B.

Dixon, Jr., that initially the Honorable Herbert B. Dixon, Jr. dismissed Sun from the

Superior Court action as a third-party defendant on summary judgment before the time

for these plaintiffs to oppose the motion had even run. Attachment J    Note that there is

absolutely no reasoning to support this Order. The Defendant the Honorable Herbert J.

Dixon simply accepts the misrepresentations of Sun wholesale, without comment. This

should give this Court some flavor of just why these plaintiffs, should it come to that, can

show that they will never be accorded due process or relief in the defendant courts unless the defendants are enjoined. It also highlights the discrimination in favor of a non-Vietnamese "establishment." Most importantly, for purposes of this TRO request, it makes absolutely clear that the defendant the Honorable Herbert J. Dixon did not consider a *res judicata* or collateral estoppel from the federal litigation, consider it squarely and deny it. Instead he granted a claim of a *res judicata* that did not exist, that was, in essence, fabricated, and granted it. Thus *Parsons Steel, Inc., supra*, as we have pointed out, has no applicability whatsoever to the present situation.

When these plaintiffs filed a brief to point out that the claims had been split by the decision of Judge Weisberg, quoting the passage noted by Judge Edwards and citing the authority of the Restatement (Second) on this point, (Attachment K, again leaving out the attachments for purposes of this TRO request.) the Defendant the Honorable Herbert B. Dixon, Jr., ignored it, just as he had contemporaneously ignored the motion of these plaintiffs to apply the rulings of this Court. So it is clear that the defendant the Honorable Herbert B. Dixon, Jr. has refused in the past to apply the rulings of this Court and has invited relitigation of issues it has decided. Yet because he has not even considered applying those rulings they still may be applied. He has not even addressed, much less squarely addressed, whether the rulings of this Court that we have set out in this motion and memorandum and that we request should be applied and whether those rulings preclude them being relitigated as issues already decided. Therefore, at this point, these plaintiffs are entitled to have those rulings enjoined upon the defendants. Again, also, this highlights the prejudicial determination to not grant to a mere Vietnamese, and those assisting him, the benefit of the judicial system. It is not a matter of overt bias so

much as it is a determined effort to "not see" that clearly wrong decisions are being made that deny to an ethnic non-member of the establishment, an establishment of which the present plaintiff Hoai is clearly not perceived as being a part, the benefits of the system.

This Court should grant the present motion for a Temporary Restraining Order The TRO should be followed by a preliminary injunction on the issues which these plaintiffs have shown were decided in this Court and, thus, may not be relitigated. These plaintiffs are entitled to injunctive relief that enables them to pursue their claims that Judge Oberdorfer ruled Hoai had to pursue as separate claims. This would include all his tort and tort type claims that Judge Weisberg reserved for not only Hoai but for all of these present plaintiffs to pursue once matters in this Court had run their course. Hoai clearly has the right, along with the other two present plaintiffs, to pursue Sun for its participation and involvement in those torts and wrongs. To let Sun out while holding Vo, Thach and the other Vietnamese would-be ethnic Mafiosi in is discriminatory. Judge Oberdorfer ruled, after all, that these tort and tort type claims, such as interference claims, could have been pursued by Hoai against Sun had they been separate claims rather than, in that litigation, being claimed to be "subsumed" under the PMPA. Since he held that they were not subsumed under the PMPA, but had to be pursued separately, they are part of what is left, in Judge Weisberg's phrase, in the Superior Court ("back here") with matters in this Court having run their course.

The orders of the defendant the Honorable Herbert B. Dixon, Jr. dismissing Sun from the Superior Court litigation are clearly wrong and they clearly work a manifest injustice. They are clearly wrong because they violated the rights of these plaintiffs reserved to them by Judge Weisberg and taken note of by Judge Harry Edwards, the

specific exception to the rule against claim splitting that Judge Dixon ignored and refused to apply. They work a manifest injustice because the record shows, through the testimony of Sun officials, that Sun made its agreement, the agreement that Judge Oberdorfer found to be illegal, with the full knowledge that Vo and those cooperating with them had threatened Sun's dealer, the present plaintiff Hoai and his family, with various threats of violence, including threatening to break Hoai's legs. Other evidence of how this led to manifest injustice already in the record of the Superior Court litigation despite the suppression there of the development of the case of these plaintiffs includes documentation that shows that the purported capital "loan" from Vo to Hoai of $35,000.00 to make up half of the $70,000.00 that Sun required was a fraud. In classic mobster fashion Vo and his colleague Thach took control of the bank account of the station, lied to Hoai that they had put $35,000.00 in it (sometimes claiming even more) when in reality they had only "salted" the account with a very small amount of money to open it and then started putting the station's own proceeds into the account.

These present plaintiffs obtained the bank records that proved that this was mobster type fraud and put them in the record. It is also a matter of record that Vo gave a check on that account to "pay" his bond on the TRO which he was awarded. That bond "payment" was returned for insufficient funds. Vo also wrote a check on that account to Sun for his first load of gasoline which was also returned for insufficient funds. Sun, when it entered the illegal consent order which it had Judge Eilperin ratify without any notice to Hoai, knowingly cooperated and colluded with thugs whom it knew were engaging in claiming to make "loans" that :Sun knew did not exist .and other actions that clearly pointed to their mafia-style mentality. Thus Sun conspired and colluded and

joined with such people to commit the torts of which these plaintiffs complain. Two of Sun's own officials in the Superior Court litigation are on the record that Sun knew of the violent propensities of Vo and his compadres when they decided to ally with them in the illegal consent order.

These plaintiffs have a right to pursue Sun along with the other counter and third-party defendants for those wrongs. The defendant Judge Dixon has not directly addressed the issue of the collateral estoppel claimed by these plaintiffs pursuant to which they wish to pursue their remaining, non-federal claims in the Superior Court, nor has he taken cognizance of or addressed directly the reservation of those rights to pursue their claims that was articulated by Judge Weisberg. Had the defendant Judge Dixon directly addressed the issue preclusion claims of these plaintiffs and analyzed them and denied them, these plaintiffs would now be barred from having him enjoined as they now seek to do by the doctrine that has developed out of the holding of the Supreme Court in *Parsons Steel, Inc., supra.* For, as Judge Pratt pointed out in *Kaempfer v. Brown, supra,* Judge Dixon here would have had to have squarely addressed and to have clearly rejected the issues that these plaintiffs claim cannot now be relitigated in the Superior Court. Instead he has ignored their claims on these issues and not addressed them at all, much less squarely. Since he has done that but could address them momentarily, at this point these plaintiffs are entitled to have their injunction in lieu of his having any opportunity to address and reject their claims of issue preclusion.

The defendant the Honorable Herbert B. Dixon, Jr. just ignored the issues decided in this Court as advocated by these plaintiffs and refused to analyze the rulings of this Court. By granting a clearly erroneous claim of *res judicata* advanced by Sun in

violation of the reservation of rights to split their claims as opposed to squarely confronting and <u>denying</u> a claim of *res judicata* or collateral estoppel based on a federal court holding, Judge Dixon did not come within the holding of *Parsons Steel, Inc., supra.* By ignoring both the rulings of this Court and the reservation of rights granted to these plaintiffs by his fellow Superior Court judge, the Honorable Frederick H. Weisberg, Judge Dixon effectively removed Sun, albeit on an interlocutory basis, from the application to itself of the actual issues precluded by the rulings of this Court. That would only be the case, of course, if that interlocutory and clearly erroneous decision were to stand. But it is a ruling that does not come under the doctrine of *Parsons Steel.* At this point, therefore, these plaintiffs are entitled to have that clearly erroneous interlocutory decision that would work a manifest injustice enjoined and vacated under the relitigation exception contained in the Anti-Injunction Act if the rulings of this Court are to be effectuated in the Superior Court.

What is very clear is that, unless the defendant Dixon and the defendant Superior Court and its Panel of Judges are restrained immediately there is a distinct possibility that they are likely to do irreparable harm to the rights of these plaintiffs to have the rulings of this Court enjoined upon the proceedings in the defendant courts, particularly as the case is presently before the defendant Dixon who, defendants' counsel informed plaintiffs' counsel during conversations leading up to the recent motion to strike under Rule 8(b), is about to issue an order and opinion on which he has been working for some time.

There are several further relevant considerations here: One is that although the defendant the Honorable Herbert B. Dixon, Jr. ostensibly dismissed Sun from the Superior Court litigation, he has consistently included them ever since. He first called a

status conference and included Sun upon the retirement of the Honorable Annice Wagner, at the end of June, 2005. It was Judge Wagner who departed from her judicial role to become an advocate for Vo, the ringleader of the would-be Vietnamese ethnic mafia, and gave him *sua sponte* an accusation that he did not even include in his complaint to add to his case (over the objection of these present plaintiffs as defendants). Her departure from the role of judge to become an advocate for Vo and find for him on a charge that she initiated and that was clearly erroneous in light of federal and local statutory law among other things is what led to this 20 years of suppression of the federal rights of these plaintiffs. It is a central thrust of the instant suit that the policy of case management which the defendants have adopted in the decisions of the Defendant District of Columbia Court of Appeals of no longer correcting such clear error and manifest injustice is what has prevented them for all these years from being able to redress the violation of their federal rights under the Constitution and laws within the system run by the defendants. It is her retirement that appears to have given the signal for Judge Dixon to call a status conference after years of refusing to act on the plaintiffs' many motions. In the status conference he continued to include Sun. Attachment L shows the inclusion among those noticed of Sun's counsel, J. Gordon Forester, Jr.. It is as if Judge Dixon recognizes that his dismissal of Sun was interlocutory and might be corrected if trial were ever allowed to approach and the "clearly wrong" and "worked a manifest injustice" standard were to be revived and applied.

After all the years of ignoring and refusing to rule upon the dispositive motion of these plaintiffs to dismiss the Vo complaint against them that they filed after the stay in the Superior Court was lifted, which was based upon Judge Oberdorfer's rulings, among

other things, (Attachment H) and after years of ignoring many other motions filed by these plaintiffs (some from before the stay in the Superior Court was imposed) Judge Dixon sent out a notice for a status conference on the case almost as soon as Judge Wagner retired and at the conference inquired of all present (It was off the record.) if they wouldn't all just dismiss their cases. Though urged to do so by the counsel there for Sun and Vo in concert of the suggestion of Judge Dixon, these plaintiffs refused to take that course. Judge Dixon then issued a Show of Cause order about dismissal, which he also sent to Sun. Attachment M.

This attempt to get rid of the case, a case which is sure to be somewhat of an embarrassment if ever the claims of these plaintiffs are actually heard and tried after the claim of Vo is dismissed (should the rulings of this Court be applied and enjoined upon the defendants) is another reason that the present plaintiffs may well suffer irreparable harm if they are not granted a TRO leading to the injunctive relief from this Court to which they are entitled in order to avoid relitigation of issues already decided in this Court, allow them to effectively pursue their relief under 42 U.S.C. § 1983 as well as § 1981 and to effectuate the judgments of this Court which the defendants in the past have refused even to consider. These plaintiffs ask that the *status quo ante* be maintained until a full preliminary injunction hearing can be held with additional briefing if the Court deems it necessary, that the defendant the Honorable Judge Herbert B. Dixon, Jr., issue no rulings or opinions of any kind on any issue and take no further action in the subject case until this case before this Court is heard

Respectfully submitted,

/s/

31

Laurence A. Elgin    Bar # 159582
Suite 900 South Building
601 Pennsylvania Avenue, NW
Washington DC 20004-3615
(202) 628-1114
(202) 628-6798 - fax