*JULY 21, 1988*

UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

*Attachment B*

THANH VONG HOAI, :
       Appellant, :
v. : No. 88-7136
SUN REFINING AND MARKETING :
COMPANY, :
       Appellee. :

## MOTION BY APPELLEE TO DISMISS APPEAL

The appellee, Sun Refining and Marketing Company, respectfully moves this Court to dismiss this appeal for the reason that it is not from a final Order within the meaning of 28 U.S.C. §1291 nor is it an injunctive order pursuant to 28 U.S.C. §1292. Additionally, it has not been certified as an interlocutory appeal pursuant to Section 1292(b).

This is an appeal from the Order of the District Court dated May 26, 1988 which denied the motion by Sun Refining and Marketing Company to dismiss and stayed the case pending resolution of litigation in the Superior Court of the District of Columbia.[1]

Sun Refining and Marketing Company filed a motion in the District Court to dismiss based upon comity and federalism.

---

[1] Plaintiff filed a Supplemental Notice of Appeal from the District Court's Order of June 10, 1988. However, this Order directs the Magistrate to consider a prior Motion for Sanctions and is totally unrelated to the Court's prior Order of May 26, 1988. A copy of the Order of June 10, 1988 is attached as Exhibit No. 1.

Sun contended that Mr. Hoai could not initiate an action in federal court based upon a claim that a consent order issued by a state court violated his federal statutory rights, particularly when that state court proceeding on the same issues was still pending.

The District Court, referring to <u>Pennzoil v. Texaco, Inc.</u>, 481 U.S. ____, 107 S.Ct. 1519, 95 L.Ed.2d 1 (1987) and <u>Younger v. Harris</u>, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) stated as follows:

> "It is apparent that the general principle of these decisions may justify granting of the motion to dismiss. . . . The practical and fair solution at this stage is to stay proceedings in this Court without resolving exotic jurisdictional issues at the expense of these particular litigants.
>
> Plaintiff may proceed in Superior Court. When that matter has run its course, it will be time enough for this Court to decide what transpired and whether it bars this action. Accordingly, an accompanying Order will deny the pending motion to dismiss without prejudice and stay the proceedings here pending resolution of the litigation in the Superior Court."
>
> Memorandum of May 26, 1988, p. 3-4.2/

This case is still pending below. It is merely stayed. Plaintiff's rights are preserved. There is no final order.

---

2/ The district court's Memorandum and Order of May 26, 1988 are attached as Exhibit No. 2 as required by General Rule 7(h)(i)(c). The Memorandum was amended by court order dated July 12, 1988 which is attached as Exhibit No. 3.

Thus, this appeal is improvidently brought and should be dismissed.

## Argument

According to the Fourth Circuit in <u>International Nickel Company v. Martin J. Barry, Inc.</u>, 204 F.2d 583, 585 (1953), "We think it clear that the order staying proceedings in the case is neither a final order nor an order granting or denying an interlocutory injunction. It is merely an interlocutory order stating what the court proposes to do, which may be revoked or superseded at any time. As such, it is clearly not appealable. <u>See</u> <u>City of Morgantown v. Royal Ins. Company</u>, 337 U.S. 254, 69 S.Ct. 1067, 93 L.Ed. 1347; <u>Schoenamsgruber v. Hamburg American Line</u>, 294 U.S. 454, 55 S.Ct. 475, 79 L.Ed. 989; <u>International Refugee Organization v. Republic S. S. Corporation</u>, 189 F.2d 858, 861 (4th Cir.); <u>Clinton Foods v. United States</u>, 188 F.2d 289 (4th Cir.); <u>Jiffy Lubricator Company v. Stewart-Warner Corporation</u>, 177 F.2d 360 (4th Cir.); <u>Triangle Conduit & Cable Company, Inc. v. National Electric Products Corporation</u>, 127 F.2d 524 (6th Cir.); <u>Beckhardt v. National Power & Light Company</u>, 164 F.2d 199 (2nd Cir.); <u>Phillips v. Securities & Exchange Commission</u>, 171 F.2d 180 (2nd Cir.); <u>Mottolese v. Preston</u>, 172 F.2d 308, 309 (2nd Cir.)."

In <u>Andrews v. Southern Discount Company of Georgia</u>, 662 F.2d 722 (11th Cir. 1981), plaintiff filed a truth-in-lending suit in federal court while an action

was pending against her in state court on the underlying debt. The defendant filed a motion to dismiss the federal case on the grounds that the truth-in-lending claim must be asserted as a compulsory counter-claim in the state action.

The Magistrate's report, which was adopted by the District Court, provided that since the truth-in-lending claim is a compulsory counter-claim "[i]t is therefore appropriate, considering factors of judicial and litigant economy, for this court to stay the instant TIL action pending resolution of the state court proceeding." (Citations omitted). Id. at 723.

The Circuit Court dismissed the appeal on the ground that the stay order was not appealable, citing Jackson Brewing Company v. Clarke, 303 F.2d 844 (5th Cir.), cert. denied, 371 U.S. 891, 88 S.Ct. 190, 9 L.Ed.2d 124 (1962).

The Tenth Circuit took a slightly different approach when an insurance company sought a declaratory judgment relieving it of any obligation to provide a defense to an insured. The District Court stayed proceedings pending the outcome of concurrent state litigation. The insurer appealed and the Circuit Court treated the appeal as an application for leave to file a petition for a writ of mandamus which was denied. State Farm Mutual Automobile Insurance Company v. Scholes, 601 F.2d 1151 (10th Cir. 1979).

The appeal was dismissed in Mottolese v. Preston, 172 F.2d 308 (2nd Cir. 1949) when the District Court stayed the action pending the determination of a similar action in the state

- 4 -

court. However, the court in ruling that an appeal was not the proper remedy, stated that the plaintiff might be entitled to relief by mandamus.

The appeal was dismissed in <u>Jensenius v. Texaco, Inc.</u>, 639 F.2d 1342 (5th Cir. 1981) when the plaintiff's action for seaman's benefits was stayed pending resolution of the claim in state court. The court found that it was not an appealable order in that it did not ". . . reach the merits of the claim and in no way determines, denies or prejudices any substantive rights of the parties." <u>Id.</u> at 1343.

In <u>Gold, et al. v. Johns-Manville Sales Corporation, et al.</u>, 723 F.2d 1068 (3rd Cir. 1983), which were asbestos related claims, the non-bankruptcy defendants sought a stay of all proceedings. The District Court severed the bankrupt defendants, granted them a stay, and directed all other defendants to trial. Some defendants sought an appeal as of right while others petitioned for a writ of mandamus. The Circuit Court dismissed the appeals for lack of jurisdiction and denied the petitions for mandamus. In so ruling, the court stated:

> "The power to stay proceedings is incidental to the power inherent in every court to schedule disposition of the cases on its docket so as to promote fair and efficient adjudication."

<u>Id.</u> at 1077.

A similar result was reached in <u>Evilsizon v. Eagle-Richer Industries, Inc.</u>, 725 F.2d 97 (10th Cir. 1983).

- 5 -

This court considered this substantive issue in <u>Mahaffey v. Bechtel Associates Professional Corporation</u>, 699 F.2d 545, 226 App. D.C. 7 (1983) when parallel personal injury actions were filed in the Superior Court of the District of Columbia and in the United States District Court for the District of Columbia. The state court action was filed first. The District court dismissed the case and an appeal was noted. The court stated that ". . . the prior commencement of an action in a local court may justify abatement of the federal action. However, a stay, not a dismissal of the federal action, is generally the appropriate method to achieve this result. . . ." <u>Id.</u> at 546.

The court further noted that "Plaintiffs do not have a right actively to pursue parallel state and federal actions simultaneously. Ordinarily, however, considerations of judicial economy are appropriately served by staying one of the actions while the other progresses."

This court ordered the District Court to stay a medical malpractice case pending the outcome of arbitration in Maryland in the recent case of <u>Bledsoe v. Crowley v. Friedman</u>, U.S. App. D.C. No. 87-7168, June 10, 1988.

<u>Mahaffey</u> and <u>Bledsoe</u> involved dismissals which were appealable orders, but this court approved the procedure followed by Judge Oberdorfer in the instant case, which was not a dismissal, but a stay, with all rights preserved.

## Conclusion

Counsel for appellee respectfully submits that this appeal is improper and should be dismissed as there is no final order from the District Court. As Judge Oberdorfer pointed out in his Memorandum, the litigation over this one Sunoco service station commenced in the Superior Court in August, 1986 with a hearing on a temporary restraining order. Shortly thereafter, a consent order was issued and Mr. Hoai appealed to the District of Columbia Court of Appeals. After the court held the appeal moot, Mr. Hoai sought en banc consideration. Simultaneously, he proceeded to litigate the same issues in the District Court. The stay was issued, and without an appealable right, he seeks review in this Court. This is not an efficient use of judicial resources.

Title 28 §1291 of the United States Code grants jurisdiction to the courts of appeals "from all final decisions of the district courts of the United States. . . ." Judge Oberdorfer's Order of May 26, 1988 is not a final decision and this appeal should be dismissed.

Respectfully submitted,

POHORYLES & GREENSTEIN, P.C.

J. Gordon Forester, Jr.
Stephen H. Abraham
1920 N Street, N.W., Suite 800
Washington, D.C. 20036-1601
Telephone: (202) 785-2940

CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Motion by Appellee to Dismiss Appeal was sent by first-class mail, postage prepaid, this 21st day of July 1988 to Laurence A. Elgin, Esq., 4816 Rodman Street, N.W., Washington, D.C. 20015; and to John D. Hemenway, 4816 Rodman Street, N.W., Washington, D.C. 20016, attorneys for plaintiff.

*J. Gordon Forester, Jr.*

[4872F]

- 8 -