Attachment F

# LAURENCE A. ELGIN
**Attorney and Counsellor at Law**
**Suite 900, South Building**
**601 Pennsylvania Avenue, N.W.**
**Washington, D.C. 20004-2601**
(202) 628-1114
Fax  (202) 628-6798
E-mail: lawnetlc@aol.com

April 9, 1998

VIA FACSIMILE

J. Gordon Forester, Jr., Esquire
1742 N Street, N.W.
Washington, D.C. 20036

Re: Your motion for summary judgment

Dear Mr. Forester:

    I have received the above motion and related documents. The form accompanying indicates, in a pre-printed certification, that you requested relief of all affected parties on April 2, 1998. As you know, I represent two out of the three remaining defendants in this case (the defendants remaining since you and your client decided to switch sides, illegally terminate Mr. Hoai's franchise, and cooperate with Thanh Van Vo, the plaintiff.) You did not consult with me about relief. Thus, your representation in that regard is inaccurate. Kindly, in the future consult with me so that the representation on the form can be signed without being inaccurate.

    I would also have appreciated your conferring with me as required because, pursuant to a matter long scheduled, I will be in another state on that day. I would have appreciated it had you consulted with me as to the date on which we might all attend a hearing on so complex and serious a matter as a summary judgment motion in an extremely complicated complex of litigation that has gone on for over ten years now. Whether the rules and protocols of the Superior Court require it or not, I believe such ordinary courtesy between counsel would be appropriate. This is, after all, a motion attempting to hastily get rid of a matter already ruled on contrary to your present position in federal court without so informing this Court and without disclosing any of the actual authority on point and relevant to the issue which you raise.

    As you know Judge Oberdorfer specifically ruled, pursuant to motions which you filed, that damages beyond strict contract damages for the balance of the franchise lease might be litigated pursuant to counts such as we filed in this case before it was stayed. As you know we litigated the

issue of whether the non-contract damages could be litigated as part of the PMPA claim or had to brought under separate counts up to the United States Court of Appeals, which upheld the position that such damages must be brought in separate counts such as those presently pending in this Court. We even petitioned for cert on this issue and were denied. Under these circumstances your motion is extraordinary, to say the least, and it requires careful study and consideration as well as a well thought out and scholarly reply, one that the judge can rely upon to sort out the issues accurately and avoid being misled. You have not chosen to provide him with the relevant authority pertinent to the actual issue, so that we must do so. Further, events that did transpire in the federal courts in the intervening time, and the fact that discovery had not proceeded very far in this Court when the case was stayed, raise new issues which we believe may call for additional discovery at this time, some of it highly relevant to any attempt on your part to obtain a summary judgment in favor of your client.

I have conferred with John D. Hemenway, whom, as you know, is acting *pro se* in defending himself. I have learned that you did contact him on April 2. However, I find that you did not discuss the date for the hearing on this motion with him either and that he has already several federal matters on that day.

It is my understanding that under the new protocols in effect in the Superior Court, to which Judge Dixon is signatory, April 24 may be the date which you would be expected to set for a motion filed when you have filed this one. However, as I think you know, summary judgment motions in cases such as this are not ordinary motions. In many courts in this area this is recognized under the rules or protocols governing motions and they are routinely set for a day certain, though that is not presently the case in the Superior Court.

I think that you know that for the defendants to present their case against your motion properly more time to respond will be required. Therefore, I am asking you to consent at this time, as an ordinary courtesy between counsel, to move the hearing for this motion forward two weeks, or until May 8, 1998. Please let me know your response promptly, as I will be filing a motion accordingly if you do not consent to this request for the extension of such ordinary courtesy.

Sincerely yours,

Laurence A. Elgin

cc: John D. Hemenway, Esquire.

# LAURENCE A. ELGIN

**Attorney and Counsellor at Law**
Suite 900, South Building
601 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2601
(202) 628-1114
Fax (202) 628-6798
E-mail: lawnetlc@aol.com

## FAX COVER

---

**To:**            J. Gordon Forester, Jr., Esq.
**Company:**       Forester Law Office
**Date:**          April 9, 1998
**Fax Number:**    202-785-2210
**Phone Number:**  202-293-3353

---

**From:**          Laurence A. Elgin
**Title:**         Counsel for David Hemenway and Thanh Vong Hoai
**Fax Number:**    202-628-6798
**Phone Number:**  202-628-1114

---

**Number of Pages to Follow:**   2
**Classification:**              Counsel letter

---

**Comments:** Re: your recently filed summary judgment motion and the hearing date which you set. Please give me your prompt response to my request to move the hearing date.

-1-