SUPERIOR COURT OF THE
DISTRICT OF COLUMBIA

Civil Division

THANH VAN VO
    Plaintiff,

v.                             Civil Action No. 07075-86

THANH VONG HOAI, et al.
    Defendants.

DEFENDANTS AND COUNTER AND THIRD PARTY PLAINTIFFS CONSENT MOTION TO MOVE A
MOTIONS HEARING DATE WHICH WAS ERRONEOUSLY SET

    The remaining defendants in this case, who are also counter and third-party plaintiffs, hereby move the Court to move the hearing date which the third party Sun Refining & Marketing Company, Inc. ("Sun") erroneously set for the hearing of the motion which it filed over a certificate of service dated April 3, 1998 in which it requested summary judgment of this Court. In filing the motion Sun set the date for the hearing on the motion as April 24, 1998. This is a date which would not have allowed the third-party plaintiffs against whom the motion is direct to have had the full time allocated by the rules to answer the motion and simultaneously allowed them to comply with the protocol and calendar now in effect inasmuch as under the rules they would have had until Wednesday, April 22, 1998 to answer the motion but under the calendar and protocols now in effect would only have had until Thursday, April 16, 1998 to answer, a result which the calendar and protocols now in effect have striven to avoid. Consultation with personnel of the Court has revealed that this attempt to foreshorten the properly allowed response time is indeed in error. Further, such a foreshortened response time would not only greatly prejudice the third-party plaintiffs, as respondents to the motion, in a very complex matter, it also would have given the Court precious little time, if the third-party plaintiffs, taking the time allotted by the rules, had answered in due course, since that date would have been just a few days before the date set by Sun as the day for the hearing.

    When counsel for the third-party plaintiffs David Hemenway and Thanh Vong Hoai communicated about this matter of the attempt to foreshorten the proper response time and allow the Court the proper

-1-

amount of time in which to consider this complicated matter, Sun agreed to moving the date of the hearing two weeks, or until May 8, 1998. The third-party plaintiffs David Hemenway and Thanh Vong Hoai, therefore, hereby so request the Court to move the hearing on Sun's summary judgment motion until that date.

Respectfully submitted.

Laurence A. Elgin #159582
Suite 900, South Building
601 Pennsylvania Avenue, N.W.
Washington, D.C. 20005
(202) 628-1114

POINTS AND AUTHORITIES

1) Rule 12-I allows 10 days for a response to a motion. Rule 6 provides that in cases such as that prescribed by Rule 12-I for response time, the time allotted is less than 11 days, then Saturdays, Sundays and legal holidays, plus, now, also days when the Court is closed by inclement weather, are excluded from the count of days. Rule 6 also provides that when there is service by U.S. mail, as there was in the case of the subject motion, three days are added to the prescribed period. By case law in this Court, the rule of excluding Saturdays, Sundays, and legal and weather days is also applied to that extra 3 days for service by mail as a time "prescribed or allowed by these rules".

Paragraph 8 of General Order Concerning Motions Procedures Effective January 1, 1998, requires oppositions to be filed at least 8 days before the Friday on which the motion is scheduled to be heard. Paragraph 5 of that same General Order setting forth the procedure for the "Notice of Hearing" sets a minimum limit of "at least" 20 days between the filing of the motion and the hearing day noticed for it to be heard. However, paragraph 5 does not mandate that the 20 days is anything other than a minimum and does not allow a party to override the time set by the Rules for a response to a motion. A party may not, in other words, use a permissive paragraph in a general order to try and foreshorten an opponent's response time in violation of the rules. That would be error on the part of the movant.

Here that error has been attempted. When asked by the respondents to move the hearing date, however, the movant, through counsel, consented to do so. See attached exchange of facsimile correspondence. The greater length of time is greatly needed here for the Court's convenience as well as to avoid prejudice to the respondents. For the motion fails to point out that just this point raised by the movant, with a claim res judicata, was in fact, litigated in the federal courts with a result the opposite of that represented by the movant, and that, in fact, a decision contrary to Sun's position set forth in its present motion is reported in this jurisdiction in Lexis-Nexis and Sun has utterly failed, as indeed it has done generally in this motion, to bring to the Court's attention, not only that decision, but a body of federal law on the relevant and controlling issues raised by its motion which it apparently would rather that the Court not consider. As always when such misrepresentation is involved, careful and unhurried consideration would be in order to avoid creating unnecessary complexity and error in an already complex matter.

As the Court may see this is a complex issue, growing out of a now lengthy and extensive course of litigation and one that could scarce be considered and given justice in a day and a half. Therefore, this hearing date should be moved as requested.

_____
Laurence A. Elgin

### CERTIFICATE OF SERVICE

I hereby certify that I have caused to be served by United States mail, first class, postage prepaid, a true and accurate copy of the foregoing motion with points and authorities and proposed order this 17th day of April, 1998, upon the following: Charles R. Martin, Esq., Ste. 200, 8996 Burke Lake Road, Burke, Virginia 22105, J. Gordon Forester, Jr., Esq., 1742 N Street, N.W., Washington, D.C. 20036; Robert J. Pleshaw, Esq., 1111 Fourteenth Street, N.W., Washington, D.C. 20005; My Linh Soland, Esq., 6400-C Seven Corners Place, Falls Church, Virginia 22044; Minh Van Nguyen, pro se, 4102 N. River Street, Arlington, Virginia, Michael Holm, Esq., 510 King Street, Alexandria, VA 22314.

_____
Laurence A. Elgin

SUPERIOR COURT OF THE
DISTRICT OF COLUMBIA

Civil Division

THANH VAN VO  
    Plaintiff,

v.                                      Civil Action No. 07075-86

THANH VONG HOAI, et al.  
    Defendants.

ORDER

The Court, having considered the consent motion of the third-party plaintiffs David Hemenway and Thanh Van Vo to move the hearing date set by the third-party defendant Sun Refining & Marketing Company, Inc., on Sun's motin for summary judgment from April 27, 1998 to May 8, 1998, and noting that Sun, the moving party, has agreed to such a change, hereby

ORDERS that the hearing to be held in this Court upon Sun's motion for summary judgment against the third party plaintiffs be, and the same hereby is, moved from Friday, April 24, 1998, at 2:00 PM to May 8, 1998, at 2:00 PM.

                                                            HERBERT B. DIXON, Jr., JUDGE, SUPERIOR COURT

COPIES TO: Charles R. Martin, Esq., Ste. 200, 8996 Burke Lake Road, Burke, Virginia 22105, J. Gordon Forester, Jr., Esq., Ste. 900, 1620 L Street, N.W., Washington, D.C. 20036; Robert J. Pleshaw, Esq., Ste. 400, 1510 H Street, N.W., Washington, D.C. 20005; John D. Hemenway, Esq., 4816 Rodman Street, N.W., Washington, D.C. 20016; My Linh Soland, Esq., 6400-C Seven Corners Place, Falls Church, Virginia 22044; Minh Van Nguyen, pro se, 4102 N. River Street, Arlington, Virginia; Laurence A. Elgin, Suite 900, South Building, 601 Pennsylvania Avenue, N.W., Washington, D.C. 20005, Michael Holm, Esq., 510 King Street, Alexandria, VA 22314.

# FAX TRANSMISSION

1742 N STREET, N.W.
WASHINGTON D. C. 20036
202 293 3353
FAX 202 785-2210

**To:** Laurence A. Elgin           **Date:** April 9, 1998

**Fax #:** 628-6798                 **Pages:** One, including this cover sheet.

**From:** J. Gordon Forester, Jr.

**Subject:** Sun's Motion for Summary Judgment

COMMENTS:

    In response to your facsimile, I will consent to continue oral argument on the Motion for Summary Judgment to May 8, 1998 at 2:00 p.m., provided you inform the court and other counsel and confirm that the court has agreed to this continuance.

    I will not consent to additional time to respond to the motion.

# LAURENCE A. ELGIN
**Attorney and Counsellor at Law**
**Suite 900, South Building**
**601 Pennsylvania Avenue, N.W.**
**Washington, D.C. 20004-2601**
**(202) 628-1114**
**Fax (202) 628-6798**
E-mail: lawnetlc@aol.com

April 9, 1998

VIA FACSIMILE

J. Gordon Forester, Jr., Esquire
1742 N Street, N.W.
Washington, D.C. 20036

Re: Your motion for summary judgment

Dear Mr. Forester:

    I have received the above motion and related documents. The form accompanying indicates, in a pre-printed certification, that you requested relief of all affected parties on April 2, 1998. As you know, I represent two out of the three remaining defendants in this case (the defendants remaining since you and your client decided to switch sides, illegally terminate Mr. Hoai's franchise, and cooperate with Thanh Van Vo, the plaintiff.) You did not consult with me about relief. Thus, your representation in that regard is inaccurate. Kindly, in the future consult with me so that the representation on the form can be signed without being inaccurate.

    I would also have appreciated your conferring with me as required because, pursuant to a matter long scheduled, I will be in another state on that day. I would have appreciated it had you consulted with me as to the date on which we might all attend a hearing on so complex and serious a matter as a summary judgment motion in an extremely complicated complex of litigation that has gone on for over ten years now. Whether the rules and protocols of the Superior Court require it or not, I believe such ordinary courtesy between counsel would be appropriate. This is, after all, a motion attempting to hastily get rid of a matter already ruled on contrary to your present position in federal court without so informing this Court and without disclosing any of the actual authority on point and relevant to the issue which you raise.

    As you know Judge Oberdorfer specifically ruled, pursuant to motions which you filed, that damages beyond strict contract damages for the balance of the franchise lease might be litigated pursuant to counts such as we filed in this case before it was stayed. As you know we litigated the

issue of whether the non-contract damages could be litigated as part of the PMPA claim or had to brought under separate counts up to the United States Court of Appeals, which upheld the position that such damages must be brought in separate counts such as those presently pending in this Court. We even petitioned for cert on this issue and were denied. Under these circumstances your motion is extraordinary, to say the least, and it requires careful study and consideration as well as a well thought out and scholarly reply, one that the judge can rely upon to sort out the issues accurately and avoid being misled. You have not chosen to provide him with the relevant authority pertinent to the actual issue, so that we <u>must</u> do so. Further, events that did transpire in the federal courts in the intervening time, and the fact that discovery had not proceeded very far in this Court when the case was stayed, raise new issues which we believe may call for additional discovery at this time, some of it highly relevant to any attempt on your part to obtain a summary judgment in favor of your client.

I have conferred with John D. Hemenway, whom, as you know, is acting *pro se* in defending himself. I have learned that you did contact him on April 2. However, I find that you did not discuss the date for the hearing on this motion with him either and that he has already several federal matters on that day.

It is my understanding that under the new protocols in effect in the Superior Court, to which Judge Dixon is signatory, April 24 may be the date which you would be expected to set for a motion filed when you have filed this one. However, as I think you know, summary judgment motions in cases such as this are not ordinary motions. In many courts in this area this is recognized under the rules or protocols governing motions and they are routinely set for a day certain, though that is not presently the case in the Superior Court.

I think that you know that for the defendants to present their case against your motion properly more time to respond will be required. Therefore, I am asking you to consent at this time, as an ordinary courtesy between counsel, to move the hearing for this motion forward two weeks, or until May 8, 1998. Please let me know your response promptly, as I will be filing a motion accordingly if you do not consent to this request for the extension of such ordinary courtesy.

Sincerely yours,

Laurence A. Elgin

cc: John D. Hemenway, Esquire.