PLAINTIFF'S
EXHIBIT A

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

CIVIL DIVISION

```
                                              ------------------------------
THANH VAN VO,                                 |

               Plaintiff,                     |
                                                          DOCKET NO. CA-7075-86
       -v-                                    |
                                                          August 28, 1986
THANH VONG HOAI, ET AL.                       |

               Defendants.                    |
                                              ------------------------------
```

The above-entitled matter came on for a hearing before the HONORABLE ANNICE WAGNER, Judge, in Courtroom Number 2100.

A P P E A R A N C E S :

MILLARD OTTMAN, ESQUIRE, ATTORNEY
On Behalf of Plaintiff.

DAVID C. ROSEMAN, ESQUIRE, ATTORNEY
On Behalf of Plaintiff.

PHILIP DAVIDSON, ESQUIRE, ATTORNEY
On Behalf of the Plaintiff.

JOHN HEMMENWAY, ESQUIRE, ATTORNEY
On Behalf of the Defendant.

DANIEL DANIELSON, ESQUIRE, ATTORNEY
On Behalf of the Defendant.

-----------------------------------------

J&J COURT TRANSCRIBERS

50-10 Ficrister Drive
Trenton, New Jersey 08690

586-4545   (609)   586-2211

RECEIVED
SEP 19   2:03 PM '95

1   THE CLERK: Your Honor, this is the case of

2   Thanh Van Vo versus Thanh Vong Hoai, et al. case

3   number CA-7075-86, here for an application for a

4   temporary restraining order.

5   Parties, please identify yourselves for

6   the record.

7   MR. OTTMAN: If the Court please, my name

8   is Millard Ottman, attorney for the Plaintiff.

9   THE COURT: Next.

10  MR. ROSEMAN: David C. Roseman, attorney

11  for the Plaintiff.

12  MR. HEMENWAY: Your Honor, if it please

13  the Court, I am John Hemenway, attorney for the

14  Defendant and named Defendant in this case, and I

15  would like to introduce to the Court an attorney who

16  will be my co-attorney, Mr. Dan Danielson, who is

17  registered in Virginia Bar, but I am moving this

18  court that he be accepted pro hac vice for this

19  proceeding.

20  THE COURT: Are you going to be

21  representing the Defendants and yourself in this

22  case?

23  MR. HEMENWAY: Yes, ma'am, that's how we

24  started out in this case and I guess --

25  THE COURT: I understand that, I --

3

1   MR. OTTMAN: If the Court please, is it
2   appropriate to address that now? I believe aside
3   from not violating the Canons of Ethics, Mr.
4   Hemenway is in a very anomalous position since
5   presumably he will be a witness. His interest and
6   that of his clients, clearly at least when our
7   allegations are conflicting, I think it
8   inappropriate under the Codes of Ethics and
9   impractical in terms of this hearing for him to
10  attempt to appear as counsel and also as a named
11  Defendant.
12  MR. HEMENWAY: Well, I think the Court is
13  in the best position to judge that.
14  THE COURT: I would think that the Canons
15  would preclude it, I -- just my first blush, but of
16  course, I only know what I've read in the documents
17  and on a motion to disqualify you as counsel for the
18  other parties, it may turn out that information will
19  be disclosed that indicate that maybe it isn't, but
20  at first glance, based on my limited knowledge of
21  it --
22  MR. HEMENWAY: Your Honor, I'm confident
23  in the representation --
24  THE COURT: It seems somewhat
25  inappropriate. I mean of course you can represent

1   yourself, that's without any problem and perhaps --
2   is your counsel prepared to represent the other
3   parties on --
4       MR. DANIELSON: I am not, your Honor.  I
5   was introduced to these documents just a short time
6   ago.  I am not entirely familiar with all the
7   circumstances --
8       MR. HEMENWAY: we're all in that
9   situation, your Honor.
10      THE COURT: Everybody is in that situation
11  because it is a TRO and it's emergency proceeding,
12  but the point is, is he going to be representing --
13  that he has counsel from -- I'm sorry, your name,
14  sir?
15      MR. DANIELSON: Danielson.
16      THE COURT: Mr. Danielson.  Is he going to
17  be representing the other Defendants in any event at
18  some point?
19      MR. HEMENWAY: well, Mr. Danielson does
20  represent Mr. Noah in several --
21      THE COURT: well, for purposes for the
22  TRO, are you moving him pro hac vice for purposes of
23  the TRO proceeding on behalf of these other
24  Defendants?
25      MR. HEMENWAY: To sit as my counsel in the

5

1  event I must testify at which time obviously he

2  can't cross --

3  THE COURT: So it's only for you, it's not

4  for the other Defendants.

5  MR. HEMENWAY: Just for me, yes, that's

6  correct.

7  THE COURT: Do the other Defendants have

8  anybody to represent them?

9  MR. HEMENWAY: They do not.  As a matter

10  of fact I do not believe Mr. Hoai has been served.

11  THE COURT: Well, is he here?

12  MR. HOAI: I'm here.

13  MR. HEMENWAY: Mr. Hoai is here.

14  THE COURT: That's fine, this is a TRO, he

15  apparently had notice and he's here.

16  MR. OTTMAN: He's here, that's all it

17  takes.

18  THE COURT: For purposes of the TRO that

19  would be sufficient.

20  Now, is he going to represent himself?

21  MR. HEMENWAY: No, he is not, your Honor.

22  THE COURT: Well, who is going to

23  represent him?

24  MR. HEMENWAY: Well, it was my plan to

25  represent him.

6

1   THE COURT: Are you going to be testifying

2   too, sir?

3   MR. HEMENWAY: Not if I can help it, your

4   Honor.

5   THE COURT: Is there going to be any need

6   for him to testify?

7   MR. OTTMAN: I can't speak to that. I

8   don't see the purpose --

9   THE COURT: You don't plan to call him.

10  MR. OTTMAN: I certainly don't.

11  THE COURT: Do you plan to testify?

12  MR. HEMENWAY: I don't plan to call

13  myself, no, ma'am.

14  THE COURT: Well, then maybe this can be

15  handled.

16  MR. OTTMAN: But if the Court please, we

17  are going to have a record here which will be

18  preserved. Counsel will be mere making

19  representations. those representations will later be

20  either endorsed or otherwise ratified by later

21  testimony by himself and it just seems to me that

22  this is the very sort of thing that the Canons say

23  is inappropriate. and this is a TRO. it is not the

24  sort of proceeding that has the same dimensions that

25  a more studied procedure has. Accordingly, I think

7

1  if Mr. Hemenway chooses to represent his client, he

2  makes that choice now before he represents him and

3  abandons any thought of testifying at any time in

4  this case later.  Otherwise, it just completely

5  pollutes the record.

6  THE COURT:  Well, he is not going to be

7  testifying today, that's my understanding, is that

8  right?

9  MR. HEMENWAY:  That's correct.

10  And I think, your Honor, when you get

11  into the merits of this application for injunctive

12  relief, is going to see that it doesn't meet the

13  high standards that are required, the burden is

14  rather heavy.  The Plaintiff --

15  THE COURT:  Well, the issue at this point

16  is whether or not, and I presume that Plaintiff's

17  counsel is making an oral motion to disqualify you

18  as counsel for the other side, is that --

19  MR. ROSEMAN:  I so move, your Honor.

20  THE COURT:  That's the initial hurdle.

21  Do you still have the Canons in the office?

22  MR. HEMENWAY:  Your Honor --

23  THE COURT:  You do have some material on

24  this.

25  MR. OTTMAN:  If the Court please, there

8

1  appears to be a Martindale's up there, if it's the

2  right volume, it will be in there.

3  THE COURT: All right, but I also have

4  some special material on that particular subject.

5  (Discussion between Court and Clerk.)

6  THE COURT: In the customary situation, I

7  think the Rule reads that if one expects to become a

8  witness in the case --

9  MR. HEMENWAY: That's how I remember it,

10  your Honor.

11  THE COURT: -- he should not be counsel.

12  where do you see that book?

13  MR. OTTMAN: It was a Martindale -- it

14  appears to be a Martindale --

15  THE COURT: Oh, okay.

16  MR. OTTMAN: If it's the right one, it has

17  uniform --

18  THE COURT: Pull that down.

19  MR. OTTMAN: And the one volume at least

20  has the Canons, whether it's this one or not, I am

21  not sure.

22  MR. HEMENWAY: Your Honor, I have been in

23  this situation where this issue has come up once

24  before in the Superior Court structure, and the

25  judge at that time, and this was years ago, made the

comment that he didn't feel that it was appropriate

for counsel to be able to frame a case so as to

knock counsel opposite out of the court.

THE COURT: I'm sure that his feelings are

very interesting, nevertheless, it is an issue which

has come up before this Court from time to time

involving cases in which there was a motion to

disqualify under circumstances not exactly the same

but in some respects similar, and the situation is,

as I say, at first blush, seems to be one in which

counsel might be disqualified, but before doing

that, I certainly would go back and review that

since it has been awhile, since I've looked at those

cases involving it, but I do have them readily

available and we'll do that.

In the meantime, could we get the names

of every one else who is here. Let's see, we had

Mr. Danielson, Mr. Hemenway -- your name, sir?

MR. HOAI: Mr. Hoai.

THE COURT: And your name, sir?

A VOICE: (Inaudible).

THE COURT: Now, is he a witness?

MR. HEMENWAY: He's a party.

THE COURT: Oh, he's a party. That's

wrong.

9

1   Your name, sir, in the back?

2   MR. PEEL:  My name is Ernest Peel

3   (phonetic), and I am with the Sun Oil Company and I

4   am the official in this. I guess I was asked to be

5   here --

6   THE COURT:  Is that a corporation?

7   MR. OTTMAN:  It is a corporation.  I do

8   not believe Mr. Peel --

9   THE COURT:  Have they been served?

10  MR. OTTMAN:  Yes, on the corporation trust

11  and we called Mr. Peel who is the only contact

12  person we had for the corporation.  I might suggest

13  --

14  THE COURT:  They have to appear through

15  counsel.

16  MR. OTTMAN:  I appreciate that and I was

17  going to raise the question about Mr. Peel's

18  presence because the very best he could be would be

19  a witness at this stage.

20  THE COURT:  That's true, but we would have

21  to have him step outside.

22  what is your name?

23  MR. DAVIDSON:  Phil Davidson, counsel for

24  the Plaintiff.

25  THE COURT:  Which Plaintiff -- on --

11

1    MR. DAVIDSON: Thanh Van Vo.

2    THE COURT: Okay.

3    MR. HEMENWAY: Your Honor, I don't

4    understand your decision on Mr. Peel.

5    THE COURT: Is there an attorney here

6    representing the corporation?

7    MR. HEMENWAY: I see your point, and

8    therefore, in lieu of an attorney or even if an

9    attorney were present, Mr. Peel should not be in the

10    room is what you're saying.

11    THE COURT: Not necessarily, but a

12    corporation has to be represented by counsel under

13    the Rules of our court.

14    MR. HEMENWAY: It is not represented.

15    that's true.

16    THE COURT: And it's not represented by

17    counsel. It needs to be, sir, you need to notify

18    your people.

19    MR. PEEL: Yes, well, I'll just wait

20    outside.

21    THE COURT: You can wait outside and be a

22    witness in this proceeding.

23    MR. OTTMAN: We have the code, if we can

24    find the section.

25    THE COURT: It should be -- is it 1693?

12

1       THE CLERK: Off the record, please.

2            (Off the record.)

3       THE COURT: All right, counsel is

4    reviewing Canon 5102. Mr. Danielson, you wish to say

5    something?

6            MR. DANIELSON: Your Honor, if I may

7    suggest, Mr. Hemenway did not become in any way

8    involved in this incident until August the 25th, and

9    there are many events including the validity of a

10   contract as to who has the possessory right to

11   operate this particular gas station. Mr. Hemenway

12   was not in any way involved in that portion of this

13   case.

14            THE COURT: But I understand that the

15   action involves an alleged wrongful eviction in

16   which Mr. Hemenway participated according to the

17   allegations in the complaint.

18            MR. DANIELSON: That's right, but there

19   was no possessory right to be there --

20            THE COURT: Well, even so, if that becomes

21   an issue, it is alleged he participated in it. He

22   clearly would be a witness.

23            MR. DANIELSON: That's right, and --

24            THE COURT: And the Canons speaks to

25   witnesses in the proceedings.

13

 1    MR. DANIELSON: What I am suggesting your
 2    Honor is, possibly Mr. Hemenway can represent the
 3    Defendant through those events before August the
 4    25th when he became involved, he will not be any
 5    kind of a witness relative to those events including
 6    the consummation of what we consider an invalid
 7    contract.
 8    THE COURT: All right, well, I'm not sure
 9    that one could bifurcate the issues in that manner.
10    but even if one could, for purposes of the TRO, it
11    would certainly seem that the activities in which it
12    is alleged that Mr. Hemenway was involved, would be
13    pertinent to the inquiry today.
14    MR. DANIELSON: That's true.
15    THE COURT: So that clearly would be
16    something that it would seem to me for which the
17    other parties might need other counsel and the Canon
18    speaks in mandatory terms rather than permissive
19    terms and therefore, it seems a little inappropriate
20    at this time since he -- he is not just a party, he
21    clearly, even if he were for some reason allowed out
22    of the case, is clearly involved in some of the
23    events that are pertinent to this particular
24    hearing. So I don't know what you want to do --
25    MR. HEMENWAY: Your Honor, I would make

14

1   one point, that these appear to be the Canons of the

2   American Bar Association, and not the D.C.

3   THE COURT: Our Canon is -- that is the

4   precisive language that I recall.

5   MR. HEMENWAY: You know that.

6   THE COURT: Yes.

7   MR. HEMENWAY: Yes. All right.

8   THE COURT: But I am pulling right now

9   just to double check it, but that is precisely what

10  I recall.

11  MR. HEMENWAY: Further, I would say this.

12  that I am representing Mr. Hoai pro bono.  He has

13  been subjected to abuse and --

14  THE COURT: But I don't think that that

15  will obviate or get rid of the ethical

16  considerations imposed by the Canons that you're

17  doing this pro bono.

18  MR. HEMENWAY: well, except that even on

19  this very short notice, we have as you noticed.

20  brought a number of witnesses so that the merits of

21  a TRO will not hold, could not hand, on anything

22  that I would say or be a witness to. and as I told

23  you it was not my intention to be a witness.  So

24  independent of me. there will be a considerable body

25  of informed personal testimony that's available to

15

 1    this Court in judging the TRO, coming from people
 2    that are totally independent of any view I might
 3    have.
 4         MR. OTTMAN: If the Court please, I might
 5    very well, based on that testimony, call Mr.
 6    Hemenway myself as a rebuttal witness. He can't
 7    guarantee that.
 8         THE COURT: The language says that if the
 9    lawyer learns, it is obvious that he or his firm
10    ought to be called as a witness on behalf of his
11    client, he shall withdraw from the conduct and shall
12    not continue representation.
13         MR. HEMENWAY: I can't understand how, in
14    defending a client's interest, legally and properly
15    which of course would be my position, one can
16    legitimately become a witness, a legitimate witness,
17    until the Court makes some preliminary observations
18    as to whether the nature of the charges totally
19    specious or have some foundation.
20         MR. OTTMAN: May I read that, your Honor?
21         THE COURT: Hm-hm.
22         MR. HEMENWAY: If that weren't the case.
23    we would have a situation that would dangerous
24    threaten Court's ability to have clients that need
25    either free or inexpensive legal held brought before

16

1   them and the --

2   THE COURT: I must tell you that this is a

3   rare circumstance which we are meeting here in terms

4   of your being a claimed, allegedly involved in the

5   events --

6   MR. HEMENWAY: A claimed witness, yes. I

7   think that's the right way to put it, your Honor.

8   THE COURT: Yes. It's a rare circumstance,

9   actually, it doesn't come up that much. So that it

10  doesn't interfere with the ability to get clients

11  represented customarily because it just doesn't

12  happen.

13  MR. HEMENWAY: It might, your Honor, if

14  packages --

15  THE COURT: I've had two of these in the

16  last nine years.

17  MR. DANIELSON: Your Honor, if I may, may I

18  review this. I think there is a way to make this

19  permissive on your part.

20  THE COURT: All right.

21  MR. DANIELSON: 5102-A suggests, "If after

22  undertaking employment in contemplated or pending

23  litigation, a lawyer learns or it is obvious that he

24  or a lawyer in his firm ought to be called as a

25  witness on behalf of his client --" on behalf of his

1  client-- "--he shall withdraw from the conduct of the

2  trial, and his firm, if any, shall not continue

3  representation in the trial except that he may

4  continue the representation and he or a lawyer in

5  his firm may testify in the circumstances

6  enumerated." Now, that suggests on behalf of his

7  client he may be called as a witness on behalf of

8  his client. Now, Mr. Hemenway is suggesting that he

9  will not be a witness on behalf of his client. This

10  protects his client's interest not the other side's

11  interest.

12      MR. HEMENWAY: It suggests the propriety

13  too of the lawyer, the attorney being named as

14  witness in the first instance.

15      THE COURT: With these allegations, I

16  don't see how he could avoid being called as a

17  witness at some point.

18      MR. HEMENWAY: Yes, but it says for his

19  client, your Honor.

20      THE COURT: And for his client at some

21  point to refuse the allegations that are alleged

22  here, at some point it would seem to me that clearly

23  he is going to have to get on the stand and testify

24  about these matters if he remains a party to these

25  proceedings, and if these allegations against him

18

1    and whatever actions were alleged to have been taken

2    on behalf of the other defendant by him.  So --

3    MR. HEMENWAY:  Well, I go in 2B, "If after

4    undertaking employment in contemplated or pending

5    litigation a lawyer learns or it is obvious that he

6    or a lawyer in his firm may be called as a witness

7    other than on behalf of his client, he may continue

8    the representation until it is apparent that his

9    testimony is or may be prejudicial to his client,"

10   So it is only his client's interest that are

11   discussed in this particular disciplinary rule.

12   Only his client's interest.

13   THE COURT:  Well, his client's interest.

14   the rule exists for the protection of the client's

15   interest but nevertheless, it doesn't indicate that

16   he could not -- he might necessarily be called and

17   still have to testify in a manner so as to support

18   the allegations of his client.  And the point of the

19   -- another point of the rule is to that so you don't

20   have the lawyer advancing the credibility side of

21   his case and at the same time subjecting his own

22   credibility to scrutiny before the same tribunal.

23   in other words, you don't want a lawyer who, on the

24   one hand gets up on the stand and swears to tell the

25   truth and the whole truth and tells a story

1    favorable to his client, who at the same time has to
2    make representations on behalf of the entire
3    proceeding and where his credibility is placed in
4    issue by virtue of him having taken the stand, it is
5    just an awkward and inappropriate and unhealthy and
6    unethical sort of situation.
7         MR. DANIELSON: What I am suggesting, your
8    Honor, the issue, or one of the issues here is
9    possessory interest rights. The ownership rights
10   are clearly with Sun Oil Company. But the
11   possessory interest rights to me, there is nothing
12   wrong with Mr. Hemenway representing his client
13   regarding those possessory interest rights. There
14   is no way he could be a witness or against his
15   client --
16        THE COURT: I understand that.
17        MR. DANIELSON: -- on such a point. And
18   what we are requesting is that Mr. Hemenway be
19   allowed to represent his client up until such time
20   as it because apparent that Mr. Hemenway's appearing
21   as a witness at such time as he became involved in
22   the case.
23        THE COURT: Well, what I am suggesting to
24   you is that the case is not going to be bifurcated.
25   We're not going to hear testimony and presentations

on only the possessory rights and then the

proceeding is closed and we make some decisions and

then we move into the next phase where we determine

whether or not there has been any ouster or eviction

and that sort of thing.  It's a unitary proceeding

and therefore, we cannot do it as a bifurcated one,

and your suggestion while it certainly sounds

pragmatic, I don't think gets us around the

obligations imposed by the Canons and I don't know

how you want to handle this, but if you want to

figure out some way to go forward with them

represented, you can step outside and you can figure

that out.  But my view is at this point is that it

certainly would seem that this is a clear case for

disqualification, counsel.  And my inclination is

that you should not be representing these other

parties at any time in these proceedings including

now.

MR. HEMENWAY: Under those circumstances,

your Honor, we would request a recess of this

hearing until Monday at least.

MR. OTTMAN: If the Court please, the very

purpose of a TRO is to get immediate relief for

irreparable harm, and that would just simply defeat

the whole process.

21

```
 1          THE COURT:  I can't do that, but I tell
 2   you what I could do since we probably aren't going
 3   to conclude this hearing tonight, if I can adjourn
 4   you until tomorrow morning.
 5          MR. DANIELSON:  I'm afraid I am going to
 6   be in another court tomorrow morning, your Honor.
 7          MR. OTTMAN:  I'm prepared to go forward on
 8   the pleadings.
 9          MR. HEMENWAY:  There are, of course, in my
10   view, which I would have been prepared to argue
11   either for myself or for my clients, there is some
12   major fatal problems with this TRO and they include
13   just on service value --
14          THE COURT:  Well, there is -- I don't want
15   you to argue the merits of the TRO at this point.
16   The only determination I am trying to make now is
17   whether or not we could accommodate every one by a
18   short postponement which would not be longer than
19   tomorrow.  Since it is a TRO, I think we have to at
20   least hear them unless they consented to having it
21   at a later date.
22          MR. OTTMAN:  If the Court Please, we have
23   suffered mightily at the hands of the Defendants, we
24   are here pursuant to the emergency relief accorded
25   us by Rule 65, we stayed up all night getting
```

22

1    pleadings together, we --

2    THE COURT: Does that mean that you do not

3    consent to a --

4    MR. OTTMAN: If the question is do I

5    consent? The answer is no, your Honor.

6    MR. ROSEMAN: If I may make one point,

7    your Honor, this service station in question is a 24

8    hour service station.

9    THE COURT: I understand.

10    MR. HEMENWAY: But there is another

11    consideration. The counsel's opposite, I

12    understand, blocked your time for this hearing

13    yesterday. They have refused to tell me over the

14    telephone at what time of the day they blocked the

15    time and one of the counsels in the firm suggested

16    that she would even be in trouble if she told me

17    what time they called the court to block your time,

18    your Honor, and I do feel that they could have given

19    me a telephone call when they first decided to take

20    this action blocking the time to give me enough

21    notice to have appropriate counsel here. The fact

22    is, as your clerks --

23    THE COURT: Let me ask you this, counsel.

24    will a short postponement until tomorrow be of any

25    assistance to you?

23

1    MR. HEMENWAY: Yes, that would solve our

2  problem, we could --

3    MR. DANIELSON: At least until mid-

4  afternoon, your Honor.

5    THE COURT: Well, mid-afternoon is a

6  problem.  Do we have a hearing tomorrow?

7    THE CLERK: We do have one scheduled for

8  2:30.

9    MR. HEMENWAY: We can follow that, your

10  Honor.

11    THE COURT: Which is right in the middle

12  of everything.

13    How long is this one going to take?

14    MR. OTTMAN: If the Court please, I am

15  prepared to go forward on argument.  The Defendants

16  presumably have some defense to the facts we have

17  alleged, but the defense that I've heard alleged to

18  date is the issue of who had the possessory right

19  which is not before the Court, that's the question

20  for the ultimate decision in the trial of the case.

21  We're talking about whether there was wrongful

22  eviction and that's a very narrow issue which we can

23  cover very quickly.  I mean all they have to do is

24  to say yea or no to the facts that have been

25  introduced.

24

1   THE COURT: Counsel, the point is that in

2   all probability, since it is now almost 5:30, we are

3   not going to conclude this hearing tonight.

4       MR. OTTMAN: I suspect that's so.

5       MR. HEMENWAY: And your Honor --

6       THE COURT: And since we're not going to

7   conclude it tonight, then it seems to me that you

8   are no worse off by postponing it to the morning so

9   that we can hear it all at once --

10      MR. OTTMAN: If it's the morning, your

11  Honor.

12      THE COURT: -- and render a decision.

13      MR. OTTMAN: May I propose one question,

14  your Honor?

15      THE COURT: I do have an 11:00 medical

16  emergency tomorrow morning, so that sort of

17  interferes with the mid morning.

18      MR. DANIELSON: I'm in court from 9:00.

19      MR. HEMENWAY: You would be free in the

20  afternoon, would you?

21      MR. DANIELSON: I would be free some time

22  after 1:00 thereabouts. I mean I'll be -- I trust

23  I'll be finished by 1:00.

24      MR. OTTMAN: If the Court please, then

25  we're going into the Labor Day weekend, one of the

38

1    biggest weekends in the gasoline business, we have
2    no protection. If our allegations are believed, my
3    client's assets are as we sit here being sold by the
4    Defendant. Every hour your that passes with the 24 hour
5    gas station we are being injured and to suggest a
6    delay that goes into tomorrow afternoon, it just,
7    you know, we're losing the benefit of the emergency
8    remedy. Truly, we could have come in here, your
9    honor, without even giving them the benefit of being
10   here and there are emergent circumstances of which
11   the Code provides it would have permitted us to do
12   that but we're here having given them notice and now
13   the notice is only serving to deprive us of the
14   remedy to which we are entitled.
15            THE COURT: What time is your matter, sir?
16            MR. DANIELSON: It's a hearing and I don't
17   know, I am told to be in court at 9:00 over in
18   Arlington County.
19            THE COURT: What kind of a hearing --
20            MR. DANIELSON: Well, I could be called
21   any time, but it involves --
22            THE COURT: Is there any way to postpone
23   it because this is an emergency?
24            MR. DANIELSON: I'm very doubtful, your
25   honor, because it has been delayed.

25

1    MR. OTTMAN: If the Court please, Fridays

2  in Arlington is a motions day and no cases are heard

3    to my knowledge.

4    MR. DANIELSON: I'm sorry, it's arguing a

5    motion.

6    MR. OTTMAN: Thank you.

7    THE COURT: Don't you think that if the

8  Judge knew that it was an emergency, he would adjust

9  your schedule so that you could maybe go at 12 or in

10    the afternoon or something?

11    MR. DANIELSON: I'm sure he --

12    MR. HEMENWAY: Your Honor, I feel it is my

13  duty to call to the attention of the Court the

14  possibility that this emergency concept of the

15    attorney's opposite is being overblown --

16    THE COURT: Counsel, you see, the merits,

17  I don't know what the merits are at this point. It

18  could be that he is absolutely right or it could be

19  that he is absolutely wrong, or it could be, you

20  know, it is not as bad as it seems or as bad as he

21  thinks it is. Nevertheless, this is an emergency

22  proceeding, he is entitled to come in here -- this

23    why I'm here. I'm here to hear these emergency

24    matters. And when I go off duty there is an

25  emergency judge who takes other emergencies. So you

27

1    know, I am trying to accommodate you, but at the

2    same time I don't think that it is fair to the other

3    side to just sort of disregard their entitlement to

4    an early hearing.

5    MR. HEMENWAY: But why then, your Honor,

6    did they call me for the first time at 11:30 today,

7    when they knew that your time was blocked yesterday,

8    and these problems wouldn't have come up, we could

9    have accommodated. It's almost as if --

10    THE COURT: Well, I don't know that we

11    would have been any better off with Mr. Danielson,

12    who apparently already had this hearing scheduled on

13    Friday. And I don't know if you would have come

14    prepared or whether Mr. Hoai would have come .

15    prepared with another lawyer. I think really, the

16    only thing I can do is carry this over until 9:30

17    tomorrow morning and ask that you make every effort

18    to try to get everyone here that you need to have

19    here including a representative for Mr. Hoai that's

20    necessary.

21    I'll reschedule it until 9:30.

22    MR. HOAI: Can I say something, Judge?

23    MR. HEMENWAY: Yes, I have no objection.

24    MR. HOAI: (Indiscernible).

25    THE COURT: I'm sorry, sir. I can't --

28

understand.

MR. HOA!: Not giving me enough time to

look for to (indiscernible). So I would like to

request, you know, the court can be held at

afternoon time.

MR. HEMENWAY: Did you hear him?

THE COURT: I understood that. But sir,

as I said before, this is an emergency hearing.

Technically, had I gotten the papers sooner, I

probably would have started this case at 3:30 and I

would have been able to get it all on. But it took

me quite awhile to read the papers and therefore,

that's -- we're late in the day and therefore I am

going to carry it over until the morning. However,

they are entitled to have an emergency hearing and

sometimes because of this entitlement, people do not

have time necessarily to prepare, but it is an

emergency proceeding and there is a certain showing

that they have to make, and this is just the first

hearing and no matter what occurs here, whether it

is granted or denied, you will have another day in

court, 10 days from now or depending on what the

outcome is, certainly within the next two weeks,

this will not be the only hearing. You will have

this hearing and -- before the emergency, then you

29

1  will have another hearing and that will certainly
2  give you the time that you need.  But this is the
3  best I can do in fairness to both sides, your
4  problem today and this is really a compromise in a
5  sense, but it's the best I can do at this time, so
6  tomorrow morning at 9:30.
7       MR. OTTMAN: We'll be here, your Honor.
8       MR. HEMENWAY: Thank you, your Honor.
9       MR. DANIELSON: Thank you, your Honor.
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

# C E R T I F I C A T E

I, JOHANNA LI MATO, J & J COURT TRANSCRIBERS, do hereby certify that I transcribed the proceedings had and the testimony adduced upon the hearing in the matter of THANH VAN VO VERSUS THANH VONG HOAI, ET AL, DOCKET NUMBER CA-7075-86, heard on August 28, 1986 in courtroom number 2100.

I further certify that the foregoing 29 pages were transcribed from tape recording of said proceedings, to the best of my ability.

In witness whereof, I have hereto subscribed my name, this the 10th day of September 1986.

JOHANNA LI MATO,
J&J COURT TRANSCRIBERS