PLAINTIFFS'
EXHIBIT E

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

CIVIL DIVISION

THANH VAN VO, d/b/a
SUNTECH SUNOCO INC.,

         Plaintiff,

    v.

THANH VONG HOAI, et al.,

         Defendants.

:
:
:
:
:
:
:
:
:
:

Civil Action No. 7075-86
Civil I - Judge Weisberg

ORDER

This matter is before the court on defendants' motion to dismiss the amended complaint for failure to state a claim and on a variety of other motions filed by both plaintiff and defendants.*/ Briefly stated, plaintiff alleges that he loaned defendant Hoai money to assist him in obtaining a gas station franchise from Sun Oil Company in the spring of 1986, for which Hoai would not have qualified on his own. Thereafter, Hoai signed his rights to the franchise over to plaintiff, in a written contract agreement, including a promise by Hoai to obtain the necessary approval for the transfer from Sun Oil. Plaintiff then began to operate the station until August 25, 1986, when it is alleged that defendants entered the premises and forcibly ejected him. On August 29, a Judge of this Court granted plaintiff's motion for a temporary restraining order,

_____

*/ The motions are: defendants' motion for a more definite statement; plaintiff's motion for an order to show cause; defendants' motion to dismiss plaintiff's motion for an order to show cause and for other relief related to the temporary restraining order; defendants' motion for a discovery conference and for Rule 11 sanctions.

which ordered defendants to return the station and its assets to plaintiff. On September 8, 1986, Sun Oil Company entered into an agreement with plaintiff, embodied in a Consent Order, whereby it continued to supply plaintiff with petroleum products. The September 8 Consent Order also extended the TRO to March 31, 1987, as it applied to plaintiff and Sun Oil Company, which was then a defendant. As to the other defendants, the TRO expired on September 8, 1986. Defendants' interlocutory appeal of the TRO was dismissed as moot by the District of Columbia Court of Appeals on March 4, 1988.

**I.    The Motion To Dismiss The Complaint**

Plaintiff's complaint states claims on which relief may be granted. Without alleging that defendant Hoai was his "landlord," and whether or not plaintiff can prove that defendants' allegedly tortious conduct on August 25, 1986 was a "wrongful eviction," plaintiff has alleged that he had a contractual right to possession and quiet enjoyment of the service station premises and that defendants violated that right when they forcibly ejected him. Plaintiff's claims in Counts I (Breach of Contract), II (Trespass), IV (Conversion), V (Lost Profits), VI (Tortious Interference With Business), VII (Tortious Interference With Contract), IX (Wrongful Eviction) and X (Civil Conspiracy) of the Complaint are all premised on the validity of his contract with Hoai to take over the station, and his right to possession and to operate the business as his own, which he acquired under that contract.

Each of these counts states a claim on which relief may be granted. Defendants' argument that the contract violated the Petroleum Marketing Practices Act, 15 U.S.C. §2801 et seq., appears to be based on an incorrect reading of the Act, in light of the controlling provisions of the Retail Service Stations Act, D.C. Code §10-225 (1981). In any event, resolution of these questions of law must be deferred until a later stage of this case, after additional discovery is taken; at this stage, the motion to dismiss the counts in the complaint based on the contract must be denied.

Count III properly alleges an assault, and there is no basis on which that count should be dismissed for failure to state a claim. Count VIII alleges that defendant Hoai failed to repay a loan that plaintiff made to him as partial consideration for the transfer of the business from Hoai to Vo. The court has personal jurisdiction over Hoai and subject matter jurisdiction over this count, and there is no basis to dismiss it. Count XI simply seeks declaratory and injunctive relief in addition to damages. It is properly pled, and plaintiff may well be able to prove his entitlement to declaratory and equitable injunctive relief. The motion to dismiss this count, too, must be denied.

**II.    The Motion For A More Definite Statement**

As an alternative to their motion to dismiss, defendants have moved for a more definite statement of the complaint, particularly with reference to allegations that plaintiff

loaned defendant Hoai money on more than one occasion and that he expended additional funds for the inventory and operation of the gas station business. Defendants contend that the source of these funds may have been illegal or that the money came from the proceeds of the business itself, which they allege Plaintiff usurped illegally from defendant Hoai.

Defendants' motion is frivolous. The complaint is obviously drafted with sufficient specificity to enable defendants to formulate a proper responsive pleading. The rules of discovery provide defendants with sufficient tools to discover the basis of plaintiff's various allegations relating to his loans to Hoai and his expenditure of money to operate the business. The motion for a more definite statement must be denied.

III. **Plaintiffs' Motion For An Order To Show Cause and Defendants' Motion To Dismiss Plaintiffs' Motion For An Order To Show Cause And For Further Relief**

Judge Wagner issued a temporary restraining order on August 26, 1986, ordering defendants to vacate the service station and return possession of the station and its assets to plaintiff. Plaintiff seeks to have defendants held in contempt for allegedly refusing to return cash and other assets of the business when they vacated the premises. Defendants oppose the motion, deny the allegations, and cross-move for a declaration that the TRO was invalid and for an injunction that plaintiff's bond, a condition of the granting of the restraining order, should be maintained, or even increased.

As to the remaining defendants, the TRO expired by its own terms on September 8, 1986, and it expired as to plaintiff and Sun Oil Company on March 31, 1987. Defendants' interlocu-tory appeal of the TRO was recently dismissed as moot. The issues relating to defendants compliance or non-compliance with the TRO are all intertwined with various counts of plaintiff's complaint, particularly the count alleging the tort of conversion, and would necessarily be litigated at a trial of the merits of this lawsuit. No useful purpose would be served by a contempt hearing at this stage. Plaintiff's motion for an order to show cause will be denied, and defendants' motions relating to the TRO will also be denied. Plaintiff is entitled to the return of his bond, if he does not already have it.

**IV.    Defendants' Motion For A Discovery Conference And For Rule 11 Sanctions**

Discovery in this case is at a standstill, in part because it has taken the court so long to rule on the pending motion to dismiss and the other motions. Discovery should now begin under the Rules of the Court, and there is no need for a conference for that purpose.

In the court's view, if any party should be sanctioned under Rule 11, it is defendants, not plaintiff. Defendants have made a relatively simple case unnecessarily complicated; and by their filing of voluminous motions, many of which are patently frivolous, and most of which are replete with

inappropriate and irresponsible ad hominem attacks against plaintiff and others, defendants have diverted this case off the Civil II calendar, where it belongs, requiring special assignment to a single judge for all purposes. The court will refrain from imposing sanctions against counsel or any party at this time, with the hope -- and it is a faint hope at that -- that reason and good judgment will prevail, and this case will now get back on a normal track through discovery to trial, or disposition without trial. The court admonishes all counsel and parties, however, that any discovery abuses will be dealt with summarily and harshly, and substantial sanctions will be imposed against any party or counsel found to have abused the process or to have conducted himself unprofessionally.

For all of the foregoing reasons, it is this 26th day of July, 1988

ORDERED that defendants' motion to dismiss the amended complaint be, and it hereby is, denied; and it is further

ORDERED that defendants' motion for a more definite statement of the complaint be, and it hereby is, denied; and it is further

ORDERED that plaintiff's motion for an order to show cause be, and it hereby is, denied; and it is further

ORDERED that defendants' motion to dismiss plaintiff's motion for an order to show cause and for other relief relating to the temporary restraining order be, and it hereby is, denied; and it is further

ORDERED that defendants' motion for a discovery conference and for sanctions be, and it hereby is, denied; and

it is further

ORDERED that defendants shall have until August 26, 1988 in which to file their answers to the amended complaint; and it

is further

ORDERED that this matter shall be set down for a scheduling conference in chambers at 9:15 a.m. on September 16, 1988.

_Frederick H. Weisberg_

JUDGE FREDERICK H. WEISBERG

DOCKETED JUL 28 1988

Date _July 26, 1988_

Copies to:

Robert Pleshaw
1819 H Street, N.W.
Washington, DC 20006

Laurence A. Elgin
John David Hemenway
4816 Rodman Street, N.W.
Washington, DC 20016

-7-