UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
FEB 13 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| THANH VONG HOAI, et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) Civ. No. 06-210 (RJL) |
| SUPERIOR COURT OF THE, DISTRICT OF COLUMBIA, et al. | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION
(February 13, 2007) [#11]

Plaintiffs, Thanh Vong Hoai, John D. Hemenway, and David Hemenway, filed the instant action against defendants, the Superior Court of the District of Columbia; the District of Columbia Court of Appeals; the Panel of Judges of the District of Columbia Court of Appeals; Anne B. Wicks, Executive Officer, District of Columbia Courts; the Board of Judges of the District of Columbia; Rufus G. King, III, Chief Judge, Superior Court of the District of Columbia; Eric T. Washington, Chief Judge, District of Columbia Court of Appeals; and Herbert B. Dixon, Jr., Judge, Superior Court of the District of Columbia, seeking, *inter alia*, to enjoin the municipal courts of the District of Columbia—pursuant to the "relitigation exception" to the Anti-Injunction Act, 28 U.S.C. § 2283—from permitting the litigation of an issue that plaintiffs contend was already decided in a previous action before Judge Oberdorfer of this Court. (*See* Am. Compl. at Count I.) Currently before the Court is plaintiffs' Motion for Preliminary and Permanent Injunction. Upon due

consideration of the parties' submissions, the relevant law, and the entire record herein, plaintiffs' Motion is DENIED.

## BACKGROUND[1]

In early April 1986, using funds partially furnished by non-party Thanh Van Vo ("Vo"), plaintiff Thanh Vong Hoai ("Hoai") entered into a franchise agreement with non-party Sun Refining and Marketing Company ("Sunoco") for a term ending March 31, 1987. Generally, the agreement leased to Hoai a service station located at 2305 Pennsylvania Avenue, S.E. in Washington D.C. and authorized him to sell Sunoco branded motor fuel. There is pending an unresolved dispute between Hoai and Vo as to which of them was entitled to possession and was in fact in possession from April through August 25, 1986. It is Hoia's claim that he was threatened with murder and then driven out of his gas station by Vo, with the help of other Vietnamese.

After Hoai attempted to recover his station from Vo, Vo filed suit in D.C. Superior Court against Hoai, Sunoco, and others on August 28, 1986. Following a hearing the next day, the court granted a temporary restraining order ("TRO") that reinstated Vo in the gas station, removed Hoai from the station, and directed Sunoco to continue supplying petroleum products to the station.

On September 8, 1986, the Superior Court ratified a consent order between Sunoco

---

[1] The "Background" section of this Memorandum Opinion has been adapted directly from our Circuit Court's earlier opinion in *Hoai v. Sun Refining & Marketing Co.*, 866 F.2d 1515 (1989), and Judge Oberdorfer's opinion in *Hoai v. Sun Refining & Marketing Co.*, No. 87-2456-LFO, 1990 U.S. Dist. LEXIS 13015 (D.D.C. Oct. 1, 1990). Internal quotations and citations are omitted.

and Vo. The order extended the TRO for seven months as to Sunoco and Vo, and required Sunoco to continue to supply petroleum products to the station after the expiration of the TRO, until the dispute between Vo and Hoai was resolved or the franchise terminated. The effect of the consent order was specifically limited to Sunoco and Vo.

Hoai was not informed about the consent order until after it was ratified. He then appealed the order to the D.C. Court of Appeals. The appeal was still pending on April 7, 1987, when Sunoco terminated the franchise. Neither Hoai nor Vo is now in possession of the station. On March 14, 1988, the D.C. Court of Appeals ruled that Hoai's appeal of the consent order was moot, and the court remanded the case to the Superior Court for a trial on the merits of Vo's claim against Hoai.

Meanwhile, on September 8, 1987, Hoai filed suit in federal court against Sunoco, alleging that Sunoco had unlawfully terminated Hoai's franchise in violation of the Federal Petroleum Marketing Practices Act ("PMPA"), 15 U.S.C. § 2801 *et seq.*, by entering into the agreement with Vo embodied in the consent order. Sunoco moved to dismiss the complaint on abstention grounds.

On May 26, 1988, Judge Oberdorfer of our Court denied Sunoco's motion, but *sua sponte* stayed the proceedings in order to give deference to the Superior Court. On appeal, our Circuit Court treated the stay as a dismissal, reversed the District Court's decision, and remanded the case for a trial on the merits.

On remand, upon consideration of the parties' cross-motions for summary judgment,

the District Court entered judgment in favor of Hoai. The Court held that Sunoco had terminated the franchise agreement without notice on September 8, 1986 (at the latest) in violation of the PMPA.

Over twenty years later, on February 2, 2006, plaintiffs filed the instant action in this Court, and on June 16, 2006, they amended their Complaint to add the claim that serves as the basis of their current Motion for Preliminary and Permanent Injunction. (*See* Am. Compl. at Count I.) Simply stated, plaintiffs now seek to enjoin the still-pending action between Hoai, Vo, and others in the D.C. municipal courts (*see Vo v. Hoai*, No.7075-86 (D.C. Sup. Ct.)), on the basis that it involves an issue[2] that has been previously ruled upon by Judge Oberdorfer of this Court. For the following reasons, plaintiffs' Motion is DENIED in its entirety, and Count I of the Amended Complaint is DISMISSED.

## ANALYSIS

The Anti-Injunction Act, 28 U.S.C. § 2283, generally bars a federal court from granting an injunction "to stay proceedings in a State court."[3] In the face of this prohibition,

---

[2] Although plaintiffs' initial Motion seems to merge together the concepts of claim and issue preclusion (*see, e.g.*, Pls.' Mot. at 1 ("[Plaintiffs] seek to enjoin relitigation in the municipal courts of the District of Columbia of the claim and issue thus precluded.")), their Reply to the Opposition of the Defendants to Plaintiffs' Motion for a Preliminary and Permanent Injunction ("Reply") makes clear that "they do not seek claim preclusion; their motion is for issue preclusion" (Pls.' Reply at 8). Specifically, plaintiffs claim that "the 'issue' of ownership of the franchise was litigated and decided in the PMPA suit by Hoai against Sun in this Court" and therefore should be precluded from relitigation in the D.C. municipal courts. *Id.*

[3] The Court will assume that the District of Columbia is a "State" within the meaning of § 2283. *See Thomas v. Powell*, 247 F.3d 260, 261 (D.C. Cir. 2001).

plaintiffs move this Court for just such an injunction.[4] To be clear, defendants in this action—and thus the parties that plaintiffs seek to enjoin—are the Superior Court of the District of Columbia; the District of Columbia Court of Appeals; the Panel of Judges of the District of Columbia Court of Appeals; Anne B. Wicks, Executive Officer, District of Columbia Courts; the Board of Judges of the District of Columbia; Rufus G. King, III, Chief Judge, Superior Court of the District of Columbia; and Eric T. Washington, Chief Judge, District of Columbia Court of Appeals; Herbert B. Dixon, Jr., Judge, Superior Court of the District of Columbia. Because the relief requested is so extraordinary, however, plaintiffs bear a heavy burden to warrant its receipt.

Plaintiffs claim that the relief they request is permitted under an exception to the Anti-Injunction Act—commonly referred to as the "relitigation exception"—which authorizes a federal court to enjoin a state court in order to protect or effectuate its own judgment. *See* 28 U.S.C. § 2283 ("A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."). In order for plaintiffs to establish that the relitigation exception should apply, however, they must demonstrate that either the doctrine of res judicata or the doctrine of collateral estoppel bars

---

[4] Plaintiffs move for both preliminary and permanent relief. Because this Court finds that it is able to make a merits determination on the record before it (as plaintiffs present the Court with a question of law, not fact), and in light of plaintiffs' motion to consolidate the Court's preliminary injunction hearing with a trial on the merits of the permanent injunction request of Count I, pursuant to Federal Rule of Civil Procedure 65(a)(2) (*see* Pls.' Mot. for Preliminary & Permanent Inj. ("Pls.' Mot.") at 1), the Court will GRANT plaintiffs' motion to consolidate and dispense of any separate analysis for the issuance of preliminary relief.

the relitigation of a particular claim or issue already decided in this Court. *See Chick Kam Choo v. Exxon Corporation*, 486 U.S. 140, 148 (1988) (explaining that the relitigation exception only applies when "the claims or issues which the federal injunction insulates from litigation in state proceedings actually have been decided by the federal court"). Although plaintiffs' initial Motion seems to merge together the concepts of claim and issue preclusion (*see, e.g.*, Pls.' Mot. at 1 ("[Plaintiffs] seek to enjoin relitigation in the municipal courts of the District of Columbia of the claim and issue thus precluded.")), their Reply to the Opposition of the Defendants to Plaintiffs' Motion for a Preliminary and Permanent Injunction ("Reply") makes clear that "they do not seek claim preclusion; their motion is for issue preclusion" (Pls.' Reply at 8). Specifically, plaintiffs claim that "the 'issue' of ownership of the franchise was litigated and decided in the PMPA suit by Hoai against Sun in this Court" and is therefore precluded from relitigation by the doctrine of collateral estoppel. How so?

Pursuant to the doctrine of collateral estoppel, "the judgment in [a] prior suit precludes relitigation of issues actually litigated and necessary to the outcome of the first action." *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 327 n.5 (1979); *Yamaha Corp. of Am. v. United States*, 961 F.2d 245, 254 (D.C. Cir. 1992); *see also Connors v. Tanoma Mining Co.*, 953 F.2d 682, 684 (D.C. Cir. 1992) (placing the burden of showing that the same issue has been actually litigated and necessarily determined in the prior litigation on the party seeking to preclude relitigation). Plaintiffs assert that Judge Oberdorfer's judgment in favor of Hoai

6

on the basis that Sunoco unlawfully terminated its franchise agreement with Hoai "necessar[il]y impli[es]" that the federal court also determined "that the Sun franchise belonged to Hoai and not to Vo." (Pls.' Mot. at 13; *see also id.* (claiming that "[i]f [the franchise] was transferred to Vo as Vo claims in his Superior Court action, then it could not have been ruled in [the federal district court] that Sun illegally terminated a franchise belonging to Hoai in violation of a franchisor's obligations under the PMPA").) In other words, plaintiffs argue that a ruling on the issue of ownership of the franchise was necessary to the outcome of the federal case, and, therefore, the state court action, which also involves the issue of ownership, is barred under the doctrine of collateral estoppel. (*See* Pls.' Mot. at 13.) I disagree.

Judge Oberdorfer could not have been more clear in his opinion that he did not rule upon the issue of actual ownership of the service station. To the contrary, his judgment was limited to the contractual issue of whether Sunoco breached its franchise agreement with Hoai. Indeed, in his Memorandum Opinion, Judge Oberdorfer explicitly recognized that: "[t]here is pending an unresolved dispute between Hoai and Vo as to which of them was entitled to possession [of the service station] and was in fact in possession from April through August 25, 1986....*Whatever may be the ultimate resolution of the dispute between Vo and Hoai*, it is undisputed that Sunoco supplied motor fuel to whomever was occupying the station from April, 1986 until August 25 of that year." *Hoai*, 1990 U.S. Dist. LEXIS 13015, at *1-*2 (emphasis added). More importantly, Judge Oberdorfer specifically

7

acknowledged that "even if Sunoco had proper grounds for terminating Hoai's franchise"—such as Hoai's alleged inability to maintain possession of the premises and his absence therefrom, whether through no fault of Sunoco or Hoai himself—Sunoco's "failure to give Hoai timely statutory notice invalidated that termination." *Id.* at *16-*17. Thus, it is abundantly clear that Judge Oberdorfer separated the issue of ownership—between Hoai and Vo—from the purely contractual issue before him—between Hoai and Sunoco—and did not intend for his decision to extend, either explicitly or implicitly as plaintiffs suggest, to the issue of ownership or possession of the franchise.

Moreover, under the plain language of the PMPA itself, Judge Oberdorfer was not required to consider the issue of ownership when making a determination about the franchise agreement and rights under that agreement. The PMPA's definition of "franchise" is limited to the contract at issue, and the definition of "franchisee" is limited to a contracting party.[5]

---

[5]    The PMPA, 15 U.S.C. § 2801 et seq., provides, in pertinent part:

(1)(A): The term "franchise" means any contract–
    (i) between a refiner and a distributor,
    (ii) between a refiner and a retailer,
    (iii) between a distributor and another distributor, or
    (iv) between a distributor and a retailer . . .

(B): The term "franchise" includes–
    (i) any contract under which a retailer or distributor (as the case may be) is authorized or permitted to occupy leased marketing premises, which premises are to be employed in connection with the sale, consignment, or distribution of motor fuel under a trademark which is owned or controlled by such refiner or by a refiner which supplies motor fuel to the distributor which authorizes or permits such occupancy;
    (ii) any contract pertaining to the supply of motor fuel which is to be sold, consigned or distributed . . .

(4) The term "franchisee" means a retailer or distributor (as the case may be) who is

The PMPA simply does not address the "ownership" that plaintiffs wish to establish.

Finally, plaintiffs' argument that our Circuit Court "abolished the argument that the franchise ever belonged to Vo" (Pls.' Mot. at 23), must be similarly rejected. Prior to Judge Oberdorfer deciding the case on remand, our Circuit Court considered whether Hoai should be allowed to bring his claims in federal court despite concurrent proceedings in Superior Court. Our Circuit Court ultimately determined that the federal action would not "unduly interfere with the action in Superior Court" because the issues at hand in the federal and state actions were different. *Hoai v. Sun Refining & Mktg. Co.*, 866 F.2d 1515, 1519 (D.C. Cir. 1989) (noting that "Hoai's sole complaint involves Sunoco's agreement to continue supplying gasoline to Vo rather than to Hoai, not the Superior Court's resolution of the dispute between Vo and Sunoco or between either of those parties and Hoai"). Thus, our Circuit Court additionally concluded and acknowledged that the issues involved in the dispute between Hoai and Vo were separate and distinct from those involved in the PMPA action before Judge Oberdorfer. Accordingly, plaintiffs have not met their burden of showing that the issue they seek to enjoin from litigation in the D.C. municipal courts was actually litigated and necessarily determined by this Court.

---

authorized or permitted, under a franchise, to use a trademark in connection with the sale, consignment, or distribution of motor fuel.

## CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiffs' Motion for a Preliminary and Permanent Injunction and, accordingly, DISMISSES Count I of the Amended Complaint. An appropriate order will issue with this Memorandum Opinion.

                                                                             RICHARD J. LEON
                                                                             United States District Judge