# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

THANH VONG HOAI, *et al.*           )
         Plaintiffs,              )
                     )
v.                                  ) CIVIL ACTION NO.  1:06-cv- 00210-RJL
                     )
                     )
The SUPERIOR COURT of the           )
DISTRICT of COLUMBIA, *et al.,*     )
         Defendants.              )

## PLAINTIFFS' MOTION FOR RECONSIDERATION

Plaintiffs hereby, acting through counsel, urge the Court to reconsider and vacate

its decision of February 13, 2007, for the reasons given in the accompanying

memorandum of points and authorities in support.


Respectfully submitted,

  /s/

_____
Laurence A. Elgin #159582
Suite 900, South Building
601 Pennsylvania Avenue, NW
Washington, D. C. 20004-3615
TEL:   (202) 628-1114
FAX:   (202) 628-6798

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

THANH VONG HOAI, *et al.*                   )
           Plaintiffs,                           )
                        )
v.                                          ) CIVIL ACTION NO.  1:06-cv- 00210-RJL
                        )
                        )
The SUPERIOR COURT of the                   )
DISTRICT of COLUMBIA, *et al.,*             )
           Defendants.                          )

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR RECONSIDERATION

This case is presently on appeal.  No mandate has issued and matters in the Court of Appeals are still under consideration.  This additional decision is not in aid of the appeal.  There is a possibility that the resolution of the present appeal could affect matters decided in this recent opinion since it too involves the specific exceptions contained in the Anti-Injunction Act.  28 U.S.C. § 2283.  Therefore, this recent judgment should be vacated until the present appeal is finished and the mandate issues.  The filing of the notice of appeal divested this Court of those aspects of the case involved in the appeal. *LaRouche v. United States Department of the Treasury*, 112 F.Supp.2d 48, 51-52 (D.D.C. 2000), citing *United States v. DeFries*, 129 F.3d 1293, 1302 (D.C.Cir. 1997), citing in turn *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982).

Further, even if the case still were before this Court rather than the United States Court of Appeals for the District of Columbia Circuit, the opinion, with all due respect, contains clear error.  Most prominently, this Court declares that it was not necessarily

decided in the prior Hoai PMPA case that Hoai rather than Vo owned the franchise and

that the question of that ownership of the franchise remained unresolved to be decided in

the Superior Court litigation.  We submit that this Court makes that decision in error.

When issue preclusion is sought that which is precluded includes not only what is

specifically articulated as decided but also that which must necessarily be decided in

order to reach the decision articulated in light of what was argued before the court.  This

the Court concedes, citing the landmark decision of the Supreme Court in *Parklane*

*Hosiery Co. v. Shore*, 439 U.S. 322, 327 n.5 (1979) as well as the often cited decision by

the United States Court of Appeals for this circuit, *Yamaha Corp. of America v. United*

*States*, 961 F.2d 245, 254 (D.C.Cir.1992) and also *Connors v. Tanoma Mining Co.*, 953

F.2d 682, 684 (D.C.Cir. 1992).

Where plaintiffs believe that this Court has erred in this recent decision is in

describing what was decided and also in failing to comprehend what, by definition, a

franchise is under the Petroleum Marketing Practices Act (PMPA) 15 U.S.C. § 2801 *et*

*seq.*  This has interacted, the plaintiffs Hoai and the Hemenways submit, with a failure to

properly analyze what it is that Vo claimed and pursued in his operative complaint.  For,

an analysis of that complaint is necessary to see fully what the "dispute" between Vo and

Hoai is as identified by Judge Oberdorfer.  It is that dispute as characterized by Judge

Oberdorfer which, as the Court emphasizes on page 7 of its memorandum opinion, Judge

Oberdorfer did not decide.

In the quote from Judge Oberdorfer's opinion of October 1, 1990 as reported in

*Hoai v. Sun*, CA No. 87-2456-LFO at 1990 U.S.Dist. LEXIS 13015, at *1 - *2, this Court

points what Judge Oberdorfer said was the dispute between Vo and Hoai that was

"pending" and "unresolved."  This Court, in its memorandum opinion of February 13, 2007, quotes as follows: "[t]here is pending and unresolved dispute between Vo and Hoai *as to which of them was entitled to possession [of the service station] and was in fact in possession from April through August 25, 1986.*"  (italicized emphasis added by plaintiffs Hoai and the Hemenways in this brief).  The question of entitlement to possession is what Judge Oberdorfer chose not to examine.

"Entitlement to possession" is not the same as the "franchise."  What a "franchise" is is defined in the PMPA as a matter of controlling and pre-emptive federal statutory law.  Plaintiffs pointed this out in their briefing at the outset.  At pp. 19-21 of their memorandum in support of their request for the preliminary and permanent injunction at issue, Document Number 11, plaintiffs gave a detailed exposition of how the "franchise" under the PMPA's controlling and pre-emptive definitions is defined as the "agreement" between the franchisor (Sun, in this case) and the franchisee (Hoai, in this case).  Thus, the right to possess as between Vo and Hoai is not the same as the ownership of the franchise.  See 15 U.S.C. § 2801 (1) and (10) in particular.  Judge Oberdorfer recognized that there might be a right to possession which he was not going to bother to look into, but that he was going to investigate and did investigate whether Sun illegally terminated Hoai's franchise as opposed to the disputed right to possession.

Plaintiffs respectfully submit that it appears that this pre-emptive definition in federal law of what a franchise is, if applied, exposes a misunderstanding that is expressed in the recent memorandum, a misunderstanding of what the Court of Appeals decided in *Hoai v. Sun Refining and Marketing Company, Inc.*, 866 F.2d 1515 (D.C.Cir.1989).  Thus, a page 9 of its memorandum, the Court points to the argument of

the plaintiffs, as set out at p. 23 of their motion and brief, that the Circuit Court

"abolished the argument that the franchise ever belonged to Vo," and states that that

argument "must be rejected."  We would ask the Court to reconsider and accept this

argument as far as it goes for the reason that the Court of Appeals did decide that Hoai, as

the Court correctly points out, might proceed with his argument that his franchise was

illegally terminated because Sun, without providing proper notification, gave the supply

of motor fuel that was an essential element of his franchise to Vo.  Hoai successfully

pursued this claim upon remand from that interlocutory appeal.   In doing so he first

obtained summary judgment against Sun on the issue of liability.

    In granting the present plaintiff Hoai that summary judgment in his opinion of

October 1, 1990, Judge Oberdorfer reviewed a number of PMPA cases and correctly

pointed out that the agreement to give the supply of motor fuel and the supplying of that

fuel under the agreement was one of three essential elements making up the contract that

is the franchise and that the breach of any one of the three essential elements or

components breaches the franchise.  In doing so he had to hold that Sun breached the

franchise of Hoai not a franchise that belonged to Vo.  So that the Court, on page 9 of its

memorandum appears to be confusing the franchise with the possessory right to which

Judge Oberdorfer did refer.  Judge Oberdorfer never said that there was an open dispute

as to who between Vo and Hoai owned the franchise.  He spoke instead of a possessory

right to the station.

    Speaking of the PMPA, Judge Oberdorfer noted in his opinion of October 1,

1989, that: "The franchise relationship between Hoai and Sunoco was also governed by

the Act, whose provisions apply despite agreements between the parties or state laws to

5

the contrary." He cited 15 U.S.C. § 2806 to support this assertion. He then went on to say: "Specifically, the Act provides that a petroleum franchisor may not terminate a franchisee except (1) upon grounds specified under the statute and (2) after prescribed notification." He then found that Sunoco as a franchisor had not provided the notification to Hoai as a franchisee that the Act requires when it gave the fuel supply of the franchise to Vo in Hoai's stead. The terms "franchisor" and "franchisee" are also pre-emptively defined in the Act under 15 U.S.C. § 2801 along with the term "franchise." They are defined at (3) and (4) of § 2801, respectively and they are defined in terms of authorization for trademark use and of "the sale, consignment or distribution of motor fuel." Thus, the Court's opinion does not take into account the controlling law and is in error when it speaks of the franchise in confusion with a question of some possible possessory right apart from the franchise and states that this Court and the Court of Appeals for this circuit did not decide about the "franchise."

-

As plaintiffs have previously pointed out, Judge Oberdorfer, at p. 6 of his October 1, 1990 opinion pointed out that courts, in their rulings under the PMPA have found the franchise (defined as an agreement, as we have pointed out) to have three elements, the two pointed out in the definitions of franchisor and franchisee above, namely, the contract for use of the trademark and the contract for the supply of motor fuel and a third element, "the lease of the premises." He cited to support this assertion of the three components:

> May-Som Gulf, Inc. v. Chevron, U.S.A., 869 F, 2d 917, 922 (6th Cir. 1989; see S.Rep. No. 731, 95th Cong., 2d Sess. 17 (1978), reprinted in 1978 U.S. Code Cong. & Ad. News 873 ("Senate Report"); Fresher v. Shell Oil Co., 846 F.2d 45, 46-47 (9th Cir. 1988)(per curiam).

Judge Oberdorfer then went on to hold, as we have previously also pointed out:

> When a contract concerning any of these three components is materially breached, courts have found termination under the Act. See, e.g., May-Som Gulf v. Chevron, U.S.A., 869 F.2d at 922, Frescher, 846 F.2d at 46-47; Barnes v. Gulf Oil Corp., 795 F.2d 358, 363 n.5 (4th Cir. 1986). [footnote omitted that makes clear this doctrine deals with actual and not constructive terminiation]  they draw this conclusion from the legislative history which specifically notes that the provisions of the Act may not be circumvented by a termination or non-renewal of the real estate lease or motor fuel supply agreement which thereby renders the trademark useless.

Judge Oberdorfer then found for Hoai against Sun, saying:

> In light of these principles, Hoai plainly terminated Hoai's franchise. Sunoco may have breached its lease to Hoai by permitting Vo to occupy the premises instead of Hoai. It certainly breached its agreement to supply motor fuel by supplying motor fuel to Vo instead of Hoai. This breach effectively terminated Hoai's franchise. Id. (emphasis added)

Thus, what Judge Oberdorfer left to be decided in the Superior Court was whether or not Sun breached its agreement with Hoai, in collusion with Vo, by letting Vo occupy the premises instead of Hoai.  He did not hold that it was unresolved as to who owned the franchise as pre-emptively defined in the PMPA.  He held that it was "Hoai's franchise." Moreover, he clearly held that there a franchise, under the Act, is composed of the three elements, the use of the trademark, the supply of motor fuel and the lease of the premises and that if all three are not present together there is a breach and, since a franchise is a contract, a breach destroys the franchise.

Thus, the issue of the franchise, as that term is pre-emptively defined in federal law, having belonged to Hoai, was litigated and necessarily determined in this Court and the court above.  Further, the issue of the leasehold belonging to Hoai rather than Vo was also determined, though it was left open that it might still be determined in the Superior

7

Court litigation that there was something violative of Hoai's rights about the way that Sun let Vo use the premises.

Thus, the question of who owned the franchise, including the leasehold, was determined and is precluded. But that leaves the question of whether or not, as we have said from the outset, there is some possessory right that Vo had that he may pursue under the complaint that he filed that is not part of the franchise under pre-emptive federal law. To determine whether there is such a claim once must examine Vo's complaint, of which a copy can be found in its original version attached to the plaintiffs' earlier TRO motion as Attachment E, and its amended, operative version, as Attachment F. It does not appear from the memorandum that plaintiffs are asking be reconsidered that that complaint has been analyzed by this Court in formulating its opinion. We urge that it do so.

Here there seems to have been some confusion. It is an issue that is precluded, plaintiffs have maintained, but it is the claim of the complaint that is precluded because it cannot be pursued by Vo without squarely encountering that issue already litigated. Judge Oberdorfer did not decide whether Sun illegally breached its contract of leasehold with Hoai but he made clear that Hoai's franchise was terminated by Sun, not Vo's, and that that franchise had three inseparable components. He left it open specifically as to whether there were other actions which Hoai could pursue against Sun for having given Hoai's leasehold to Vo in Hoai's stead, but he did not go into whether there were other possessory rights that Vo might pursue against Hoai and Sun without examining what they might be. Vo and his now defunct company sued Hoai and Sun to enforce a contract, for example, and that may present an issue not precluded, although in light of the law that plaintiffs have set out as to how 15 U.S.C. § 2806 enables and empowers the

"vetting" provisions of the franchise agreement which Vo admits in his complaint have not been fulfilled, that is doubtful. Vo in essence seeks to enforce that which contradicts the Act.

At this point, we suggest, the Court needs to look at Vo's complaint and decide if it makes any claims that will not run Vo into having to relitigate the issue of who owns the franchise, including the leasehold. As we have pointed out before, there is no such entity as the "station" divorced from the franchise and its components and to the extent that Vo's complaint speaks of an entity other than that pre-emptively defined in the PMPA and seeks to have that other entity transferred to him, it seeks that which, as Judge Oberdorfer noted, violates the Act. Even if the prior decisions in this Court do not preclude all of Vo's claim in his complaint, they do preclude anything that was actually litigated. *Nextwave Personal Communications, Inc. v. F.C.C.*, 254 F.3d 130, 147-149 (D.C.Cir. 2001) That would include whether Hoai as opposed to Vo owned the franchise, where that franchise which was owned by Hoai is pre-emptively defined to include all three components of the franchise. We have previously gone through the Vo complaint count by count in our earlier briefing on this injunction request.

Respectfully submitted,

  /s/

_____
Laurence A. Elgin #159582
Suite 900, South Building
601 Pennsylvania Avenue, NW
Washington, D. C. 20004-3615
TEL:   (202) 628-1114
FAX:   (202) 628-6798

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

THANH VONG HOAI, *et al.*     )
          Plaintiffs,       )
                     )
v.                     ) CIVIL ACTION NO.  1:06-cv- 00210-RJL
                     )
                     )
The SUPERIOR COURT of the    )
DISTRICT of COLUMBIA, *et al.,*   )
          Defendants.   )

### ORDER

The Court having considered the Motion that the Court Reconsider and Vacate its Memorandum and Order of February 13, 2007, filed by the Plaintiffs and the opposition thereto, and the Reply to the same, does now, hereby,

ORDER that the said Order of February 13, 2007, be, and the same hereby is,

VACATED and the matter will be reconsidered.

_____
Richard J. Leon, United States District Judge