UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **THANH VONG HOAI**, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | C.A. No. 06-0210 (RJL) |
| v. ) | |
| ) | |
| **SUPERIOR COURT OF THE** ) | |
| **DISTRICT OF COLUMBIA**, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION**

Defendants, by and through their undersigned counsel, herein respond to Plaintiffs' Motion for Reconsideration of the Court's February 13, 2007 Memorandum Opinion and Order denying Plaintiffs' Motion for Preliminary and Permanent Injunction and dismissing Count I of Plaintiffs' Amended Complaint. As a preliminary matter, Plaintiffs' Motion offers no new argument and simply restates the same arguments presented to this Court previously. Thus, Plaintiffs' Motion for Reconsideration is without basis as there are no new arguments for the Court to reconsider. Defendants therefore refer the Court to their Memorandum in Opposition to Plaintiffs' Motion for Preliminary and Permanent Injunction, and address briefly Plaintiffs' renewed attempt to enjoin the local courts of the District of Columbia in their entirety.

In support of their Motion for Reconsideration, Plaintiffs vigorously argue that Judge Oberdorfer resolved only the issue of ownership of the Sunoco station in his 1990 opinion under the Petroleum Marketing Practices Act ("PMPA"), and admit that Judge Oberdorfer did not decide the question of whether Hoai or Vo was entitled to possession

of the service station. Plaintiffs' argument essentially defeats their claim for relief in that (1) Plaintiffs admit that Judge Oberdorfer's ruling was expressly limited to conclusions under the PMPA; (2) Plaintiffs admit that Vo was not a party to the litigation before Judge Oberdorfer; (3) Plaintiffs admit that the Superior Court claims and defenses were not at issue before Judge Oberdorfer. As explained in Defendants' Opposition to Plaintiffs' Motion for Preliminary and Permanent Injunction, without a privity of parties and an identity of claims, preclusion cannot apply even though Plaintiffs insist it should.

Plaintiffs also invite the Court to "look at Vo's complaint and decide if it makes any claims that will not run Vo into having to relitigate the issue of who owns the franchise, including the leasehold." Pls.' Mot. at 9. First, Defendants respectfully suggest that it is improper for a federal court to examine and pass judgment on substantive claims currently pending before the local court. Second, should the Court choose to examine Vo's complaint, which is not before this Court, it is clear that many of Vo's claims address how Hoai actually obtained ownership of the service station. For example, the complaint includes claims of breach of contract, tortious interference with advantageous business relationship, tortious interference with contract, money lent and civil conspiracy. Each of these claims have elements and issues far beyond Hoai's ownership under the PMPA and thus may not be precluded by Judge Oberdorfer's limited ruling in 1990.

Put simply, the Court's February 13, 2007 Memorandum Opinion and Order is well-grounded in fact and law, and Plaintiffs have offered no basis for reconsideration. Thus, Defendants request that Plaintiffs' Motion for Reconsideration be denied.

Respectfully submitted,

LINDA SINGER
Acting Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division


 /s/  Nicole L. Lynch
NICOLE L. LYNCH (471953)
Chief, Section II


   /s/  Shana L. Frost
SHANA L. FROST (458021)
Assistant Attorney General
441 4th Street, NW, 6th Floor South
Washington, DC 20001
(202) 724-6534
Fax:  (202) 727-3625
shana.frost@dc.gov