**RECEIVED**

MAY **2 3** 2007

# UNITED STATES DISTRICT COURT
### For The
## DISTRICT OF COLUMBIA

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Hoai, et al.,                              )
    Plaintiffs,                         )
                             )    **1:06-cv-210-Hon. R.J. Leon**
v.                                         )    **Summary for Status Conf.**
                             )    **(Docket: 11:30a.m. May 24)**
Superior Court, Dist. of Columbia  )
    Defendant.                          )
_____ )

## SUGGESTIONS FOR THE COURT SUPPLEMENTING
## THE
## SUMMARY OF THE CASE PREPARED FOR
## THE EARLIER SCHEDULED STATUS CONFERENCE

Comes now, John D. Hemenway, Esq., representing himself <u>pro</u> <u>se</u>, and David Hemenway, representing himself, *pro se*, and Thanh Vong Hoai, representing himself, <u>pro se</u>.

The original Complaint in this litigation was filed more than twenty (20) years ago. It was an attempt (surprisingly, successful) by Plaintiff Thanh Van Vo to force the Sun Refining and Marketing Company (hereinafter: Sun Oil) to assign the Plaintiff Vo as a dealer of a filling station rightfully belonging to counter-plaintiff Thanh Vong Hoai. Sun Oil could have terminated the litigation within weeks by invoking the D.C. Retail Service Station Act. In the end, Sun Oil was required by Judge Oberdorfer to pay heavy damages, but counsel for

Sun Oil milked the case for fees for years. The counter and third party complaint contained a number of counts, which the Plaintiffs fully expected to be litigated by jury trial. What happened instead is set forth in the Summary of this Case already distributed for the status conference on 5-09-07 which was postponed because of the exigencies faced by the Court on that date. This additional memorandum is presented to suggest some ideas that the Court might find useful or helpful in cutting what has become a kind of Gordian Knot of litigation stretching over 22 years. Plaintiffs make the following observations regarding past litigation for the Court which may contain the seeds of useful suggestions:

### I. Whether the Counter-Plaintiffs Should Appeal the Case

1. Plaintiffs are wondering whether a further appeal by way of certiorari and mandamus to the Supreme Court is useful. In addition, in its decision that is counter to many Supreme Court decisions, consideration by the Court of Appeals of the wrong opinion of Judge Oberdorfer would appear to exceed the bounds of normal judicial discretion.

2. So, one issue would be that, while the appeal referred to an order by Judge Oberdorfer, on two occasions, the Court of Appeals

based its decision on the wrong order issued by Judge Oberdorfer (there were two and evidently the Court became confused). While certiorari is granted only with care, surely the US Supreme Court would be concerned over the court below analyzing the wrong order, especially after the first mistake was pointed out to them. The best mechanism for this might be a request for a Writ of Mandamus. Such a request must be made within 90 days of the issuance of the mandate on the decision of the United States Court of Appeals.

## II. A Consent Agreement Is Best

3. Best of all would be to work with our colleagues of the Office of the Attorney General for the Government of the District of Columbia, to catalogue the issues and claims that still are valid and have the Superior Court (Dixon, J.) litigate these at trial to final conclusion.

4. For this to be successful, a guarantee from the United States District Court would have to issue to the effect that the claims of the original Complaint were split between two courts: While a stay issued from the Superior Court, the federal claims under the Petroleum Marketing Products Act were to be tried under Judge Oberdorfer in the U.S. District Court. When the litigation ended there, the stay was to be lifted so remaining causes of action could be tried in Superior Court.

5.    We have tried to work with the Office of the District of Columbia Attorney General with the following result:    Assistant Attorney General Shana L. Frost received the attached memorandum on May 22, 2007.  She advised that she would be ready and willing to discuss the suggestions made therein at the May 24 Status Conference.

### III. The Law of the Case

6.    Without casting aspersions on any court or individual, this thoroughly appropriate division of claims between the two court systems became lost among the flurry of motions and the passage of time which had to allow for an interlocutory appeal to Judge Edwards, and other essential actions.

7.    The law of the case is clear, for in two hearings, Judge Weisburg proposed that the federal issues should be tried in the U.S. District Court. (Congress gave the U.S. District Court jurisdiction over petroleum marketing cases to level the playing field between large producers and relatively weak station dealers.)   Judge Weisburg's suggestion was to have Superior Court action stayed on claims in Superior Court and then, once the action in the federal courts was completed, for the parties to return to the Superior Court to finish up what was left.

8. Judges Edwards and Oberdorfer agreed to the logic of this jurisdictional division of labor and so did the third party plaintiffs. Defendant Sun Oil (represented by J. Gordon Forester, Esq.) and Thanh Van Vo (represented by Robert J. Pleshaw, Esq.) raised objections to the third party plaintiffs proceeding in both systems but did not prevail.

9. However, after the federal claims were thoroughly litigated in the federal court and the stay in Superior Court lifted, the original defendant Than Van Vo could not be found (reportedly he was in Vietnam) and Sun Oil was dismissed from the case in Superior Court (by Dixon, J.) before the Plaintiffs were given a chance to object.

10. What the Plaintiffs need is a District of Columbia agreement that the Superior Court will actually try the remaining counter and third-party claims in the original counter and third-party complaint. Very little action has been taken by the Superior Court.

11. A total of over a dozen motions are outstanding with no action having been taken on them, even though some of which are dispositive and have not been acted upon over 18 years or more. The solemn agreement of Plaintiff Vo on the tarmac of the station in the presence of Sun Oil's representative which, at the time we were led to believe ended

the dispute is but one of these. (Vo then broke that agreeeemnt and brought his T.R.O. action that initiated all of this litigation.) Yet, years later, the Superior Court very hastily acted on a Motion to Dismiss Sun Oil from the case without allowing any objections to be heard from us, the third-party plaintiffs.

12. More than a dozen counter and third party claims by the original defendants to the Complaint (and T.R.O.) brought by Thanh Van Vo have been before the Superior Court since August 28, 1988. It should be agreed that these should be subjected to full-scale discovery and procedural attack. If they withstand that attack, they should go to trial before a jury.

13. The law of the case set out by Judge Weisburg was violated in this litigation by Judge Dixon. Correcting this injustice requires a general agreement to try the original counter and third party complaints, including all counts that were not tried in the U.S. District Court to include all complaints charged against Sun Oil by Hoai. That was the purpose of several attempts to get an injunctive relief order from the U.S. District Court, i.e., so that the PMPA case would not have to be relitigated in the Superior Court. It must be recalled that if counsel for Sun Oil had acted competently, the original T.R.O. case

lodged by Vo against Hoai would have been dismissed. One may conclude that if a general consent agreement can not be reached leading to such an accord, there is no point in attempting to work out a consent agreement with any official of the Office of the Attorney General of the District of Columbia or Judge Dixon. This litigation may then be regarded as a clear violation of the due process rights of the original litigants whose Constitutional rights have been attenuated by actors operating under the color of law in the D.C. courts themselves, as seems to be the case here.

14.   Much earlier, this was the stated flaw in the original civil rights case brought by the third party plaintiffs, i.e., that no government involvement was alleged. Unlike the PMPA appeal, that civil rights litigation was rejected by Judge Edwards for failure to allege a clear linkage between deprivation of civil rights by persons acting under the color of law with government authority. It was, he said, mere private abuse of civil process. In the meantime, however, the law has changed. Cases have held that the District of Columbia, including its courts, is subject to suit for violating 42 U.S.C. Section 1983. (The District always has been subject to suit for a violation of 42 U.S.C. Section 1981.) After two decades of litigation, the linkage becomes clearer in the case at bar

that the civil rights of the third party plaintiffs have been curtailed under the color of law with the protection of government authority.

WHEREFORE, the counter and third party plaintiffs (in this caption, the Plaintiffs) pray that this Honorable Court will urge the Office of the District of Columbia Attorney General to agree to a binding agreement.  This will be an agreement to litigate all of the outstanding and remaining claims and counterclaims in Superior Court which had their origins in the Complaint filed by Thanh Van Vo.  That Complaint resulted in an improperly achieved T.R.O. and was later found in the U.S. District Court to be a violation of the Petroleum Market Practices Act in which Sun Oil participated.

Respectfully submitted,

John D. Hemenway DC #379663
4816 Rodman St., N.W.
Washington, D.C. 20016
(202) 244-4819

JOHN D. HEMENWAY
4816 Rodman St., N.W.
Washington, D.C.
20016

May 22, 2007
Via Fax: (202) 727-3625

Shana L. Frost, Esq.
Assistant Attorney General
Government of the District of Columbia
441 Fourth Street, N.W., 6th Floor South
Washington, D.C.  20001

Dear Ms. Frost,

As anticipated, I did not get to sending you this facsimile copy of my suggestions to the Court until late at night.  (It is now 11:20 p.m.)

However, as we decided, it was best to have it waiting for you when you arrived in the office tomorrow.  I will check by telephone, mid-morning, to make certain that you actually received a copy.

On page 4, you will find some lines that I hope you will be able to fill in so the Court will know whether or not we can get together. However, do not limit yourself to that position.  Make any suggestions that occur to you as useful.  I think that I am as anxious as you to terminate this litigation.  I only hope we can get together on what a fair conclusion would be.  I think that a short and speedy trial is the answer because the judge will be in a position to decide motions for summary judgment, since a number of the original players are no longer available.

Best regards,

Attachment:
        Draft "Suggestions for the Court"

John D. Hemenway
(202) 244-4918

9