# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

———————————————————————

| | |
|---|---|
| THANH VONG HOAI, *et al.*,<br><br>      Plaintiffs,<br><br>      v.<br><br>SUPERIOR COURT OF THE<br>DISTRICT OF COLUMBIA, *et al.*,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)    C.A. No. 06-0210 (RJL)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

———————————————————————

## DEFENDANTS' MOTION TO DISMISS

Defendants, by and through their undersigned counsel and pursuant to Fed. R. Civ. P. 12(b)(6), respectfully request that this Honorable Court dismiss Plaintiffs' claims against them.  As set forth in the accompanying Memorandum of Points and Authorities, Plaintiffs have no cognizable claim against these Defendants.  Thus, judgment in their favor is appropriate.

Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division


 /s/  Nicole L. Lynch_____
NICOLE L. LYNCH (471953)
Chief, Section II


  /s/  Shana L. Frost_____
SHANA L. FROST (458021)
Assistant Attorney General

441 4th Street, NW, 6th Floor South
Washington, DC 20001
(202) 724-6534
Fax: (202) 727-3625
shana.frost@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| _____ | ) | |
| THANH VONG HOAI, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | C.A. No. 06-0210 (RJL) |
| v. | ) | |
| | ) | |
| SUPERIOR COURT OF THE | ) | |
| DISTRICT OF COLUMBIA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS

## I.    FACTUAL AND PROCEDURAL HISTORY

On February 6, 2006, Plaintiffs filed their Complaint with this Court, naming as

Defendants the Superior Court of the District of Columbia; the District of Columbia

Court of Appeals; the "Panel of Judges of the District of Columbia Court of Appeals;"

Anne B. Wicks, in her official capacity as Executive Officer of the District of Columbia

Courts; the "Board of Judges of the District of Columbia;" Chief Judge Rufus G. King,

III; Chief Judge Eric T. Washington; and Judge Herbert B. Dixon, Jr.  The original

Complaint asserted seven counts against these Defendants, and included 173 paragraphs

over 52 pages.

On June 16, 2006, Plaintiffs filed their First Amended Complaint.  The Amended

Complaint omits Chief Judge King and Ms. Wicks as Defendants, as well as two counts.

This updated version of Plaintiffs' claims spanned 297 paragraphs over 67 pages.

Plaintiffs' Amended Complaint purported to assert the following causes of action:  (1)

"Enforcing the *Res Judicatae*, the Rulings of this Court and Enoforcing (sic) the Plan of

the Litigation;" (2) "Declaring Invalid the Law of the Case Rule Whereby Clearly Wrong

and Manifestly Unjust Decisions Cannot Be Corrected and Resuming the Old Policy;" (3)

"Declaratory and Injunctive Relief:  The TRO That Never Came Into Being;" (4)

"Violation of These Plaintiffs' Rights to Have Their Claims and Those Against Them

Tried by a Jury Under the Seventh Amendment as a Violation of 42 U.S.C. § 1983;" and

(5) "Violation of 42 U.S.C. § 1981:  Purposeful Racial Discrimination."

     Because both versions of the Complaint were replete with excessive and

unnecessary information, Defendants were unable to discern exactly what the real facts

and issues were in the case.  Thus, on June 29, 2006, Defendants filed a Motion to Strike

the Amended Complaint.  Plaintiffs responded, *inter alia*, by attaching another amended

complaint to their Opposition that contained the same claims as the first amended

complaint.  That Motion remains pending before this Court.

     Notwithstanding Defendants' Motion to Strike, the gravamen of Plaintiffs'

Amended Complaint appears to relate to a civil suit filed in 1986 in the Superior Court of

the District of Columbia by an individual named Thanh Van Vo ("Vo") against the

Plaintiffs ("Hoai and/or the Hemenways") in this case.  *See* Am. Compl. *generally.*  In

response to the suit against them, Hoai and the Hemenways filed counter claims against

Vo, as well as third-party claims in the Superior Court lawsuit against Sun Oil Company

("Sunoco") and others.  Am. Compl. ¶ 7.  The Superior Court lawsuit essentially sought

to determine ownership rights in a Sunoco service station on Pennsylvania Avenue, SE,

and included various claims asserted by each side regarding the alleged wrongful

takeover of the service station by the other side.  Soon after the Superior Court lawsuit

was filed, Plaintiff Hoai filed a suit against Sunoco in the U.S. District Court for the

District of Columbia under the federal Petroleum Marketing Practices Act ("PMPA").

Am. Compl. ¶ 134. The filing of the federal court lawsuit led to a stay in the Superior

Court lawsuit, as there was some overlap in issues between Sunoco and Hoai in the two

cases. After a number of years of federal court litigation, including a few trips to the

D.C. Circuit, Plaintiff Hoai ultimately prevailed in his federal case against Sunoco on the

PMPA contract issue.

Once the federal litigation terminated in 1998, the Plaintiffs in this case then

returned to Superior Court to litigate the claims brought by and against Vo and others.

Plaintiffs' Amended Complaint presently before this Court takes issue with certain

decisions made by judges in the Superior Court case (both before and after the federal

litigation between Hoai and Sunoco in federal court), and with other issues and claims

that Plaintiffs assert remain outstanding.

On July 25, 2006, Plaintiffs filed a Motion for a Temporary Restraining Order,

requesting an order "by this Court restraining the defendant the Honorable Herbert B.

Dixon, Jr. or any other defendant, from issuing an order or opinion unless it be in

conformity and pursuant to rulings of this Court already rendered which involve any of

the present plaintiffs and that that TRO be followed by preliminary and then permanent

injunctions under the relitigation exception to the Anti-Injunction Statute, 28 U.S.C. §

2283." Mot. for TRO at 2-3. The Court held a Motions Hearing on July 31, 2006 and,

after hearing oral arguments on the motion, issued an immediate ruling from the bench

denying Plaintiffs' Motion.

On August 19, 2006, Plaintiffs filed a Motion for Preliminary and Permanent

Injunction, asserting the same arguments Plaintiffs attempted to advance in their Motion

for a Temporary Restraining Order.  The Court set a briefing schedule for the Motion, and scheduled an oral argument for September 7, 2006.  The Court heard oral arguments, and took the matter under advisement.

On September 22, 2006, Plaintiffs filed a second Motion for Permanent Injunction while their first Motion was still pending before the Court.  On October 14, 2006, the Court denied this second motion without prejudice via Minute Order.  Plaintiffs filed a motion for reconsideration on October 16, 2006, and a Notice of Appeal of the Court's Minute Order on October 17, 2006.  This Court denied Plaintiffs' Motion for Reconsideration by another Minute Order dated October 24, 2006.

On January 11, 2007, the Circuit Court issued a Mandate which granted Defendants' Motion for Summary Affirmance of the Court's October 14th Order, ruling that "[b]ecause neither this court nor the district court actually decided the issue which appellants sought to insulate from litigation in the local District of Columbia courts, appellants' requested injunction is not covered by the relitigation exception to the Anti-Injunction Act."  *Hoai v. Superior Court of the District of Columbia*, 2007 U.S. App. LEXIS 876 (D.C. Cir. Jan. 11, 2007).

On February 13, 2007, this Court issued a Memorandum Opinion and Order, denying Plaintiffs' original motion for preliminary and permanent injunction.  Plaintiffs' Motion for Reconsideration of the February 13th Opinion and Order was denied by the Court on March 9, 2007.  At a status conference on May 24, 2007, Defendants indicated their belief that the decision issued by the Court of Appeals was dispositive of this entire matter.  The Court thus set a dispositive motion briefing schedule.

II.    **STANDARD OF REVIEW**

For many years, the oft-cited standard of review in determining the sufficiency of a complaint when faced with a motion to dismiss was that set forth by the Supreme Court in *Conley v. Gibson*: "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  355 U.S. 41, 45-46 (1957).

However, in the recent Supreme Court case of *Bell Atlantic Corp. v. Twombley,* 127 S. Ct. 1955 (2007), the Court re-examined *Conley*, observing that "*Conley's* 'no set of facts' language has been questioned, criticized, and explained away long enough." *Bell Atlantic*, 127 S. Ct. at 1969.  The Court concluded that "[t]he phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint.  *Conley,* then, described the breadth of opportunity to prove what an adequate complaint claims, not the minimum standard of adequate pleading to govern a complaint's survival."  *Id.* (citations omitted).

The Supreme Court in *Bell Atlantic* stated that a statement of grounds on which a complaint rests "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id.* at 1965.  Rather, the Court now imposes a "plausibility" standard when judging the sufficiency of a complaint in the face of a motion to dismiss.  *Id.*  In this case, Plaintiffs cannot meet this plausibility standard and their Amended Complaint must be dismissed.

III.    **ARGUMENT**

A. **The D.C. Circuit Has Decided That the Relitigation Exception to the Anti-Injunction Act Is Inapplicable in this Case**

As stated, Plaintiffs have already litigated the issue of whether the Anti-Injunction Act is applicable in this case.  This issue was decided by Mandate of the Circuit Court granting Defendants' Motion for Summary Affirmance of the Court's October 14, 2006 Order, ruling that "[b]ecause neither this court nor the district court actually decided the issue which appellants sought to insulate from litigation in the local District of Columbia courts, appellants' requested injunction is not covered by the relitigation exception to the Anti-Injunction Act."  *Hoai v. Superior Court of the District of Columbia*, 2007 U.S. App. LEXIS 876 (D.C. Cir. Jan. 11, 2007).  Thus, any claims for declaratory or injunctive relief are precluded by the D.C. Circuit's opinion in this case.

B. **Plaintiffs' Claims for Injunctive Relief Are Precluded by the Anti-Injunction Act**

To the extent that the D.C. Circuit's opinion referred to above is read more narrowly, any remaining equitable claims that Plaintiffs have that were not expressly decided by the Circuit are precluded by the Anti-Injunction Act.  The Anti-Injunction Act generally prohibits federal courts from interfering with proceedings in state courts.  *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 145 (1988).  As the Court in *Chick Kam Choo* observed, "[d]ue in no small part to the fundamental constitutional independence of the States, Congress adopted a general policy under which state proceedings 'should normally be allowed to continue unimpaired by intervention of the lower federal courts, with relief from error, if any, through the state appellate courts and ultimately this Court.'"  *Id.* at 146 (quoting *Atlantic Coast Line R. Co.* v. *Locomotive Engineers*, 398

U.S. 281, 287 (1970)). As the D.C. Circuit noted in its order granting Defendants' Motion for Summary Affirmance, there are exceptions to the Act: "The Anti-Injunction Act prohibits a federal court from granting 'an injunction to stay proceedings in a State court except [1] as expressly authorized by Act of Congress, or [2] where necessary in aid of its jurisdiction, or [3] to protect or effectuate its judgments.'" *Hoai,* 2007 U.S. App. LEXIS 876, quoting 28 U.S.C. § 2283.

The third category, known as the relitigation exception, is what Plaintiffs here advocate. Our Circuit noted, however, that an "essential prerequisite for applying the relitigation exception is that the claims or issues which the federal injunction insulates from litigation in state proceedings actually have been decided by the federal court." *Id.* quoting *Chick Kam Choo.*, 486 U.S. at 148. Moreover, "the exceptions [to the Anti-Injunction Act] are narrow and are 'not [to] be enlarged by loose statutory construction.'" *Id., quoting Atlantic Coast,* 398 U.S. at 287; *Clothing Workers* v. *Richman Brothers Co.*, 348 U.S. 511, 514 (1955).

In this case, the claims or issues that Plaintiffs seek to insulate from litigation in the Superior Court have not actually been decided by the federal courts. The case before Judge Oberdorfer expressly and solely dealt with the contractual agreement between Hoai and Sunoco. None of the numerous other parties in the Superior Court case were parties to the federal court case.

Moreover, the case in Superior Court involved completely different causes of action than the federal court matter. As demonstrated in Defendants' Opposition to Plaintiffs' Motion for a Preliminary Injunction, our Circuit has "embraced the Restatement (Second) of Judgments' pragmatic, transactional approach to determining what constitutes a cause

of action." *U.S. Indus. Inc. v. Blake Constr. Co.,* 765 F.2d 195, 205 (D.C. Cir. 1985), citing *I.A.M. Nat'l Pension Fund v. Industrial Gear Mfg.*, 723 F.2d 944, 949 n.5 (D.C. Cir. 1983). "Whether two cases implicate the same cause of action turns on whether they share the same 'nucleus of facts.'" *Drake v. FAA,* 291 F.3d 59, 66 (D.C. Cir. 2002) quoting *Page v. United States*, 729 F.2d 818, 820 (D.C. Cir. 1984). The Court will therefore consider "a transaction or series of transactions and give[] 'weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.'" *U.S. Indus.*, 765 F.2d at 205, quoting Restatement (Second) of Judgments § 23(2) (1982).

In the case before Judge Oberdorfer, Hoai proceeded solely under the PMPA and only against Sunoco, specifically "alleging that Sunoco terminated [Hoai's] Dealer Trial Franchise Agreement in violation of the Act."[1] *See Hoai v. Sun Refining & Marketing Co.*, 1990 U.S. Dist. LEXIS 13015 at *1 (D.D.C. Oct. 1, 1990). In his Memorandum Opinion, Judge Oberdorfer considered whether Sunoco had materially breached its agreement with Hoia, and concluded that Sunoco had done so by supplying motor fuel to Vo instead of Hoai, thereby terminating Hoai's franchise agreement under the terms of the PMPA. *Id.* at *14-15.

In the Superior Court case, on the other hand, Vo asserted causes of action against the Plaintiffs here for breach of contract, civil trespass, civil assault, conversion, lost profits, tortious interference with advantageous business relationship, tortious interference with contract, money lent, wrongful eviction, civil conspiracy, and declaratory judgment and injunction. *See* Am. Verified Compl. (Ex. F to Pls.' T.R.O. Mot.). The facts Vo alleges in

---

[1] Trial franchise agreements are covered by 15 U.S.C. § 2803 of the PMPA.

support of these claims involve discussions between Vo and Hoai over negotiations and purchase of the Sunoco franchise and an agreement between Vo and Hoai relating to that purchase. *See generally id.* Vo also alleges actions by the Hemenways which he claims resulted in his eviction from the service station. *Id.*

It is clear that Vo's claims against Hoai and the Hemenways have nothing to do whatsoever with Sunoco's franchise agreement with Hoai. Rather, Vo's facts address an alleged agreement between Vo and Hoai, and a breach of that agreement. None of the facts asserted by Vo in the Superior Court arise from a common nucleus with those alleged in by Hoai in support of his claims against Sunoco in the case before Judge Oberdorfer. Indeed, in his Memorandum Opinion, Judge Oberdofer notes the dispute between Hoai and Vo as an aside, stating that "[w]hatever may be the ultimate resolution of the dispute between Vo and Hoai, it is undisputed that Sunoco supplied motor fuel to whomever was occupying the station from April, 1986 until August 25 of that year." *Hoai*, 1990 U.S. Dist. LEXIS 13015 at *2. This Court has already recognized in this litigation that "Judge Oberdorfer could not have been more clear in his opinion that he did not rule upon the issue of actual ownership of the service station. To the contrary, his judgment was limited to the contractual issue of whether Sunoco breached its franchise agreement with Hoai." Mem. Op. at 7 (Feb. 13, 2007).

Similarly, there is no identity of claims in the Hoai parties' Superior Court case against Vo and Sunoco. In their cross-claim and third-party claim, Hoai and the Hemenways assert causes of action against Vo, Sunoco and a myriad of other third-party Defendants for breach of settlement contract, fraudulent inducement/fraud and deceit, conspiracy to commit fraud, tortious taking/theft/illegal conversion, battery and threatened

assault, trespass, malicious breach of contract, illegal conversion of property and theft of money, tortious interference with contract, tortious interference with business relationship, conspiracy to damage business, business reputation and business relationship, violation of Virginia conspiracy statute, slander, "violation of civil rights laws, conspiracy, color of D.C. law," and violation of the PMPA. Ex. 1 to Defendants' Opposition to Plaintiffs' Mot. for Prelim. Inj., ¶¶ 192-275.

The facts alleged in support of these claims are set forth in excruciating detail in ¶¶ 92-191 of Hoai's and the Hemenways' Superior Court third-party and cross claim, and consist of discussions and negotiations between Vo, Hoai and other individuals not a party to the PMPA suit; Hoai's employment history; alleged false representations made by all third-party defendants; bad checks; threats of bodily harm; "cowboy" and "mafia" tactics; and so on. None of the facts alleged by the Hoai parties in the Superior Court case have anything to do with the sole claim Hoai brought before Judge Oberdorfer in the PMPA case: *i.e.* whether Sunoco breached its franchise agreement with Hoai.

In short, it is clear that the issues "actually decided" by Judge Oberdorfer are distinct from the issues that the various parties assert in the Superior Court litigation. Thus, as the D.C. Circuit correctly observed, the relitigation exception to the Anti-Injunction Act does not apply, and Plaintiffs' claims for declaratory and injunctive relief against these Defendants must be dismissed as barred by the Anti-Injunction Act.

### C. Plaintiffs' Claims for Damages Must Fail As the Individual Defendants Are Absolutely Shielded From Civil Liability

As described above, Plaintiffs' claims for equitable relief are barred by the Anti-Injunction Act. In addition, to the extent that Plaintiffs seek damages against Judge

Dixon and Chief Judge Washington for their alleged civil rights claims, the doctrine of judicial immunity bars such claims.

The judicial immunity exemption "is, in general, absolute, and a judge cannot be called to account for his official actions by a civil suit at any time or place." *Spruill v. O'Toole*, 74 F.2d 559 (D.C. Cir. 1934). Thus, it is well-settled that "judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978) (citing *Bradley v. Fisher,* 13 Wall. 335, 351 (1872)). Indeed, "[t]he immunity of judges from liability for damages for acts committed within their judicial jurisdiction" is a strongly founded doctrine in the law of our nation. *Pierson v. Ray*, 386 U.S. 547, 553-554 (1967). It serves to "[protect] judicial independence by insulating judges from vexatious actions prosecuted by disgruntled litigants." *Forrester v. White*, 484 U.S. 219, 225 (1988) (citing *Bradley*, 13 Wall. at 348). Moreover, judicial immunity applies "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Bradley*, 13 Wall. at 347.

"The common law immunity of judges is fully applicable in suits under 42 U.S.C. § 1983 alleging deprivation of constitutional rights." *Apton v. Wilson,* 506 F.2d 83, 90 (D.C. Cir. 1974), citing *Pierson v. Ray,* 386 U.S. 547 (1967). Thus, in this case, to the extent Plaintiffs seek damages under 42 U.S.C. §§ 1981 and 1983 for alleged violations of constitutionally protected rights, Judge Dixon and Chief Judge Washington enjoy absolute judicial immunity.

Notwithstanding the overwhelming amount of irrelevant and redundant verbiage set forth in the Amended Complaint, there can be no question that Plaintiffs' claims are based upon the judicial functions of the Defendants. Thus, the doctrine of judicial immunity applies and any claims for damages must be dismissed.

### D. **Plaintiffs Have Named Defendants That Are Not Suable Entities**

In their Amended Complaint, Plaintiffs have named, *inter alia,* the Superior Court of the District of Columbia, the Court of Appeals of the District of Columbia, the "Board of Judges of the District of Columbia" and the "Panel of Judges of the District of Columbia Court of Appeals" as defendants in this case. Plaintiffs have not established that any of these entities are *sui juris*.

As this Court recently observed, "[t]he overwhelming weight of precedent in this Circuit holds that 'in the absence of explicit statutory authorization, bodies within the District of Columbia government are not suable as separate entities.'" *Wilson-Greene v. Department of Youth Rehab. Servs.*, 2007 U.S. Dist. LEXIS 49073 *5 (July 9, 2007 D.D.C.) (Leon, J.), quoting *Daskalea v. Washington Humane Soc.*, 480 F. Supp. 2d 16, 22 (D.D.C. 2007) (quoting *Kundrat v. District of Columbia,* 106 F. Supp. 2d 1, 7 (D.D.C. 2000)). In *Wilson-Greene*, this Court held that because the plaintiff had not demonstrated by explicit statutory authority that the agency could sue or be sued, the agency must be dismissed.

With respect to the particular defendants in this case, in another recent decision, Judge Walton expressly examined whether the Superior Court was a suable entity. In noting that "[w]hile the United States Court of Appeals for the District of Columbia Circuit has not addressed whether the Superior Court is a suable entity, other courts in

this Circuit have applied the reasoning invoked by the Supreme Court in *Blackmar v. Guerre*, 342 U.S. 512, 514-15, 72 S. Ct. 410, 96 L. Ed. 534 (1952), that an agency established by Congress may not be sued *eo nomine* (in its own name) unless Congress has authorized the entity to be sued by explicit language or by implication." *Chisholm v. Superior Court of the District of Columbia,* 2007 U.S. Dist. LEXIS 40040 (June 4, 2007 D.D.C.) (Walton, J.) (citations omitted).  Judge Walton then noted that "members of this Court have extended such reasoning to the Superior Court and have held that it is not suable *eo nomine*." *Id., citing Kundrat*, 106 F. Supp. 2d at 8  (joining *Thompson v. District of Columbia*, 1980 U.S. Dist. LEXIS 11452, 1980 WL 123, at *2 (D.D.C. 1980) in concluding that neither the Superior Court nor the District of Columbia Court's Joint Committee on Judicial Administration are suable *eo nomine*); *Harris v. U.S. Parole Comm'n*, 1989 WL 24567, at *3 (D.D.C. 1989) (concluding that the Superior Court cannot be sued because the Act creating the Superior Court did not either explicitly or implicitly intend that the Superior Court would be amenable to suit and bodies or subdivisions within the Government of the District of Columbia have been found not to be amenable to suit); *Thompson*, 1980 U.S. Dist. LEXIS 11452 (D.D.C. 1980).

Accordingly, Defendants submit that Plaintiffs have not met their burden to demonstrate that the Superior Court of the District of Columbia, the Court of Appeals of the District of Columbia, the "Panel of Judges of the District of Columbia Court of Appeals," or the "Board of Judges of the District of Columbia" are expressly authorized by statute to sue or be sued.  Thus, these entities must be dismissed as not *sui juris.*

IV.    **CONCLUSION**

For the reasons set forth above, Defendants respectfully request that this Court

dismiss Plaintiffs' claims against them.

Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division


    /s/  Nicole L. Lynch
NICOLE L. LYNCH (471953)
Chief, Section II


    /s/  Shana L. Frost
SHANA L. FROST (458021)
Assistant Attorney General
441 4th Street, NW, 6th Floor South
Washington, DC 20001
(202) 724-6534
Fax:  (202) 727-3625
shana.frost@dc.gov