# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THANH VONG HOAI, et al.<br>Plaintiffs, | )<br>)<br>) |
| v. | ) CIVIL ACTION NO. 1:06-cv-00210-RJL<br>)<br>) |
| The SUPERIOR COURT of the<br>DISTRICT of COLUMBIA, et al.,<br>Defendants. | )<br>)<br>)<br>) |

### PLAINTIFFS' SUPPLEMENTAL OPPOSITION TO THE MOTION OF THE DEFENDANTS TO DISMISS

The plaintiffs, acting for themselves, file this supplement to their memorandum in support of their opposition to the motion of the defendants to dismiss the plaintiffs' complaint. The plaintiffs, being *pro se*, have no access to LEXIS. Counsel for defendants graciously agreed to provide plaintiffs with copies of the cases cited by the defendants in support of their dismissal motion which are only available on LEXIS. But counsel for the defendants was unable to provide these additional authorities until the plaintiffs had to file their opposition. Because of this counsel for the defendants has graciously consented to join in a motion for plaintiffs to have through today, Monday, October 1, 2007, to file a supplemental opposition and memorandum in support of that supplemental opposition in order to allow plaintiffs to brief additional research triggered for the most part by the plaintiffs' study of these additional cases and the authorities which they cite in turn. As part of this agreement the plaintiffs join with the defendants in requesting, in addition to the extra days for the plaintiffs to file this supplemental opposition with its supporting memorandum, an extra five days beyond that for the

defendants to reply to the supplemental opposition and main opposition of the defendants. The supplemental briefing of the plaintiffs is set out in the accompanying supplemental memorandum of points and authorities in support. The motion is filed separately.

Respectfully submitted

*[signature]*
John D. Hemenway, *pro se*
4816 Rodman Street, NW
Washington, DC 20016
(202) 244-4819

*[signature]*
David Hemenway, *pro se*
4816 Rodman Street, NW
Washington, DC 20016
(202) 244-4819

*[signature]*
Thanh Vong Hoai, *pro se*
2820 Poag Street
Alexandria VA 22303
(703) 768-9505

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have caused the foregoing to be served by first class United States mail, postage prepaid, this 1st day of October, 2007 upon counsel of record.

*[signature]*
John D. Hemenway

RECEIVED
U.S. DISTRICT COURT
DISTRICT OF COLUMBIA
2007 OCT -4 A 11: 49
NANCY M.
MAYER-WHITTINGTON
CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

THANH VONG HOAI, et al. )
    Plaintiffs, )
)
v. ) CIVIL ACTION NO. 1:06-cv-00210-RJL
)
)
The SUPERIOR COURT of the )
DISTRICT of COLUMBIA, et al., )
    Defendants. )

### PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR SUPPLEMENTAL OPPOSITION TO THE MOTION OF THE DEFENDANTS TO DISMISS

### THE THREE CASES RECEIVED AND THE RESEARCH TRIGGERED BY A STUDY OF THEM

The three cases cited by the defendants in their motion to dismiss support memorandum which are available only on LEXIS and which were graciously supplied to plaintiffs but only after plaintiffs had filed their Opposition to the defendants' Motion to Dismiss are, in the order presented and as presented in the defendants' brief: *Wilson-Greene v. Department of Youth Rehab. Servs*, 2007 U.S.Dist. LEXIS 49073*5 (July 9, 2007 D.D.C.) (Leon, J.), *Chisholm v. Superior Court of the District of Columbia*, 2007 U.S.Dist. LEXIS 40040 (June 4, 2007 D.D.C.) (Walton, J.), and *Thompson v. District of Columbia*, 1980 U.S.Dist. LEXIS 11452, 1980 wl 123 AT *2 (D.D.C. 1980). None of the three cases appears to involve a complaint that invoked 42 U.S.C. § 1983, which is the central focus of the present complaint. In *Wilson-Greene* the complaint invoked the First and Fifth Amendments directly, the National Labor Relations Act and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* In the *Chisholm* case the federal statutes invoked were the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et*

1

*seq. (2000)*, the Rehabilitation Act, 29 U.S.C. § 701 *et seq.* (2000), and the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*(2000). In *Thompson* the complaint is reported as stating violations of 42 U.S.C. §§ 1981 and 2000e and the Fifth and Fourteenth Amendments. In none of the three cases does there appear to be an allegation of violation of 42 U.S.C. § 1983 because of violations of the federal statutes and constitutional amendments whose violations are alleged directly. This is significant because of the history of the application of 42 U.S.C. § 1983 to the District of Columbia.

There are three other cases cited by the defendants in their support memo for their dismissal motion: *Daskalea v. Washington Humane Soc.*, 480 F.Supp. 2d 16 (D.D.C.2000); *Kundrat v. District of Columbia*, 106 F.Supp.2d 1 (D.D.C.2000); and *Harris v. U.S. Parole Comm'n*, 1989 WL 24567, at *3(D.D.C.1989). In *Kundrat* the complaint alleged violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. *Harris* ignores the history of the Ku Klux Klan Act that we set out below and the language of the 1979 amendments to it that we discuss below. In *Daskalea* we find the a case cited by the defendants in their *eo nominee* argument (Subsection C of their brief) that does involve a claim of a violation of 42 U.S.C. § 1983. In this section of their argument the defendants cite *Wilson-Greene* as quoting *Daskalea* as in turn quoting *Kundrat*. They cite *Chisholm* as citing *Kundrat* which in turn joins *Thompson* and then cite *Harris* as supporting the argument.

All of these cases cite a 1952 Supreme Court decision, *Blackmar v. Guerre*, 342 U.S. 512, 72 S.Ct. 410, 96 L.Ed. 532 (1952) as the basis for holding that agencies of the District of Columbia cannot be sued and cannot be sued in their own name because they are created by Congress through Congress' enactment of laws such as that which created

the Superior Court and the District of Columbia Court of Appeals. In *Kundrat, supra,* Judge Urbina held that: "Both this court and the local courts of the District of Columbia have consistently applied this rule to dismiss claims against governmental agencies or departments of the District of Columbia." *Id.*, 106 F.Supp.2d at 5 He then gives a long list of such cases, 21 of them. He then adds:

> This court has applied the *non sui juris* rule specifically in the Title VII context: "In a Title VII suit against the District of Columbia, only the District of Columbia, and not its departments or agencies, may be the proper defendant." *Raney v. D.C.*, 892 F.Supp. 283, 289 (D.D.C.1995). *Id.*

*Raney*, obviously, is a Title VII case in which the violation of that statute is alleged in the complaint. Judge Urbina tells us that the focus of these 21 cases is on Title VII claims under the Civil Rights Act of 1964. He does not tell us how many, if any, of this list of cases allege a violation of 42 U.S. § 1983.

Judge Urbina further rules in *Kundrat* that the Supreme Court, in *Blackmar* was very precise in its language in saying that an agency may be impliedly suable if it is the "offspring" of an agency which Congress has made specifically suable. This language was used advisably to indicate that an agency could be impliedly suable as an "offspring" not as an example of how such implication could make an agency suable but to make clear that this is the only way that an agency can be impliedly suable. Otherwise it has to be made explicitly suable by Congress. *Id.*, 106 F.Supp.2d at 6 and see particularly n. 8. As we shall see below this actually creates an ambiguity with regard to the District of Columbia since the District of Columbia is now explicitly suable under 42 U.S.C. § 1983 and, according to case law, is so suable as a municipality that is a "person" under the Ku Klux Klan Act.

The *Kundrat* opinion does note that eleven years after the opinion in *Thompson*,

3

*supra*, "this court suggested there might be merits in the opposite view," but then went on to say that that was "only in dictum." *Id.*, at 4, citing *Galloway v. The D.C. Courts*, 1991 WL 229949 (D.D.C.1991). We note that we, the undersigned, relied upon *Galloway v. The Superior Court of the District of Columbia*, 816 F.Supp. 12 (D.D.C.1993) in our complaint and even cited it in our complaint. It was the reason that we named the Superior Court and some of its agencies in our complaint. The *Kundrat* opinion indicates that the actions of the United States Court of Appeals in the *Galloway* litigation are inconclusive and that thus, concededly, the question of suability of the agencies of the District of Columbia remains an open question at the appellate level in the District of Columbia circuit. We would say that the *Galloway* case of 1993 which we have relied upon casts doubt on that assertion. But we think that that does not matter in any case because of the history of 42 U.S.C. § 1983 as it has developed in the District of Columbia. As an historical fact Congress did indicate expressly that the agencies of the District of Columbia are suable under the Ku Klux Klan Act and it did so long after the decision of the Supreme Court in *Blackmar, supra*, when it well knew of that decision.

How this happened is not discussed in *Daskalea, supra*, which is puzzling to say the least, because anyone who has been around the District and civil rights litigation in the District for a while is very familiar with its history.. It would appear that *Daskalea* and any other cases in the list given by Judge Urbina in *Kundrat, supra*, that involved the Ku Klux Klan Act were decided in a vacuum that did not include the development of the application of 42 U.S.C. § 1983 to the District many years after the decision in *Blackmar, supra* when Congress used explicit language to make clear that it did not want the rule of *Blackmar* applied in the District. In 1973, in the *Carter* case, *The District of Columbia v.*

4

*Carter*, 409 U.S. 418, 93 S.Ct. 602, 34 L.Ed.2d 613 (1973), the Supreme Court suddenly and unexpectedly held that the Ku Klux Klan Act, 42 U.S.C. § 1983, did not apply to the District of Columbia. This caused quite a bit of consternation as many had for a long time, mistakenly it seems, assumed that it did.

The *Carter* decision caused quite a stir and public controversy in its aftermath, leading Congress to enact, in 1979, a law to correct this loophole in the civil rights laws and amend the Ku Klux Klan Act to make it apply to the District. See Publ. L. No. 96-170 § 1, 93 Stat. 1284 (1979). Congress made the amendment to the codified statute in two parts. First, it added the District of Columbia to the codified statute in its main body as that body had existed since Reconstruction. So that, after the amendment, the main body then read as follows:

> **§ 1983. Civil action for deprivation of rights**
> Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State or Territory <u>or the District of Columbia</u>, subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to persons injured in an action at law, suit in equity, or other proper proceeding for redress. (emphasis added)

Further:

> It is well settled that the District of Columbia is a person for purposes of the statute [Section 1983] and is subject to liability when illegal acts committed are the result of official policy. *See Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 690, 98 S.Ct. 2018, 2035-36, 56 L.Ed.2d 611 (1978). *Galloway, supra*, 816 F.Supp. at 19

In *Monell*, of course, the Supreme Court overturned its previous decision in *Monroe v. Pape*, 365 U.S. 167, 187-91, 81 S.Ct. 473, 484-86, 5 L.Ed.2d 492 (1961).

Thus the District of Columbia is a "person" within the clear express intent of Congress. Further, the 11th Amendment, with its sovereign immunity does not apply to

5

the District of Columbia. See *Committee of Blind Vendors v. District of Columbia*, 625 F.Supp. 1234, 1241, n. 6 (D.D.C. 1988). Thus, D.C. is a municipality for purposes of Section 1983 lawsuits. See also *Best v. District of Columbia*, 743 F.Supp. 44 (D.D.C.1990; *O'Callaghan v. District of Columbia*, 741 F.Supp. 273 (D.D.C.1990); and *Daskalea v. District of Columbia*, 227 F.3d 433 (D.C.Cir.2000). It would seem that if D.C. is such a person under the Ku Klux Klan Act, a municipality with no sovereign immunity that is subject to suit, its offspring would be suable as well, since there is no 11th Amendment protection. The legislative history of the 1979 Act applying the Ku Klux Klan Act reflects such an intent on the part of Congress. If necessary we would urge the Court to consult it.

But that should not really be necessary and would seem superfluous because the Congress, as a result ofs debates on the amendment, added specific language to 42 U.S.C. §1983 to make its intent unmistakably clear. This is the second part of the 1979 amendment that we mentioned above. Congress at that time added to the main body of the text of the Section as it had existed since Reconstruction, a new sentence which reads as follows: "For purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia." Obviously, the Act of Congress creating the present D. C. municipal courts, the Superior Court and the District of Columbia Court of Appeals, is such an Act of Congress. So that by explicit direction of Congress such an act is not to be considered as an Act of Congress. It would seem that by ignoring this history and the clear language of the 1979 amendment to 42 U.S.C. § 1983 and by, in effect, lumping the Ku Klux Klan Act together with other civil rights acts, error has been committed. If the Court has any

6

questions about this we would respectfully request that the matter be certified to the United States Court of Appeals for the District of Columbia Circuit. It can resolve the matter that Judge Urbina thought was not resolved and clear up the matter.

In any case, as previously mentioned, the District of Columbia is clearly on notice as to whom we are suing. If the Court does not agree with our analysis, the proper resolution would be amendment, as suggested by several of the cases which the defendants cite.

We also wish to add one note on judicial immunity. The defendants did not mention that until the 1996 amendments which we mentioned in our first brief the Supreme Court decision in *Pulliam v. Allen*, 466 U.S. 522 (1984) controlled and made it clear that judges could be sued for injunctive relief. The 1996 amendments modified that decision by requiring us to either allege that declaratory relief was ignored or that it is unavailable. We think that we have alleged copious facts that we have repeatedly sought declaratory relief in the D. C. municipal courts, particularly with regard to the initial flawed decisions that we set out in detail in our brief, such as those by the Honorable Annice Wagner in particular. We seek declaratory relief in this Court and have pled for that relief in our jurisdictional averments and our prayers. Either this Court can provide that relief or it is unavailable because this Court says it cannot provide it. Either way we are then entitled to injunctive relief. If the Court wishes us to sharpen these allegations we will be happy to oblige but it will involved considerable detail as t all the declarations that we have sought from the D. C. courts that they have refused to act upon or pay any attention to. We also wish to make clear that we seek our counsel fees, not from the individual judges but from the institution of the municipal courts and

7

their governing bodies. Though the D. C. Court of Appeals, as we allege, decided to stop overturning law-of-the-case decisions even when they work a manifest injustice or are clearly erroneous in the words of Mr. Justice Holmes and the federal case law to this day because that is their function and they cannot be held to damages or costs, we believe that the courts as institutions can be so held. accountable for fees and costs if not for damages because 42 U.S.C. § 1988 applies to 42 U.S.C. § 1983 suits as we have set out above and entities sued under the latter can thus be held liable for fees and costs under the former.

Respectfully submitted

*John D. Hemenway*
John D. Hemenway, *pro se*
4816 Rodman Street, NW
Washington, DC 20016
(202) 244-4819

*David Hemenway*
David Hemenway, *pro se*
4816 Rodman Street, NW
Washington, DC 20016
(202) 244-4819

*Thanh Vong Hoai*
Thanh Vong Hoai, *pro se*
2820 Poag Street
Alexandria VA 22303
(703) 768-9505

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have caused the foregoing to be served by first class United States mail, postage prepaid, this 1st day of October, 2007 upon counsel of record.

*John D. Hemenway*
John D. Hemenway

# TABLE OF AUTHORITIES

| Case | Page |
|---|---|
| *Best v. District of Columbia*, 743 F.Supp. 44 (D.D.C.1990) | 6 |
| *Blackmar v. Guerre*, 342 U.S. 512, 72 S.Ct. 410, 96 L.Ed. 532 (1952) | 2, 3, 4 |
| *Chisholm v. Superior Court of the District of Columbia*, 2007 U.S.Dist. LEXIS 40040 (June 4, 2007 D.D.C.) (Walton, J.) | 1, 2 |
| *Committee of Blind Vendors v. District of Columbia*, 625 F.Supp. 1234, 1241, n. 6 (D.D.C. 1988) | 5 |
| *Daskalea v. Washington Humane Soc.*, 480 F.Supp. 2d 16 (D.D.C.2000) | 2, 4 |
| *Daskalea v. District of Columbia*, 227 F.3d 433 (D.C.Cir.2000). | 6 |
| *District of Columbia v. Carter*, 409 U.S. 418, 93 S.Ct. 602, 34 L.Ed.2d 613 (1973) | 4, 5 |
| *Galloway v. The D.C. Courts*, 1991 WL 229949 (D.D.C.1991) | 4 |
| *Galloway v. The Superior Court of the District of Columbia*, 816 F.Supp. 12 (D.D.C.1993) | 4, 5 |
| *Harris v. U.S. Parole Comm'n*, 1989 WL 24567, at *3 (D.D.C.1989) | 2 |
| *Kundrat v. District of Columbia*, 106 F.Supp.2d 1 (D.D.C.2000) | 2, 3, 4, 5 |
| *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 690, 98 S.Ct. 2018, 2035-36, 56 L.Ed.2d 611 (1978) | 5 |
| *Monroe v. Pape*, 365 U.S. 167, 187-91, 81 S.Ct. 473, 484-86, 5 L.Ed.2d 492 (1961) | 5 |
| *O'Callaghan v. District of Columbia*, 741 F.Supp. 273 (D.D.C.1990) | 6 |
| *Raney v. D.C.*, 892 F.Supp. 283, 289 (D.D.C.1995) | 3 |
| *Thompson v. District of Columbia*, 1980 U.S.Dist. LEXIS 11452, 1980 wl 123 AT *2 (D.D.C. 1980). | 1, 2, 3, 4 |
| *Wilson-Greene v. Department of Youth Rehab. Servs*, 2007 U.S.Dist. LEXIS 49073*5 (July 9, 2007 D.D.C.) (Leon, J.) | 1, 2 |

| | |
|---|---|
| 42 U.S.C. § 1983 | 1, 2, 3, 4, 6 |
| First Amendment | 1 |
| Fifth Amendment | 1, 2 |
| Eleventh Amendment | 6 |
| Fourteenth Amendment | 2 |
| National Labor Relations Act | 1 |
| Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq* Title VII | 1, 2 |
| Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* (2000) | 1 |
| Rehabilitation Act, 29 U.S.C. § 701 *et seq.* (2000) | 2 |
| Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*(2000). | 2 |
| Ku Klux Klan Act | 3, 4, 6 |
| Ku Klux Klan Act as amended, Publ. L. No. 96-170 § 1, 93 Stat. 1284 (1979) | 5 |