UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **THANH VONG HOAI**, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 06-0210 (RJL) |
| v. | ) ) ) | |
| **SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

**REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

Defendants, by and through their undersigned counsel, reply to Plaintiffs' Opposition to Defendants' Motion to Dismiss, and Supplemental Opposition as follows:

**I.** *Twombly* **Sets Forth the Correct Standard of Review for a 12(b)(6) Motion**

Plaintiff's contention that "the heightened standard applied to antitrust cases by the Supreme Court does not alter the rule that where, as here legal claims are pled backed by copious detailed allegations of fact that recite actual occurrences and not unsupported conclusions . . ." is not correct.  Opp. at 10.  In this Circuit, the controlling precedent set forth by the Supreme Court in the *Twombly* case has been applied across the board in Fed. R. Civ. P. 12(b)(6) motions of a variety of subject matters.  *See, e.g., Shirk v. Garrow*, 2007 U.S. Dist. LEXIS 65511 * 11 n.3 (D.D.C. Sept. 6, 2007) (observing that judges in the U.S. District Court have applied *Twombly* to a variety of non-antitrust cases); *see also Spelke v. Gonzales,* 2007 U.S. Dist. LEXIS 71357 (Sept. 27, 2007) (Leon. J.) (applying *Towmbly* in a case alleging employment discrimination under the

Age Discrimination in Employment Act); *Brunsilius v. Department of Energy,* 2007 U.S. Dist. LEXIS 71519 (D.D.C. Sept. 26, 2007) (Leon. J.) (applying *Twombly* in a Freedom of Information Act case). Moreover, while Defendants admit that Plaintiff has submitted "copious detailed allegations," verbosity in and of itself does not create a cognizable legal claim.

II. **Plaintiffs Concede That The Relitigation Exception to the Anti-Injunction Act Is Not Applicable**

Plaintiffs admit that to the extent their Amended Complaint seeks equitable relief pursuant to the relitigation exception of the Anti-Injunction Act, such relief is barred as a matter of law. Opp. at 2. Rather, after vigorously arguing to this Court and the Circuit that the relitigation exception should apply, Plaintiffs now seem to limit their request for relief solely to 42 U.S.C. §§ 1981 and 1983. Plaintiffs apparently intend to proceed with this theory notwithstanding this Court's suggestion at the May 24, 2007 Status Hearing that Plaintiffs consider carefully whether they do indeed have a factual basis to accuse a judge of the Superior Court of the District of Columbia of violation of constitutional rights and racial discrimination. As explained below, Plaintiffs have not and cannot state a claim for relief under this statute.

III. **Plaintiffs Have Not Stated a Claim for Any Type of Relief Under 42 U.S.C. § 1983**

Plaintiffs recognize that the doctrine of judicial immunity bars civil suits for damages against judicial officers acting within their judicial capacity, and thus Plaintiffs' Complaint should be dismissed to the extent it seeks damages against the Defendants. To the extent that Plaintiffs seek injunctive relief, Defendants note that the Federal Courts Improvement Act of 1996, Pub. L. No. 104-317, § 309(c), 110 Stat. 3847, 3853 (codified

as amended at 42 U.S.C. § 1983 (2000)) states that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." Here, Plaintiffs' Amended Complaint does not allege that a declaratory decree was violated or that declaratory relief was unavailable and thus immunity applies. *See Roth v. King,* 449 F.3d 1272, 1286-1287 (D.C. Cir. 2006); *Mitchell v. Fishbein,* 216 F. Supp. 2d 283, 287-88 (S.D.N.Y. 2002).

Indeed, Section 1983 "implicitly recognizes that declaratory relief may be available against state judges in some circumstances, and then limits the availability of injunctive relief to circumstances in which declaratory relief is unavailable or inadequate." *Brandon E. v. Reynolds,* 201 F.3d 194, 197-98 (6th Cir. 2000). In determining whether declaratory relief can lie against a judge, it is necessary to determine whether the judge is a proper party under Section 1983. *Id.* at 198. A judge will only be a proper party under Section 1983 if he or she is acting in a non-judicial role. *Id.* at 198-99 (citing *In re Justices of the Supreme Court of Puerto Rico,* 695 F.2d 17 (1st Cir. 1982)). Where, as here, declaratory relief is sought based upon judicial acts, equitable relief is not available. *Id.* at 198-200.

### IV. Plaintiffs Have Named Non-Suable Entities In Their Amended Complaint

In Plaintiffs' Supplemental Opposition, filed October 1, 2007, Plaintiffs assert that this Court should ignore the well-settled principal that agencies of the District of Columbia are not *sui juris*. Plaintiffs offer no persuasive reasoning to do so.

First, Plaintiffs attempt to argue that Congress has expressly indicated that agencies of the District are suable under 42 U.S.C. § 1983. Supp. Opp. at 4. This is

3

simply not the case. The plain language of the statute indicates that the District of Columbia may be sued under 42 U.S.C. § 1983; the statute does not provide that agencies of the District are *sui juris* for the purpose of Section 1983.

Second, Plaintiffs attempt to argue that 42 U.S.C. § 1983 should be treated differently than other civil rights acts, such as Title VII, where courts have dismissed agencies of the District as not *sui juris*. Plaintiffs offer no justification for this differential treatment. Indeed, the purpose of Section 1983 would counsel against such treatment in light of the fact that Section 1983 does not create any additional rights; rather, it is a vehicle for litigants to redress rights created by the Constitution. *See, e.g. Pitt v. District of Columbia,* 491 F.3d 494, 510 (D.C. Cir. 2007), citing *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979). Thus, an intent that Section 1983 should abrogate standard principles of jurisdiction simply cannot be discerned.

Finally, Plaintiffs seek to distinguish *Wilson-Greene v. District of Columbia,* 2007 U.S. Dist. LEXIS 49073 (July 9, 2007 D.D.C.), *Chisholm v. Superior Court of the District of Columbia,* 2007 U.S. Dist. LEXIS 40040 (June 4, 2007 D.D.C.) and *Thompson v. District of Columbia,* 1980 U.S. Dist. LEXIS 11452 (D.D.C. 1980), which were cited in Defendants' Memorandum in Support, asserting that these cases did not present a claim under 42 U.S.C. § 1983. Plaintiff also cites to *Kundrat v. District of Columbia,* 106 F. Supp. 2d 1 (D.D.C. 2000), another Title VII case where Judge Urbina relied on 21 cases in finding specifically that the Superior Court of the District of Columbia was not *sui juris*. Plaintiffs ignore the fact that many of the cases relied upon by Judge Urbina in the *Kundrat* case were brought under 42 U.S.C. § 1983. *See, e.g., Trifax Corp. v. District of Columbia*, 53 F. Supp. 2d 20 (D.D.C. 1999) (Kessler, J.); *aff'd*

4

314 F.3d 641 (D.C. Cir. 2003); *Gales v. District of Columbia,* 47 F. Supp. 2d 43, 48 (D.D.C. 1999) (Robertson, J.); *Arnold v. District of Columbia,* 980 F. Supp. 28, 33 (D.D.C. 1997) (Lamberth, J.); *Aleotti v. Baars,* 896 F. Supp. 1, 6 (D.D.C. 1995) (Friedman, J.), *aff'd summarily* 107 F.3d 922 (D.C. Cir. 1996); *Zervas v. District of Columbia,* 817 F. Supp. 148, 150 (D.D.C. 1993) (Harris, J.); *Byrd v. District of Columbia,* 1991 U.S. Dist. LEXIS 12775 (D.D.C. 1991) (Hon. Joyce Green, J.); *Gainza v. Department of Corrections,* 1991 U.S. Dist. LEXIS 11055 (D.D.C. 1991) (Sporkin, J.); *Kerkam v. District of Columbia Bd. of Ed.*, 672 F. Supp. 519, 520 (D.D.C. 1987) (Penn. J.), *rev'd o.g.* 862 F.2d 884 (D.C. Cir. 1988); *Crew v. Barry,* 1979 U.S. Dist. LEXIS 9582 (D.D.C. 1979) (Parker, J.). Thus, there simply is no basis for Plaintiff's suggestion that the Superior Court of the District of Columbia, the Court of Appeals of the District of Columbia, the Board of Judges of the District of Columbia and the Panel of Judges of the Court of Appeals should be treated as suable entities merely because this case is brought pursuant to 42 U.S.C. § 1983.

In sum, as demonstrated here and in the Defendants' Memorandum in Support, Plaintiffs have no cognizable claim against the Defendants. Therefore, this matter must be dismissed.

Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

5

        /s/  Nicole L. Lynch
NICOLE L. LYNCH (471953)
Chief, Section II


        /s/  Shana L. Frost
SHANA L. FROST (458021)
Assistant Attorney General
441 4th Street, NW, 6th Floor South
Washington, DC 20001
(202) 724-6534
Fax:  (202) 727-3625
shana.frost@dc.gov