IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THANH VONG HOAI, *et al.* <br> Plaintiffs, | ) <br> ) <br> ) |
| v. | ) CIVIL ACTION NO. 1:06-cv-00210-RJL <br> ) <br> ) |
| The SUPERIOR COURT of the <br> DISTRICT of COLUMBIA, *et al.*, <br> Defendants. | ) <br> ) <br> ) |

**MOTION TO FILE SURREBUTTER**

The plaintiffs, acting *pro se*, respectfully request that the Court grant them permission to file a Surrebutter or Sur-Reply responding to the recent Reply filed by the defendants and that the Court grant them twenty (20) days, or until Tuesday, November 6, 2007 to file the Surrebutter or Sur-Reply  The reason for this request is that in their recently filed Reply the defendants have addressed and raised several issues and arguments which they did not address in their initial motion to dismiss which they filed at the invitation of the Court.  And the defendants also, in connection with addressing new issues they did not previously address and arguments not previously made, have cited quite a number of cases which they did not previously cite.  Much of this newness centers around 42 U.S.C. § 1983.  The defendants only mentioned this statute, the Ku Klux Klan Act, in the historical description in their support memorandum for their motion to dismiss and made no argument based upon it, raised no issues in connection with it and cited no cases specifically because they referred to this statute.  But in their reply brief the bulk of the defendants' argument concerns this statute.  There are other new issues and arguments as well.  Further details will be summarized in the accompanying

1

memorandum in support and in complete detail in the Surrebutter or Sur-Reply itself. One of the undersigned *pro se* plaintiffs, John D. Hemenway, has communicated with Shana Frost, Esquire, counsel for the defendants and discussed this proposed filing of a Surrebutter. Ms. Frost indicates that she does not consent to this motion but that she and her clients will interpose no objection to it.

Respectfully submitted

John D. Hemenway, *pro se*
4816 Rodman Street, NW
Washington, DC 20016
(202) 244-4819

David Hemenway, *pro se*
4816 Rodman Street, NW
Washington, DC 20016
(202) 244-4819

Thanh Vong Hoai, *pro se*
2820 Poag Street
Alexandria VA 22303
(703) 768-9505

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have caused the foregoing to be served by first class United States mail, postage prepaid, this 17th day of October, 2007 upon counsel of record:   Ms. Shana L. Frost
441 4th St., N.W., 6th Floor South
Washington, D.C. **20001**

John D. Hemenway

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THANH VONG HOAI, *et al.* <br> Plaintiffs, <br> <br> v. <br> <br> The SUPERIOR COURT of the <br> DISTRICT of COLUMBIA, *et al.*, <br> Defendants. | ) <br> ) <br> ) <br> ) CIVIL ACTION NO. 1:06-cv- 00210-RJL <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

### (Draft) O R D E R

The matter of filing a Surrebutter brief has been raised by the Plaintiffs who ask for twenty (20) days to respond because in its Reply the Defendants have raised new issues and cited cases reported only in Lexis, which is not readily available to the Plaintiffs who do not subscribe to Lexis.

Since the Defendants do not interpose any objections to the filing of a Surrebutter brief by the Plaintiffs and a thorough discussion of the issues now raised appears to be in the interests of transparency and justice to all parties, it is hereby on this _____ day of October, 2007, hereby:

**ORDERED**
That the motion for a Surrebutter brief is granted; and it is
**FURTHER ORDERED**
That the Plaintiffs will have twenty (20) days until Tuesday, November 6, 2007, in which to file their motion.
**SO ORDERED**.

_____
**Richard J. Leon**
**United States District Court Judge**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THANH VONG HOAI, *et al.*<br>Plaintiffs,<br><br>v.<br><br>The SUPERIOR COURT of the<br>DISTRICT of COLUMBIA, *et al.*,<br>Defendants. | )<br>)<br>)<br>)<br>) CIVIL ACTION NO. 1:06-cv- 00210-RJL<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION TO FILE A SURREBUTTER

As stated in the Motion, the defendants, in moving to dismiss in accordance with the Court's direction at the May 24, 2007 Status Conference, in the historical account of the litigation on p. 2 of their support memorandum, mention the count in the complaint about 42 U.S.C. § 1983 but do not otherwise mention the Ku Klux Klan Act in their memorandum. In that memorandum they do not make any argument concerning 42 U.S.C. § 1983. The largest part of their argument concerns the "relitigation" exception to the Anti-Injunction Act, a point which plaintiffs thought had already been decided before the present motion was filed. In the recent reply brief, however, the defendants discuss extensively arguments concerning the Ku Klux Klan Act; in fact, it is the subject of the largest part of their argument and many parts of that argument are theories and contentions that the plaintiffs have not had a chance to address because they have not been previously made.

In advancing these new arguments, defendants cite a substantial amount of authority that they have not previously cited, including 20 new cases that they did not previously mention or argue. Some 9 of those cases not previously cited are reported

4

only in LEXIS and are not readily available to the plaintiffs as *pro se* litigants. Three of those cases from LEXIS were previously made available to plaintiffs through the courtesy of defendants' counsel and plaintiffs are hopeful that they can now obtain the same courtesy with regard to the 6 cases that have not previously been cited. But analyzing these 6 cases once they can be obtained and the other 14 cases not previously cited in connection with the arguments now made for the first time will take some time. In addition the statute that is cited is advanced in an argument that leaves out another statute that amended 42 U.S.C. § 1983 so that it will now be necessary to research thoroughly the legislative history of both such amendments and the original statute as that seems to be assumed rather than explored in these new arguments from new authority.

Some of the new cases also advance an argument not previously articulated about the standard in considering a Rule 12(b) motion which is supported by authority not previously cited and that as well will require additional research not only into that authority but into the provenance of the Rule itself.

Respectfully submitted

/s/ John D. Hemenway
John D. Hemenway, *pro se*
4816 Rodman Street, NW
Washington, DC 20016
(202) 244-4819

/s/ David Hemenway
David Hemenway, *pro se*
4816 Rodman Street, NW
Washington, DC 20016
(202) 244-4819

/s/ Thanh Vong Hoai
Thanh Vong Hoai, *pro se*
2820 Poag Street
Alexandria VA 22303
(703) 768-9505