IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

THANH VONG HOAI, *et al.* )
  Plaintiffs, )
 )
v. ) CIVIL ACTION NO. 1:06-cv- 00210-RJL
 )
 )
The SUPERIOR COURT of the )
DISTRICT of COLUMBIA, *et al.*, )
  Defendants. )

## PLAINTIFFS' SURREPLY

Plaintiffs, acting for themselves, file a Surreply as follows:

### A. On the Issue of Standards for Motions to Dismiss

As addressed by the Court of Appeals in *Sparrow v. United Air Lines, Inc.*, 2000 U.S.App. LEXIS 14648,*;342 U.S. App. D.C. 268; 216 F.3d 1111;83 Fair Emp. Prac. Cas. (BNA) 556 (D.C. Cir 2000), under Federal Rule of Civil Procedure 8(a)(2), a claim <u>need</u> only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(e)(1) states that "each averment of a pleading shall be simple, concise, and direct. No technical forms of pleading [*6] or motions are required." And Rule 8(f) instructs that "all pleadings shall be so construed as to do substantial justice." In *Conley v. Gibson*, the Supreme Court interpreted these rules to mean that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). *Ibid Sparrow*.

 The *Conley* Court went on to hold that:

> the Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules

1

require is "a short and plain statement of the claim" that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.... Such simplified "notice pleading" is made possible by the liberal opportunity for discovery and the other pretrial procedures established by the Rules to disclose more precisely the basis of both claim and defense and to define more narrowly the disputed facts and issues. Id. at 47-48 (citations omitted).

To some degree there is tension between the concept of "short and plain" and the clarification set out by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007) where it was held that, in the context of "parallel behavior" that is "independent" versus "conspiracy," there must be "plus" pleading of facts that allege a specific meeting or other event, involving particular persons to point to there being a conspiracy. The Federal Rules eliminated, for most types of cases, the cumbersome requirement that a claimant '"set out in detail the facts upon which he bases his claim," Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). But Rule 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. A complaint is required to contain sufficient factual allegations to satisfy the requirement of providing "fair notice" of the nature of the claim, as well as also "grounds" on which the claim rests. In *Bell Atlantic Corp. v. Twombly* the factual "grounds" at issue were the facts that would show something more than "parallel behavior." In the context of the unique issue of parallel behavior in antitrust law it is necessary to allege meetings or discussions or some other such facts specifically that could enable a conspiracy to have been set afoot.

Thus, after *Twombley* it behooves plaintiffs to err on the side of a larger number of factual allegations to support their claims rather than risk their claims being treated as mere "blanket assertion[s]" even if they are not dealing with the specific antitrust issue of parallel behavior versus conspiracy. We bring this up because, whereas the first motion

filed by the District of Columbia defendants to get rid of the plaintiffs' case complained that the complaint in this case had too many averments and needed to be shortened (which plaintiffs promptly did but still did not satisfy the District of Columbia defendants in that regard as the defendants made clear.) it would seem now that the complaint has insufficient averments from the perspective of these defendants although they have not identified what the conclusions are that they contend are not properly supported.  They make statements that we have been too conclusory in our complaint but those allegations themselves are mere conclusions made without even identifying what the supposedly unsupported conclusions are.  Because their claim that our complaint does not comply with the requirements set out in *Bell Atlantic Corp. v. Twombly* is now fully revealed for the first time and now, for the first time, implicate our claims under 42 U.S.C. § 1983 we examine their most recent contention in that regard.

They claim that *Twombley* imposes what they call a new "standard of review" that should require this Court to dismiss the present complaint, but they deny that the holding in *Twombley* is what it is as characterized by us, as the plaintiffs, in our opposition to their motion to dismiss which the Court ordered at the status conference in May.  The dimensions of this part of their request for dismissal based on *Twombley*, as we say, have only been fully revealed in their reply where they focused for the first time on the essence of plaintiffs' complaint as one asserting a violation of 42 U.S.C. § 1983, to us a most important statutory basis for our claim, but a statute that in their present motion they only mentioned as part of their description of the history of the case and did not address otherwise.

Thus, these defendants assert on the opening page of their reply that we were "not

3

correct" when we said in our opposition that "the heightened standard applied to antitrust cases by the not alter the rule that where, as here legal claims are pled backed by copious detailed allegations of fact that recite actual occurrences and not unsupported conclusions..." [sic]. They then go on to say: "In this Circuit, the controlling precedent set forth by the Supreme Court in the *Twombly* case has been applied across the board to Fed.R.Civ.P. 12(b)(6) motions on a variety of subject matters." They then refer to 3 cases, all reported only on LEXIS and all from this court, two of which are opinions by this particular Court. We were provided copies of the cases through the courtesy of the counsel for the District defendants because we do not have access to LEXIS but, upon reading them, it became clear to us that there seems to be a misunderstanding both of what we said in our opposition and what the Supreme Court held in *Twombley* that has been cited by this court in other cases.

In retrospect perhaps we were remiss in speaking of a "heightened standard" that the Supreme Court applied to antitrust cases in *Twombley*. What the Supreme Court did was straighten out a conflict in the circuits as to what it called a "standard of pleading," not a "standard of review" as the District defendants have referred to it. And that standard of pleading had to do with an issue unique to antitrust law, the question of the significance of "parallel" behavior that can be corroborative of antitrust conspiracy but is not necessarily so. It can be "independent" but parallel behavior. In *Bell Atlantic Corp. v. Twombly* the behavior in question concerned pricing and decisions not to enter markets in competition with one another on the part of the defendant telephone companies.

This concern has specifically to do with the language of the Sherman Act. Section 1 (15 U.S.C. § 1), which requires a "contract, combination ... , or conspiracy, in restraint

or trade or commerce." As the Supreme Court phrased the question in the *Bell Atlantic Corp. v. Twombly* case at the outset of the opinion: "The question in this putative class action is whether a § 1 complaint can survive a motion to dismiss when it alleges that major telecommunications providers engaged in certain parallel conduct unfavorable to competition, absent some factual context suggesting agreement, as distinct from identical independent action." The case then goes on at great length to discuss the fact that while the plaintiffs, the putative class of all telephone users of local and long distance service in the country, had alleged through the two initiating plaintiffs the existence of what is, as we say, called in antitrust law "parallel behavior" against the telephone companies that they were suing, they did not allege actual concerted action or specific agreement to engage in the action alleged to violate the antitrust laws among the telephone companies or even meetings or conferences where such conspiring took place. The entire holding is confined to an exhausting discussion of whether there were such fact allegations in support of the allegations in the complaint which stated that the Section 1 of the Sherman Act had been violated by the defendants. When we spoke of a heightened standard we were being too elliptical; we were speaking of the narrow focus upon this one particular type of fact that is unique to antitrust litigation.

In the *Bell Atlantic Corp. v. Twombly* opinion the Supreme Court made clear that there was not a "heightened pleading" requirement, much less a heightened standard of review requirement that can be transposed universally from its opinion in the case to other cases in other areas of the law. It did so in dealing with the argument that it was countering its earlier decision in *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002), an employment discrimination case which in turn referred to another Supreme Court

5

decision which was a case under 42 U.S.C. § as is this case. The *Swierkiewicz* decision, when compared to the decision in *Bell Atlantic Corp. v. Twombly* makes it clear that the fact allegation considerations in a case such as this one are different from what they are in an antitrust case. Here's what the Supreme Court in *Bell Atlantic Corp. v. Twombly* said on the point:

> Plaintiffs say that our analysis runs counter to *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002), which held that "a complaint in an employment discrimination lawsuit [need] not contain specific facts establishing a prima facie case of discrimination under the framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)." They argue that just as the prima facie case is a "flexible evidentiary standard" that "should not be transposed into a rigid pleading standard for discrimination cases," *Swierkiewicz, supra* at 512, "transpose[ing] `plus factor' summary judgment analysis woodenly into a rigid Rule 12(b)(6) pleading standard … would be unwise." Brief for Respondents 39. As the District Court correctly understood, however, *Swierkiewicz* did not change the law of pleading, but simply re-emphasized … that the Second Circuit's use of a heightened pleading standard for Title VII cases was contrary to the Federal Rules' structure of liberal pleading requirements." 313 F.Supp. 2d at 181 (citation and footnote omitted). Even though Swierkiewicz's pleadings "detailed the events leading to his termination, provided relevant dates, and included the ages of and nationalities of at least some of the relevant persons involved with his termination" the Court of Appeals dismissed his complaint for failing to allege certain additional facts that Swierkiewicz would need at the trial stage to support his claim in the absence of direct evidence of discrimination. *Swierkowicz*, 534 U.S., at 314. We reversed on the ground that the Court of Appeals had impermissibly applied what amounted to a heightened pleading requirement by insisting that Swierkiewicz allege "specific facts" beyond those necessary to state his claim and the grounds showing entitlement to relief. *Id.*, at 508.

It seems to us that here, with all due respect, that the District of Columbia defendants are trying to create the mistaken impression that the decision in *Bell Atlantic Corp. v. Twombly* creates, not a rule of pleading that focuses on the specific kind of case, but a "standard of review" that has the effect of importing into all areas of the law the "heightened standard of pleading" that the Second Circuit adopted and that was struck down by the Supreme Court in *Swierkiewicz, supra.* That we are correct about this can

6

be ascertained further by examining the reference in the *Swierkiewicz* opinion to a 42 U.S.C. § 1983 case that, being brought under that stature, resembles our own case and by examining what the District of Columbia defendants are saying more closely and by looking at the three decisions by this court, including two by this particular Court that they claim in their Reply support their contentions.

The opinion in *Swierkiewicz, supra*, stands for the proposition that the essential elements of a discrimination claim do not have to be alleged as supporting facts in a complaint because in civil rights cases there may be adduced during discovery direct violations of the civil rights which are the focus of the complaint. Allegations of all the essential elements are necessary at time of summary judgment after discovery but not at the pleading stage. In developing this thesis, the *Swiekiewicz* opinion pointed extensively to the Supreme Court opinion in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) which was also cited in the passage we have quoted at length above from the *Twombly* opinion. The *Swierkiewicz* Supreme Court opinion reversed a Court of Appeals opinion from the Second Circuit. The Second Circuit opinion is reported at 5 Fed. Appx. 63 (CA2 2001). The Second Circuit had decided that the complaint of Swierkiewicz should be dismissed because it did not allege facts to support the four factors that had been found in *McDonnell, supra* to make out a prima facie case of discrimination. The Second Circuit identified those four factors as: (1) membership in a protected group; (2) qualification for the job in question; (3) an adverse employment action; and (4) circumstances that support an inference of discrimination. *Swierkiewicz*, 534 U.S. at 510. The Supreme Court reversed, pointing out that plaintiffs need not make out a prima facie case at the pleading stage, only at the summary judgment stage.

In so doing the Supreme Court upheld the decision of the Court of Appeals for this circuit in *Sparrow, supra* amongst Courts of Appeals opinions that it agreed with in making the *Swierkiewicz* decision reversing the Second Circuit. Here is how the Supreme Court explained why a prima facie case involving the above four elements need not be made out in the pleadings:

> This Court has never indicated that the requirements for establishing a prima facie case under McDonnell Douglas also apply to the pleading standard that plaintiffs must satisfy in order to survive a motion to dismiss. For instance, we have rejected the argument that a Title VII complaint requires greater "particularity," because this would "too narrowly constric[t] the role of the pleadings." *McDonald v. Santa Fe Trail Transp. Co.* 427 U.S. 273, 283, n.11 (1978). Consequently, the ordinary rules for assessing the sufficiency of a complaint apply. See, e.g., *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) ("When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.")
>
> In addition, under a notice pleading system, it is not appropriate to require a plaintiff to plead facts that establishing a prima facie case because the McDonnell Douglas framework does not apply in every employment discrimination case. For instance, if a plaintiff is able to produce direct evidence of discrimination, he may prevail without proving all the elements of a prima facie case. See *Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 121 (1985).([T]he McDonnell Douglas test is inapplicable where the plaintiff presents direct evidence of discrimination"). Under the Second Circuit's heightened pleading standard, a plaintiff without direct evidence of discrimination at the time of his complaint must plead a prima facie case of discrimination even though discovery might uncover such direct evidence. It thus seems incongruous to require a plaintiff, in order to survive a motion to dismiss, to plead more facts than he may ultimately need to prove to succeed on the merits if direct evidence of discrimination is discovered. *Swierkiewicz*, 534 U.S. at 511-12.

Thus there is not a "heightened standard" to be applied "across the board" in the manner argued by the District of Columbia defendants. That this applies to cases under 42 U.S.C. § 1983 was made clear by the *Swierkiewicz* court, 534 U.S. at 512 where it cited *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507

U.S. 163, 168-69 (1993) for the proposition that "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." Thus it is extremely clear that there is no "across the spectrum" heightened standard of review as advocated by the District of Columbia defendants. Claims such as ours are to be analyzed differently from anti-trust claims if, by what the District of Columbia defendants argue, they mean, as they seem to mean, that one can merely label the complaint as being conclusory and <u>on the basis of that general allegation</u>, obtain dismissal for failure to state a claim.

The three new cases cited by the District of Columbia defendants in their reply don't support their sweeping assertion in this regard if one reads them carefully. Rather they reinforce what we are pointing out when analyzed thoroughly and taken in context. This is particularly true of the opinion in *Shirk v. Garrow*, LEXEE 2007 US DIST LEXIS 65511 (Urbina, J.). It is true that in that case it is made clear that the holding in *Bell Atlantic Co. v. Twombly, supra* is not confined to antitrust cases. *Id.*, at p.4, n. 3. But it is also made clear that the change wrought by *Bell Atlantic Co. v. Twombly* must be understood in the context of a host of other applicable authority and that it does not, for example, eliminate the requirement that all of the plaintiffs factual allegations and mixed allegations of law and fact must be taken as true for purposes of the instant motion. It also makes clear that the supposedly conclusory and unsupported allegations need to be identified. Here the District of Columbia defendants have not identified as single actual allegation that they claim is unsupported properly by allegations in the complaint. They state and imply repeatedly that there are such allegations but they never identify by

paragraph number or content a single one. They do what they accuse us of.

That this opinion puts the matter in its proper context where the changes wrought by *Bell Atlantic Co. v. Twombley* are properly noted and taken cognizance of but not permitted to be misunderstood as we believe that the District of Columbia defendants are advocating is set out in the following passages:

> A *Rule 12(b)(6)* motion to dismiss tests the legal sufficiency of a complaint. *Browning v. Clinton*, 352 U.S.App.D.C. 4, 292 F.3d 235, 242 (D.C.Cir.2002). The complaint need only set forth a short and plain statement of the claim, giving the defendant fair notice of the grounds upon which it rests. *Kingman Park Civic Ass'n v. Williams*, 358 U.S.App.D.C. 295, 348 F.3d 1033, 1040 (D.C.Cir.2003) (citing [*6] FED.R.Civ.P. 8(a)(2) and *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). "Such simplified notice pleading is made possible by the liberal opportunity for discovery and the other pre-trial procedures established by the Rules to disclose more precisely the basis of both claim and defense to define more narrowly the disputed facts and issues." *Conley*, 355 U.S. at 47-48 (internal question marks omitted). It is not necessary for the plaintiff to plead all elements of his prima facie case in the complaint, *Swierkiewicz v. Sonoma N.A.[sic]* 534 U.S. 506, 511-14, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002), or "plead law or match facts to every element of a legal theory," *Krieger v Fadely*, 341 U.S.App.D.C. 163, 211 F.3d 134, 136 (D.C.Cir.2000) (internal quotation marks omitted).
>
> Yet, the plaintiff must allege a "plausible entitlement to relief" by setting forth "any set of facts consistent with the allegations." *Bell Atlantic Co. v. Twombly*, 127 S.Ct. 1955, 1967, 1969, 167 L.Ed.2d 929 (2007)(abrogating the oft-quoted language from *Conley*, 355 U.S. at 45-46 and instructing courts not to dismiss for failure to state a claim unless it appears beyond doubt that "no set of facts in support of his claim [] would entitle him to relief"). While those facts must "possess [*7] enough heft to `sho[w] that the pleader is entitled to relief,'" a complaint "does not need detailed factual allegations." *Id. at 1964, 1966.* In resolving a *Rule 12(b)(6)* motion, the court must treat the complaint's factual allegations—including mixed questions of law and fact—as true and draw all reasonable inferences therefrom in the plaintiff's favor. *Macharia v. United States*, 357 U.S.App.D.C.223, 334 F.3d 61, 64, 67(D.C.Cir.2003); *Holy Land Found. for Relief & Dev. v. Ashcroft*, 357 U.S.App.D.C. 35, 333 F.3d 156, 165 (D.C.Cir.2003); *Browning*, 292 F.3d at 242. While many well-pleaded complaints are conclusory, the court need not accept as true inferences unsupported by facts set out the complaint or legal conclusions cast as factual allegations. *Warren*, 353 F.3d at 39, *Browning*, 292 F.3d at 242. Id. *Shirk*, pp.2-3 (Opinion per Urbina, J.)

With the proper context of this "heightened standard of review" understood as the rule concerning pleading that it is we turn to an even more significant part of the holding in *Shirk* in the present situation. The change wrought by *Bell Atlantic Co. v. Twombly* means that no longer must the court consider whether there is any set of facts which can be developed to support a conclusory allegation. The *Shirk* opinion states that the defendant in that case, actually a third-party defendant, named Barton, argues that the third-party complaint against him offers nothing more than "a label or conclusion" and a "formulaic recitation of the elements of the cause of action." *Shirk, at p.3*. The District of Columbia defendants in this case echo this language almost exactly. But there the similarity ends. In the *Shirk* opinion, p. 3, following the long passages quoted above, Judge Urbina sets out exactly the averments of the complaint by page and paragraph. In the present case the District of Columbia make the above assertions as conclusory statements but does not point to a single specific paragraph on a specific page that they allege is conclusory and not supported within the meaning of *Bell Atlantic Co. v. Twombly*. It is clear in *Shirk* that Judge Urbina had the benefit of the moving defendant's effort in identifying what the allegedly too conclusory averments were and was able to analyze exactly what did or did not support them in the underlying averments of fact or mixed fact and law. But here the District of Columbia defendants have not favored either us or the Court within any specific identification of any averment they believe is conclusory and unsupported so as to warrant dismissal. We all have to guess. We believe, with all due respect, that they have a burden themselves of being more than merely conclusory in this situation. We do not know what to respond to because nothing specific has been advanced and we would suggest that it would not be proper for the

Court to take up this burden of the defendants *sua sponte*.

### B. The Necessary Allegations are There

But, given that the District of Columbia defendants have engaged in conclusory allegations of being conclusory and not carried their burden in that regard, it is evident that the shortcomings that they allege do not exist in this complaint despite their unsupported conclusory assertions. For example, in *Shirk, p. 3*, Judge Urbina makes the point that there the third-party plaintiffs in the allegations of their complaint failed to cite any statute or common-law principle that the third-party defendant was alleged to have breached. Here we have cited in a number of averments that 42 U.S.C. §§ 1983 and 1985 were violated and even entitled counts with the names of those statutes. We have alleged in quite a number of paragraphs as well the violation of our basic constitutional rights, including particularly our rights of due process as applicable in the District under the Fifth Amendment as well as our First Amendment rights, including particularly our right of access to the courts.

We have alleged the facts, the most prominent of is which for now over twenty (20) years the municipal courts of the District of Columbia have refused to let us proceed with our case, and, after some partial initial rulings which we have alleged violated our rights, have reused, literally, to do anything in our case except hold a status conference for over some nine years. We have alleged instance after instance of individual violations of our rights during this time, such as allowing the thug Vo to "post" a bond with an NSF check drawn on the account of the gas station franchise he had illegally commandeered with strong arm tactics. We have alleged the unconstitutional behavior that still continues, where the Superior Court induced us through one judge to stay our

case in that court and come to this court and try our federal claims here, which we did. But when we returned to the Superior Court it, through the present judge, refused to honor that earlier law of the case and in gross violation of the promises of that court to us and of our constitutional rights, refused to allow us to proceed with our claims that we had been promised in an oral order from the bench would be waiting for us to proceed with in that court when we finished on this side of the street. We have alleged how the local law that violated our rights was established when the District of Columbia Court of Appeals abandoned in its case law, as the highest authority of the D.C. courts and pronounced that it would no longer correct decisions that were "clearly in error or worked a manifest injustice" in contradiction of the controlling law imposed upon the municipal courts of the District by the United States Court of Appeals for this Circuit prior to the Court Reform Act and created a policy which on its face, as exemplified by the treatment that we have received for over twenty (20) years, and in practice has grossly violated our fundamental constitutional rights and the civil rights laws. We have clearly alleged the racial animus against Mr. Hoai that has deprived him and the two of us, the Hemenways of access to the justice system against oppressors within his ethnic, Vietnamese community.

### C. Eo Nomine: Why can Clear Statutory Language be Ignored?

What does it mean when a statute passed by Congress, referring to itself as 42 U.S.C. § 1983 presently does, says: "For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.?" Are judges free to ignore this clear statutory language? We respectfully submit that they are not. This language, as we pointed out

13

before at some length was part of the 1979 Amendments that were passed in reaction to the Supreme Court's decision in the *Carter* case. We pointed out to these defendants that the decision upon which they were relying upon for their *eo nominee* argument was passed years before this amendment and that therefore that case law was now no longer valid with regard to 42 U.S.C. § 1983. Instead of addressing this point they throw out some cases from this court claiming that they prove that that case from long ago still prevails. Let us be clear, we don't find that any of the authority that they cite addresses the point. If judges decide the point that they seek to buttress in a vacuum and ignore the 1979 amendments they are in error; even if they assert that the old case law trumps the clear language of the statute they are still in error. Bad decisions do not trump clear statutes. Only Congress can overturn its own statutes unless they are unconstitutional, which is far from an issue on this point.

The same can be said for 42 U.S.C. § 1981. It was the 1991 amendments to that old Reconstruction era civil rights act that added the provision at issue and controlling here, codified as subsection (c), the one that echoes the language of 42 U.S.C. § 1983, and which says: "(c) **Protection against impairment**. The rights protected by this section are protected from impairment by non-governmental discrimination and impairment under color of State law."

### D. The 1966 Amendments to 42 U.S.C. § 1983

We call the Court's attention to the legislative history of the 1966 amendments to the Ku Klux Klan Act, mentioned for the first time by the defendants in their reply brief. Senate Report No. 104-366 at *Sec, 311*, p. 4217:

> This section does not provide absolute immunity for judicial officers. Immunity is not granted for any conduct "clearly in excess" of a judge's

jurisdiction, even if the act is taken in a judicial capacity. Moreover, litigants may still seek declaratory relief, and may obtain injunctive relief if a declaratory decree is violated or is otherwise unavailable.

Our complaint clearly seeks declaratory relief and makes abundantly clear that declaratory relief in the D.C. Municipal Courts is otherwise unavailable. Further, our complaint raises an important issue of first impression. Do municipal judicial officers exceed their jurisdiction when they simply, for year after year, refuse to take jurisdiction and act at all? Do they have "jurisdiction" to deprive us of our jurisdiction, of access to the justice system itself, in effect? If they don't have that jurisdiction to deprive us of our access to the courts of our jurisdiction, then they have no immunity, even if they do so in their judicial capacity and are not immune from monetary damages.

Additionally, should the factual allegations in the claims be found insufficient, the remedy is to allow the party an opportunity to amend the pleading to address any missing necessary facts (*Andrx Pharms., Inc. v. Biovail Corp. Int'l,* 347 U.S. App. D.C. 178; 256 F.3d 799; 2001 U.S. App. LEXIS 17072; 2001-2 Trade Cas. (CCH) P73,363 (D.C. Cir. 2001).

Respectfully submitted

*/s/ John D. Hemenway*
John D. Hemenway, *pro se*
4816 Rodman Street, NW
Washington, DC 20016
(202) 244-4819

*/s/ David Hemenway*
David Hemenway, *pro se*
4816 Rodman Street, NW
Washington, DC 20016
(202) 244-4819

*/s/ Thanh Vong Hoai*
Thanh Vong Hoai, *pro se*
2820 Poag Street
Alexandria VA 22303
(703) 768-9505

CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that I have caused the foregoing to be served by first class United States mail, postage prepaid, this 5th day of November, 2007 upon counsel of record.

:

_____
John D. Hemenway

## **TABLE OF AUTHORITIES**

| CASES | PAGE(S) |
|---|---|
| *Andrx Pharms., Inc. v. Biovail Corp. Int'l,* 347 U.S. App. D.C. 178; 256 F.3d 799; 2001 U.S. App. LEXIS 17072; 2001-2 Trade Cas. (CCH) P73,363 (D.C. Cir. 2001) | 15 |
| *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007) | 2, 3, 4, 5, 6, 7, 9, 10, 11 |
| *Browning v. Clinton,* 352 U.S.App.D.C. 4, 292 F.3d 235, 242 (D.C.Cir.2002) | 10 |
| *Carter* | 14 |
| *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). | 1, 2, 10 |
| *Holy Land Found. for Relief & Dev. v. Ashcroft,* 357 U.S.App.D.C. 35, 333 F.3d 156, 165 (D.C.Cir.2003); Browning, 292 F.3d at 242 | 10 |
| *Kingman Park Civic Ass'n v. Williams,* 358 U.S.App.D.C. 295, 348 F.3d 1033, 1040 (D.C.Cir.2003) | 10 |
| *Krieger v Fadely,* 341 U.S.App.D.C. 163, 211F.3d 134, 136 (D.C.Cir.2000) | 10 |
| *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit,* 507 U.S. 163, 168-69 (1993) | 8 |
| *Macharia v. United States,* 357 U.S.App.D.C.223, 334 F.3d 61, 64, 67 (D.C.Cir.2003) | 10 |
| *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973) | 6, 7 |
| *McDonald v. Santa Fe Trail Transp. Co.* 427 U.S. 273, 283, n.11 (1978) | 8 |
| *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974) | 8 |
| *Shirk v. Garrow,* LEXEE 2007 US DIST LEXIS 65511 (Urbina, J.) | 9, 10, 11, 12 |
| *Sparrow v. United Air Lines, Inc.,* 2000 U.S.App. LEXIS 14648,*;342 U.S. App. D.C. 268; 216 F.3d 1111;83 Fair Emp. Prac. Cas. (BNA) 556 (D.C. Cir 2000) | 1, 8 |
| *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 508 (2002) | 5, 6, 7, 8, 10 |

*Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 121 (1985) .......... 8

*Warren*, 353 F.3d at 39 .......... 10