**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

FILED
MAR 2 8 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | | |
|---|---|---|
| THANH VONG HOAI, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Case No. 06-0210 (RJL) |
| | ) | |
| SUPERIOR COURT OF THE | ) | |
| DISTRICT OF COLUMBIA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**
(March 28, 2008) [#31]

Thanh Vong Hoai, John D. Hemenway and David Hemenway ("plaintiffs"), bring this action against the Superior Court of the District of Columbia ("Superior Court"); the District of Columbia Court of Appeals ("D.C. Court of Appeals"); the Panel of Judges of the District of Columbia Court of Appeals; the Board of Judges of the District of Columbia; the Honorable Eric T. Washington, Chief Judge of the D.C. Court of Appeals; and the Honorable Herbert B. Dixon, Jr., of the Superior Court, seeking to compel these courts to reconsider certain decisions adverse to the plaintiffs in a civil action still pending in the Superior Court and a declaratory judgment that the plaintiffs' constitutional rights have been violated by these courts' refusal to do so. (*See generally* Am. Compl.)[1] Before the Court is defendants' motion to dismiss. After consideration of the parties' pleadings, the relevant law, and the entire record herein, the Court GRANTS defendants' motion.

---

[1] All parties agree that the operative complaint is the complaint ("Amended Complaint") filed on June 16, 2006.



## BACKGROUND

The multi-headed hydra that is this litigation has been the subject of a myriad of earlier decisions by this Court, another District judge and our Court of Appeals.[2] Accordingly, the Court will not recite the considerable procedural history preceding this case. Suffice it to say that there is a pending case in the Superior Court between the plaintiffs, and a third party, Thanh Van Vo ("Vo"), concerning their legal rights vis a vis a Sunoco service station in Washington, DC. The Amended Complaint in this Court, by comparison, alleges certain constitutional violations by the judges of the Superior Court and the D.C. Court of Appeals (collectively "our local courts") by virtue of their prior decisions and their "policies" prohibiting the reconsideration of these earlier decisions in the Superior Court case.

In particular, plaintiffs filed this action pursuant to 42 U.S.C. §§ 1983 and 1981, seeking to compel our local courts to reconsider a number of prior adverse rulings against them.[3] (Am. Compl. ¶¶ 1-2; *see also id.* ¶¶ 16-22 (alleging that D.C. municipal courts have an "official policy," in violation of the Constitution, that "a judge . . . cannot

---

[2] *See Hoai v. Vo*, 935 F.2d 308 (D.C. Cir. 1991); *Hoai v. Sun Refining & Marketing Co.*, 866 F.2d 1515 (D.C. Cir. 1989); *Hoai v. Superior Court of the District of Columbia*, 473 F. Supp. 2d 75 (D.D.C. 2007) (Leon, J.); *Hoai v. Sun Refining & Marketing Co.*, No. 87-2456, 1990 U.S. Dist. LEXIS 13015 (D.D.C. Oct. 1, 1990) (Oberdorfer, J.). The "Background" section of this Memorandum Opinion has been adapted, in part, from these earlier opinions.

[3] Plaintiffs sought a temporary restraining order on July 25, 2006, and then a preliminary injunction on August 19, 2006. This Court denied the preliminary injunction on February 13, 2007, and dismissed Count I of the Amended Complaint. The remaining counts are as follows: (1) Declaring Invalid the Law of the Case Rule Whereby Clearly Wrong and Manifestly Unjust Decisions Cannot be Corrected and Resuming the Old Policy (Count II); (2) Declaratory and Injunctive Relief: the TRO that Never Came into Being (Count III); (3) Violation of These Plaintiffs' Rights to Have Their Claims and Those Against Them Tried by a Jury Under the Seventh Amendment as a Violation of 42 U.S.C. § 1983 (Count IV); and (4) Violation of 42 U.S.C. § 1981: Purposeful Racial Discrimination (Count V).

possibly have worked a manifest injustice when . . . decisions that are clearly wrong become final").).

## DISCUSSION

### I.  Legal Standard

The Court may dismiss a claim under Federal Rule of Civil Procedure 12(b)(6) only if it appears, assuming the alleged facts to be true and drawing all inferences in plaintiffs' favor, that plaintiffs cannot establish "any set of facts consistent with the allegations in the complaint." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1969 (2007); *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions . . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp.*, 127 S. Ct. at 1964-65 (citations and internal quotation marks omitted). *Pro se* complaints, however, are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A *pro se* pleading is to be liberally construed by the Court. *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citation omitted). Accordingly, *pro se* plaintiffs are not required to use specific legal terms or phrases, and the Court will "grant plaintiffs the benefit of all inferences that can be derived from the facts alleged." *Kowal*, 16 F.3d at 1276.

3

## II. Plaintiffs Cannot State a Claim for Relief

Plaintiffs bring this action alleging a multitude of Section 1983 claims. In essence, they seek to compel our local courts to reconsider their prior rulings adverse to the plaintiffs. Although the Anti-Injunction Act, 28 U.S.C. § 2283, prohibits federal courts from "grant[ing] an injunction to stay proceedings in State court except [*inter alia*] as expressly authorized by Act of Congress," Section 1983 claims can be permissible under limited circumstances, *see Mitchum v. Foster*, 407 U.S. 225, 242 (1972).[4] Defendants move to dismiss on the grounds that the judges (Chief Judge Washington and Judge Dixon) are immune from suit and that the judicial entities (the Superior Court, the D.C. Court of Appeals, the Panel of Judges of the D.C. Court of Appeals, and the Board of Judges of the District of Columbia) are not sueable entities.[5] I agree.

Section 1983 immunizes judicial officers from injunctive relief for actions taken in their judicial capacity "unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. Since plaintiffs do not contend that our local courts violated any "declaratory decree," they are left to demonstrate that "declaratory relief was unavailable." Unfortunately for the plaintiffs, a failure to get one's desired decisions in our local courts does *not* constitute such "unavailability" and the suit must therefore be dismissed. *See Roth v. King*, 449 F.3d 1272, 1286-87 (D.C. Cir. 2006) (holding Superior

---

[4] In addition to their Section 1983 claims, plaintiffs also bring a Section 1981 claim. Section 1981 claims, however, do not fall within any exception to the Anti-Injunction Act. *See Valle v. Etemad*, 2005 WL 579813, *1 (E.D. Pa. Mar. 11, 2005). In any event, other than their bald and conclusory statements, no facts can be gleaned from plaintiffs' complaint indicating that our local courts treated them differently on account of Hoai's ethnicity.

[5] Plaintiffs clarified that the only money damages they seek are attorneys' fees from the judicial entities. (Pls.' Supplemental Opp'n 8.) Since the Court is granting the motion to dismiss these defendants, it need not address this issue.

Court judges immune from suit for injunctive relief under § 1983 where judges were sued based on their decisions regarding CJA appointments), *cert. denied,* 127 S. Ct. 1357 (2007); *see also Hawkins v. Supreme Court of New Jersey*, No. 04-1317, 2005 WL 2133588 (D.N.J. Aug. 31, 2005) (unreported) (holding state judges immune from § 1983 suit challenging allegedly discriminatory and prejudicial decisions rendered by and policies enforced by state judges), *aff'd*, 174 Fed. Appx. 683 (3d Cir. 2006) (unpublished).

In addition, the Court declines to exercise its discretion and grant declaratory relief pursuant to 28 U.S.C. § 2201. Simply stated, neither the public interest, nor the interests in practical judicial administration, would be served by a federal court reviewing the decisions of our local judicial officers who are acting pursuant to their judicial authority. *See Johnson v. McCuskey*, 72 Fed. Appx. 475, 477 (7th Cir. 2003) (unpublished) (declining declaratory relief where plaintiffs sought "declaration" that judges acted improperly in making previous decisions); *Waris v. Frick*, No. 06-5189, 2007 WL 954108 (E.D. Pa. Mar. 28, 2007) (permitting declaratory judgment claims to proceed against judges shielded from liability would not serve the public interest).

Finally, naming the D.C. courts, and their components, as defendants does not save plaintiffs' claims because those entities are *non sui juris*. Although our Circuit Court has not as yet addressed whether the Superior Court can be sued in name, this Court adopts the reasoning of the other courts in this District that have held that the Superior Court, D.C. Court of Appeals, and their components are not proper defendants, and therefore must be dismissed. *See Chisholm v. Superior Court of the District of*

*Columbia*, No. 06-2174, 2007 WL 1601718, *1 n.1 (D.D.C. June 4, 2007) (collecting cases); *Thompson v. District of Columbia*, 1980 WL 123 (D.D.C. Apr. 16, 1980) (unreported) (noting that Congress did not authorize suit against either the Superior Court or the D.C. Court of Appeals). As such, this Court must dismiss all of plaintiffs' claims against the various judicial entities.[6]

## CONCLUSION

For the foregoing reasons, the Court GRANTS the defendants' motion to dismiss.[7] An Order consistent with this decision accompanies this Memorandum Opinion.

RICHARD J. LEON
United States District Judge

---

[6] The Court declines plaintiffs' invitation to permit them to amend the complaint and substitute the District as the defendant (Pls.' Opp'n 9), since to do so would be futile. "To impose liability on the District under 42 U.S.C. § 1983, [plaintiff] must show 'not only a violation of his rights under the Constitution or federal law, but also that the [District's] custom or policy caused the violation.'" *See Feirson v. District of Columbia*, 506 F.3d 1063, 1066 (D.C. Cir. 2007) (quoting *Warren v. District of Columbia*, 353 F.3d 36, 38 (D.C. Cir. 2004)). Plaintiffs allege that the defendants are violating their rights "through [the] administrative and judicial practices, polices and customs of the courts" by virtue of the apparent refusal of the D.C. courts to reconsider their prior decisions and that these judicial policies are due, in part, to racial and ethnic animus (Am. Compl. ¶¶ 16-22, 163-68). Such bald assertions are insufficient to state a § 1983 claim. Accordingly, amendment would be futile.

[7] Defendants also filed a Motion to Strike the Amended Complaint. [Dkt. #6.] Because the Court is dismissing the Amended Complaint in its entirety, it DENIES the motion to strike as moot.