IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED
APR 11 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

THANH VONG HOAI, et al. )
    Plaintiffs, )
   )
v. ) CIVIL ACTION NO. 1:06-cv- 00210-RJL
   )
   )
The SUPERIOR COURT of the )
DISTRICT of COLUMBIA, et al., )
    Defendants. )

## MOTION TO RECONSIDER

The plaintiffs request that the court reconsider its Final Judgment (Document # 42) of March 28, 2008 for the reasons set out in the memorandum in support.

Respectfully submitted,

_____
John D. Hemenway, *pro se*
4816 Rodman Street, NW
Washington, DC 20016
(202) 244-4819

_____
David Hemenway, *pro se*
4816 Rodman Street, NW
Washington, DC 20016
(202) 244-4819

_____
Thanh Vong Hoai, *pro se*
2820 Poag Street
Alexandria VA 22303
(703) 768-9505

CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that I have caused the foregoing Motion to Reconsider and accompanying Memorandum in support to be served by first class United States mail, postage prepaid, this 11th day of April, 2008 upon counsel of record.

_____
John D. Hemenway

1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THANH VONG HOAI, *et al.* </br>     Plaintiffs, </br></br> v. </br></br> The SUPERIOR COURT of the </br> DISTRICT of COLUMBIA, *et al.*, </br>     Defendants. | ) </br> ) </br> ) </br> ) CIVIL ACTION NO. 1:06-cv-00210-RJL </br> ) </br> ) </br> ) </br> ) |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

When Congress enacted the 1996 amendments to the Ku Klux Klan Act, now codified as 42 U.S.C. § 1983 and immunized judges and other judicial officers from an increasing number of suits against judges under the Reconstruction statute because of the Supreme Court's decision in *Pulliam v. Allen*, 466 U.S. 522 (1984) it made a specific exception "where declaratory relief was unavailable" and made it clear that in such cases injunctive relief such as plaintiffs seek here is still available. As was made clear in the Senate Report on the amendments (No. 104-366, p. 37, USCAN, Federal Courts Improvement Act, p.4217) the intent of the amendments was to bar injunctive relief against judges and other judicial officers "unless declaratory relief is inadequate." Here we as plaintiffs have been seeking declaratory relief from the Superior Court of the District of Columbia for over twenty (20) years trying to get its judges and officials to declare the federal and local statutory law that is in fact controlling and have been either refused such declarations at every turn or have been completely ignored. Now this Court joins its fellow judges of the Superior Court in denying any such relief despite this clear exception. Make no mistake; plaintiffs are not fooled. A rule of judges

2

is not the rule of law. It seems ironic at a time when the "rule of law" is one of the four pillars of our foreign policy and we are trying to impose it upon a good part of the world (in particular, the world of Islam). Perhaps Muslims could point to our nation's capital and tell us to clean our own house before we insist that they move from "status to contract" in the words of Sir Henry Maine. It seems here (in the local courts of our national capital) that if one is a judge, he or she need not worry about the rule of law.

We have set out in our complaint, both the original and amended version, the full details of these attempts to get declaratory relief from the improper treatment of a long-expired TRO by the Honorable Annice Wagner of the Superior Court of the District of Columbia and to have the Federal Petroleum Marketing Practices Act (15 U.S.C. § 2801 *et seq.*) and the local District of Columbia Retail Service Station Act (formerly D.C. Code § 10-201 *et seq.*, now § 36.301.01 *et seq.*). Here are some paragraphs of the first amended complaint (amended as a matter of right) about our twenty (20) years of attempts to obtain declaratory relief: ¶¶ 115, 152, 153, 156 (on p. 32), 156 (on p. 33), 157 (on p.33), 163, 207, 214. It is in fact a clear implication of practically every allegation in the complaint about the refusals to address the wrongness of the original TRO and declare it, albeit expired, to be an improper declaration and to have it replaced by correct declarations of the law, particularly the PMPA and the RSSA that a declaration is being sought and that the judges of the Superior Court and the District of Columbia Court of appeals will never make any such declarations. In fact on August 17, 2007, after the motions were filed before this Court we filed a *pro se* motion in the Superior Court for a status conference and asked for a number of declarations about our legal rights. See Attachment 1 and particularly the memorandum in support as well as Attachment 2, the

docket entry. Like all our other efforts to obtain declaratory relief from the defendants, this motion has been completely and utterly ignored.

To make this clearer, since it is merely a matter of alleging specifically and in additional detail that declaration after declaration was sought and that the determination that such declarations would never be given was made manifest by the defendants we are going to move to amend to add in that detail and would point out that this Court has abused its discretion in dismissing with prejudice under the doctrine of *Firestone v. Firestone*, 76 F.3d 1205 (D.C.Cir.1996). As in that case the dismissal with prejudice here is abusive of discretion. It is easy to simply not examine what actually occurred. It is a tautology that every refusal to grant declaratory relief here is also alleged by us to be a wrong decision. Obviously if we sought declarations that were refused and it was done so wrongly it is also a wrong decision that we allege. This is a handy way to preserve the rule of judges but it is not the rule of law.

No body of case law has developed yet, it seems, under the "declaratory relief" exception made by Congress, but, as is well known, when Congress uses known words in the law it means what it says. Note that Congress did not use the phrase "declaratory judgment." Parties are entitled to declaratory relief regardless of the propriety of injunctive or other relief sought. See *Zwickler v. Kootla*, 389 U.S. 241, 254, 88 S.Ct. 391, 399, 39 L.Ed.2d 444 (1967); *Super Tire Engineering Co. v. McCorkle*, 416 U.S. 115, 121, 94 S.Ct. 1694, 1697, 40 L.Ed.2d 1 (1974); *Steffel v. Thompson*, 415 U.S. 452, 469, 94 S.Ct. 1209, 1221, 39 L.Ed.2d 505 (1974); *Roe v. Wade*, 410 U.S. 113, 166, 93 S.Ct. 705, 733, 35 L.Ed.2d 147 (1973); *Carroll County Ethics Commission v. Lennon*, 119 Md.App. 49, 703 A.2d 1338, 1342-43 (Md.App.1998); *Martin v. Equitable Life*

*Assurance Society of the United States*, 344 Ark. 177, 40 S.W.3d 733, 736 (declares rights, status and other legal relationships whether or not further relief can be obtained); *Wells Fargo Home Mortgage, Inc. v. Neal*, 398 Md. 705, 922 A.2d 538, 542-43 (Md.2007);

This case is distinct from almost all the authority cited by the Court in its opinion in that we do not seek reversal of the opinions of the defendants, we ask that, after twenty (20) years they actually do something. The Court does not cite cases in which filings are allowed and even briefed fully, almost all of which seek some "declaratory relief" and then for years, literally, the judges and the court do absolutely nothing and even send us over to this court, making us split our claims on the promise that "the rest" will be tried once we finish in federal court and then when we finish in the federal courts, refuse to do anything and in particular refuse to "declare" that the defendants split the claims and we are entitled to pursue those split claims.

Another part of the Ku Klux Klan Act that the Court completely ignores is evident in its citation of *Chisholm v. Superior Court of D.C.*, 2007 WL 1601718 and cases cited therein as well as *Thompson v. District of Columbia*, 1980 WL 123. Theses cases are cited for the proposition that the District defendants cannot be sued as agencies created by act of Congress. But they specifically note that their doctrine does not apply when Congress has specified to the contrary. Congress has so specified with regard to 42 U.S.C. § 1983. After the Supreme Court declared that the Ku Klux Klan Act did not apply to the District, the Congress swiftly amended it and added language to include the District and specifically added language to make the District not come under that body of case law about agencies created by act of Congress, which preceded the amendments in

5

question. The statue now states: "For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia." This means what it says and the Court commits clear error in ignoring this language. Every District of Columbia agency, including courts, and the District Government itself, are all the objects of an Act of Congress that applies exclusively to the District of Columbia.

Substantively what we have shown is a clear denial of access to justice and we will take action accordingly. As many courts have pointed out this is certainly our most fundamental right. See *Broudy v. Mather*, 460 F.3d 106 (D.C.Cir.2006) and case therein cited. The effect of the total refusal to hear anything put forward by us for years and years is not just an impedance, it is a complete block to our access to justice.

The Court says we make no racial allegations and it disdains the clear allegation of the invidious class-based discrimination that we allege. Perhaps a hypothetical analogy will clarify the matter. Suppose that you are a hard-working refugee from El Salvador and Hispanics from El Salvador who aspire to be like Matrucha 13 take your gas station franchise. And then when you get a couple of American friends and ask some of their lesser members who happen to be in the station at the time to leave, and they do. But then the leader of the gang comes back and files a suit against you in the Superior Court and a judge there ignores not only the controlling law (as noted by Judge Oberdofer in this court) but the fact that at the TRO hearing it is revealed that the Matruchas threatened to break your legs, and demanded you give the station to them. Then suppose that for the next twenty years you make filing after filing to have it declared that was your franchise and you are completely ignored. And suppose that

someone on the other side (such as happened here) easily gets anything that he wants from a judge he knows and he openly states that no Salvadorans are truthful. Can you not reasonably believe that if you were a local Anglo you would not be so treated, that no Anglo who was so beset by Anglo crooks threatening violence would have his filings ignored for over twenty (20) years? But in this hypothetical analogy, you are not a local Anglo. You are a hard-working refugee from El Salvador. And for twenty (20) years all of your motions for justice have been ignored. No justice for Salvadorans. Justice denied is justice denied, not just justice delayed. To convert our hypothetical analogy to the facts of this case, we must merely substitute Thanh Vong Hoai, our hard-working refugee from Viet-Nam for the hypothetical Salvadoran refugee. No action on his motions for 20 years! Of course, it follows that he has not received justice for 20 years.

    Respectfully submitted,

_____  
John D. Hemenway, *pro se*

_____  
David Hemenway, *pro se*

_____  
Thanh Vong Hoai, *pro se*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THANH VONG HOAI, *et al.* <br> Plaintiffs, | ) <br> ) <br> ) |
| v. | ) CIVIL ACTION NO. 1:06-cv- 00210-RJL <br> ) <br> ) |
| The SUPERIOR COURT of the DISTRICT of COLUMBIA, *et al.,* <br> Defendants. | ) <br> ) <br> ) |

**ORDER**

The court, having considered the plaintiffs' Motion to Reconsider, and the opposition thereto, now hereby grants the motion.

                                                                    _____
                                                                    Richard J. Leon

Copies to:

All Attorneys of Record