IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

THANH VONG HOAI, *et al.* )
    Plaintiffs, )
                         )
v.                               ) CIVIL ACTION NO. 1:06-cv- 00210-RJL
                         )
The SUPERIOR COURT of the )
DISTRICT of COLUMBIA, *et al.,* )
    Defendants. )

## REPLY TO THE OPPOSITION OF THE DEFENDANTS TO THE PLAINTIFFS' MOTION TO RECONSIDER

The opposition of the defendants to the plaintiffs' request that the court reconsider its Final Judgment (Document # 42) of March 28, 2008 focuses on the issue of whether or not the defendants may be sued in their own name, as opposed to being sued in the name of the District of Columbia only. The defendants quote from the plaintiffs' motion where we said that the language of the statute, by which we were referring to 42 U.S.C. § 1983, "means what it says." They then characterize what the statute that we are referring to, which is in fact 42 U.S.C. § 1983, also known as the Ku Klux Klan Act, as saying that "in certain circumstances the *District of Columbia* can be held liable for the violation of constitutional rights." Opp. p. 2. We were referring to that well-know Reconstruction statute as we say, which was first enacted in 1871, but which has been amended significantly in the last part of the 20th Century, as amended, of course. The defendants recognize this at the opening of the paragraph at p. 2 of their opposition to which we refer, speaking not of the statute itself, but of its amendments, which they say we "misinterpret."

1

The defendants in their argument don't specify any particular amendment or quote any actual statutory language from any of the amendments, certainly not the one to which we were referring, the 1979 amendment. Instead the defendants refer to their memorandum in support of the motion to dismiss the complaint at pp. 12-13. When we examine those pages of that memorandum, however, we do not find a single mention of any statute, much less the specific amendment to the statute to which we referred and which is thus at issue. What we do find is the citation of a number of cases for the blanket proposition that agencies of the District of Columbia, including the Superior Court, cannot be sued *eo nominee*. This corresponds to the blanket nature of their argument toward the end of the cited paragraph on p. 2 of their opposition that "It is very well-settled that agencies of the District of Columbia that are not *sui juris* cannot sue or be sued."

We have already addressed this argument in an earlier brief and have demonstrated why it is not so. We pointed to the clear statutory language of the 1979 Amendment in our Surreply of November 5, 2007, doc. 40, at pp. 13-14. We specifically pointed out that older case law cannot trump clear statutory language put forth by Congress years later with full knowledge of such case law. We had already pointed this out with regard to the cases cited by the defendants at that point in our PLAINTIFFS' SUPPLEMENTAL OPPOSITION TO THE MOTION OF THE DEFENDANTS TO DISMISS that we filed on October 1, 2007, Doc. 36. In our present motion we pointed out at pp. 5-6 of our support memo that the specific language of the 42 U.S.C. § 1983 1979 Amendment was an exception made by Congress to case law looking to the

decision of the Supreme Court in the 1952 case of *Blackmar v. Guerre*, 342 U.S. 512, 72 S.Ct. 410, 96 L.Ed. 532 (1952).

We point out again that when Congress passed the 1979 Amendments to the Ku Klux Klan Act it well knew the law put forward in the *Blackmar* case, which at that point had been decided for twenty-seven (27) years and had been followed repeatedly. The law set out in *Blackmar* was that District of Columbia agencies could not be sued in their own name because of a federal statute that made agencies created by Congress not capable of suing or being sued in their own name absent express language allowing them to sue and be sued. Thus, the *Blackmar* court held, since the agencies of the District of Columbia were created by act of Congress they could not sue or be sued absent such express language. We, the plaintiffs do not understand why the Court has not focused, and why the defendants avoid the specific language of the 1979 Amendments that mandates that the statutes passed by Congress only for the District of Columbia are not to be treated as such acts of Congress as described in the *Blackmar* opinion as acts of Congress but rather as acts of the District of Columbia. Here is the language:

> For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

*Blackmar* held that because agencies of the District are created by an Act of Congress they must, under a statute so mandating, be treated as not having the ability to sue and be sued unless Congress makes it plain in the statute creating the agency that it may sue and be sued. Congress, knowing of this case law, in 1979 cut the Gordian knot by requiring this court and every other court to consider any Act it promulgated that applies only to the District, such as those it passed to create every agency of the District,

for purposes of 42 U.S.C. § to be considered, not as an Act of Congress, but rather as a statute of the District of Columbia, and thus, not subject to the rule of the decision in *Blackmar* and all its progeny, regardless of when decided.

Why is this plain language not addressed? Perhaps it is because to do so would make evident the gross error of the defendants' argument. After all the language, when read, makes it logically impossible that it is good law to apply the rule of *Blackmar* to any agency created for the District of Columbia by Congress. Congress can enact and it has the power to dictate how what it enacts shall be considered. .

Respectfully submitted

_____
John D. Hemenway, *pro se*
4816 Rodman Street, NW
Washington, DC 20016
(202) 244-4819

_____
David Hemenway, *pro se*
4816 Rodman Street, NW
Washington, DC 20016
(202) 244-4819

_____
Thanh Vong Hoai, *pro se*
2820 Poag Street
Alexandria VA 22303
(703) 768-9505

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have caused the foregoing to be served by first class United States mail, postage prepaid, this 5th day of May, 2008 upon counsel of record.

:

_____
John D. Hemenway

4